UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M. A.,<br><br>        Plaintiff,<br><br>v.<br><br>WALL TOWNSHIP BOARD OF EDUCATION,<br><br>        Defendant. | Civil Action No. 20-5218 (FLW) (ZNQ)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Wall Township Board of Education's ("Defendant") Motion to Vacate the Clerk's Entry of Default (the "Motion"). (ECF No. 5.) Plaintiff M.A. ("Plaintiff") opposed, and cross-moved for default judgment. (ECF No. 6.) Defendant opposed Plaintiff's cross-motion and replied. (ECF No. 7.) For the reasons stated below, the Court finds good cause to vacate the default entered against Defendant.

I.  **BACKGROUND**

Plaintiff filed this action on April 28, 2020 to appeal an Order on Motion for Dismissal that was granted in a special education hearing brought before the New Jersey Office of Administrative Law ("OAL"). (Compl. ¶2, ECF No. 1.) Plaintiff alleged that Defendant failed to comply with the accommodations listed in her Individualized Education Program ("IEP"). (*Id.* ¶4.) Plaintiff sought relief including, among other things, that Defendant reexamine Plaintiff's grades to include assignments that she handed in late and courses that she had to retake due to her disabilities. (*Id.* ¶4.) Defendant's Motion for Dismissal was granted with respect to the reexamination of grades, as the OAL held that the relief sought was improperly raised in a special education due process hearing. (*Id.* ¶6.) Plaintiff then filed a Voluntary Dismissal as to all remaining claims against Defendant. (*Id.* ¶10.) Plaintiff now seeks a reversal of the Order on Motion for Dismissal with

respect to the reexamination of Plaintiff's grades and school records and that the Court remand this matter to the OAL. (*Id.* ¶11.)

On June 2, 2020, Plaintiff sent Defendant an email, which included a copy of the Summons, Complaint, and proposed Acknowledgment of Service. (Moving Br. 1, ECF No. 5; Pl.'s Opp'n 7, ECF No. 6.) On June 10, Defendant returned the Acknowledgment of Service, signed. (Pl.'s Opp'n 7.) On July 2, 2020, Plaintiff requested entry of default, which the Clerk entered the same day. (*Id.*) Four days later, Defendant filed the instant Motion. (*Id.*)

## II.  **LEGAL STANDARD**

The Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). "A judgment setting aside the entry of default is within a district court's discretion . . . ." *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "In exercising that discretion and determining whether 'good cause' exists, [the Third Circuit has] instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Id.* at 175 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195) (second alteration in original). Delay rarely is ever sufficiently prejudicial to prevent vacating default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982). "To show a meritorious defense, a plaintiff must assert defenses that would constitute a complete defense to the action." *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). And "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant," including

"acts intentionally designed to avoid compliance with court notices"—it must be more than "mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182–83 (3d Cir. 1984).

"In cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 121 (E.D. Pa. 1996). Courts in this Circuit prefer "cases be disposed of on the merits whenever practicable," *Hritz*, 732 F.2d at 1181; *accord Leeder v. Feinstein*, No. 18-12384, 2019 WL 8105293, at *1 (D.N.J. Dec. 11, 2019), and "are split as to the dispositive nature of [the second] factor," *HEI Investments, LLC v. Black Diamond Capital Appreciation Fund, LP*, No. 15-746, 2016 WL 952338, at *3 (D.N.J. Mar. 14, 2016) (comparing *Allstate Ins. Co. v. Hopfer*, No. 08-4549, 2009 WL 1362612, at *3 (E.D. Pa. May 14, 2009) (granting vacatur while holding that motion to vacate would not be denied on lack of meritorious defense alone), and *Toy v. Haman*, No. 07-3076, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) (allowing vacatur despite lack of specific presentation of meritorious defenses), with *Foundation Structures, Inc. v. Safeco Ins. Co. of Am.*, No. 08-4763, 2009 WL 2602431, at *4-5 (E.D. Pa. Aug. 24, 2009) (denying motion but granting the movant thirty days to submit meritorious defenses), and *Days Inn Worldwide, Inc. v. Jerbev Corp.*, No. 08-1659, 2009 WL 249244, at *2 (D.N.J. Feb. 2, 2009) (denying motion but allowing the movant twenty days additional time to show a meritorious defense)). This Court has, however, also held that "[t]he greater leniency afforded movants in the entry of default context cannot entirely excuse their obligation to present a meritorious defense," and the "[l]ack of a meritorious defense is, in fact, a dispositive threshold matter in both the entry of default and entry of default judgment context." *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *3 (D.N.J. Mar. 14, 2012).

### III. DISCUSSION

#### A. Prejudice to Plaintiff

First, the Court considers whether Plaintiff will suffer prejudice if the Motion is granted. Defendant argues that Plaintiff will suffer no prejudice if the Court were to vacate default because the parties have been involved in litigation with each other for years and this action was recently filed. (Moving Br. 2-3.)

Plaintiff argues that she will be prejudiced if the default is vacated because she "has already been victimized by [Defendant's] failure to implement properly and fully the Plaintiff's IEP, particularly Defendant's failure to follow through on its promise to permit her to submit missing assignments and tests without penalty." (Pl.'s Opp'n 14.) Plaintiff further argues that "Defendant's failure to follow through on its promises with respect to completing outstanding work was a factual cause of reduction of Plaintiff's grades and has substantially limited Plaintiff's options for post-secondary education and delay" and that "[f]urther delay will only exacerbate the limitations on Plaintiff's post-secondary options."

Defendant further argues that Plaintiff graduated from high school in June 2019, she dismissed her claim against Defendant in the OAL on January 31, 2020, she did not appeal that order bringing forth this present matter until April 2020, and she did not serve Defendant until June 2, 2020. (Def. Reply 3, ECF No. 7.) Therefore, Defendant argues, dismissing the motion to vacate will not cause any prejudicial or substantial delay, as this action was recently filed. (*Id.*)

The Court agrees with Defendant. Even if Plaintiff does suffer some delay in the ability to seek post-secondary opportunities, such delay is not sufficient to rise to the level of prejudice that this factor requires. Delay in Plaintiff's ability to prosecute her case is rarely ever sufficiently prejudicial to prevent vacating default. *See Feliciano*, 691 F.2d at 656–57 (3d Cir. 1982). Accordingly, the Court finds that this factor weighs in favor of vacating the entry of default.

B. <u>**Meritorious Defense**</u>

Next, the Court considers whether Defendant has raised a meritorious defense. First Defendant argues that Plaintiff requested a voluntary dismissal of her case before the OAL on January 21, 2020 and is now attempting to "manufacture a final order" so she could appeal the OAL decision to this Court. (Moving Br. 2.)

Plaintiff responds that Defendant's defense is merely a procedural defense and that Plaintiff in fact did not attempt to manufacture a final order. (Pl.'s Opp'n 10-11.) Plaintiff also argues that her "claims were fully and finally resolved prior to the voluntary dismissal" and until the compensatory education claims were moot, any appeal of the discrimination claim would have been interlocutory—leaving voluntary dismissal necessary to appeal the decision dismissing the discrimination claim. (*Id.*)

Defendant argues that in agreeance with the Order on Motion for Dismissal that was granted in the special education hearing, the OAL did not have jurisdiction over Plaintiff's special education due process petition. (Def.'s Reply 2.) Defendant argues that Plaintiff's claims were properly dismissed because the dispute did not fall within the parameters of special education due process hearings. Plaintiff sought, among other things, the reexamination of Plaintiff's grades. (*Id.*) Defendant argues that remedies involving the change of Plaintiff's grades do not fall squarely within the parameters of a due process hearing pursuant to *N.J.A.C. 6A:32-7.7(b) and (c),* which states that only certain issues may be addressed in due process petitions including "a disagreement regarding identification, evaluation, reevaluation, classification, educational placement, the provisions of free appropriate public education or disciplinary action." (*Id.*)

Notably, Defendant is not required to prove its case at this moment, but only to present facts which, if proven, would be a full defense to Plaintiff's claims. *See Hritz*, 732 F.2d at 1181. If Defendant can successfully prove that the remedy Plaintiff seeks cannot be obtained from a

special education due process hearing before the OAL, Defendant would have a full defense to Plaintiff's action. The Court believes these issues would be better addressed at the summary judgment stage with the benefit of more thorough briefing. As a result, the Court finds that this factor weighs in favor of vacating the entry of default.

### C. Culpable Conduct

Next, the Court considers whether the default was a result of Defendant's culpable conduct. Defendant argues default was entered prematurely because it waived service and had sixty days to file its answer. (Moving Br. 2.) Plaintiff responds that she sent an Acknowledgment of Service, which is not a waiver, and never requested Defendant waive service. (Pl.'s Opp'n 15–16.) Plaintiff highlights that her email did not comply with Rule 4(d)(1)'s formalities and thus could not have constituted a request for waiver of service. (*Id.* at 16.)

Rule 4(d)(1) states "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." "Rule 4(d) simply is not applicable to [defendants served pursuant to Rule 4(j)(2)]." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* (4th ed. 2020); *see also Disability Rights of W. Virginia v. Crouch*, No. 17-1910, 2017 WL 6045448, at *6 (S.D.W. Va. Dec. 6, 2017) (citing *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009); *Chapman v. N.Y. State Div. for Youth*, 227 F.R.D. 175, 179–80 (N.D.N.Y. 2005)); *Cupe v. Lantz*, 470 F. Supp. 2d 136, 138 (D. Conn. 2007).

Because Rule 4(d)(1) does not apply, the Court must agree with Plaintiff that Defendant only had twenty-one days to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). However, the Court does not find that Defendant's failure to respond within the twenty-one-day time restraint rises to the level of culpable conduct. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant," including "acts intentionally designed to avoid compliance with court notices"—it must be more than "mere negligence." *Hritz v. Woma Corp.*,

6

732 F.2d 1178, 1182–83 (3d Cir. 1984). It cannot be inferred that Defendant's actions demonstrate intentional avoidance of compliance with court notices. Additionally, Defendant attached a proposed Answer to its Reply (ECF No. 7-1.), indicating intent to respond and defend in the litigation. Defendant's lack of culpable conduct, coupled with the Third Circuit's strong preference for adjudicating cases on the merits, weighs in favor of vacating the entry of default.

### IV. CONCLUSION & ORDER

After balancing the factors, and in light of the Third Circuit's preference that cases be decided on the merits, *Hritz*, 732 F.2d at 1181, the Court finds good cause to vacate the entry of default.

For the reasons expressed above, and for other good cause shown,

**IT IS** on this 28th day of September, 2020 **ORDERED** that:

1. The Motion (ECF No. 5) is **GRANTED**.
2. The entry of default entered against Defendant is hereby vacated.
3. Defendant shall file its Answer within seven (7) days of entry of this Order.
4. Plaintiff's cross-motion (ECF No. 6) is **DENIED AS MOOT**.

/s/ Zahid N. Quraishi
ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE