## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **M.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218-FLW-LHG** |
| | ) | |
| | ) | |
| | ) | |
| **WALL TOWNSHIP BOARD OF** | ) | **Judge: Freda L. Wolfson** |
| **EDUCATION,** | ) | |
| | ) | **Magistrate: Lois H. Goodman** |
| **Defendant.** | ) | |
| | ) | |
| | ) | **MOTION DATE:** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FEE PETITION**</u>

NOW COMES Plaintiff M.A. ("M.A." or "Plaintiff"), by and through counsel, and pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and the tolling of time granted by this Court (ECF ## 30 and 32) Plaintiff hereby submits her petition for attorney's fees and costs against Defendant Wall Township Board of Education ("WTBOE"). In support of same, Plaintiff hereby states as follows:

## TABLE OF CONTENTS

SUMMARY OF FACTS OF RECORD....................................................................1

LEGAL ARGUMENT ........................................................................................3

    I.    Attorney's Fees and Costs in Special Education Cases ......................4

    II.   Plaintiff is the Prevailing Party Because This Court Vindicated Her Right to a Due Process Hearing...................................................4

    III.  Lodestar Calculation of Fees ............................................................6

        A. *Prevailing Market Rates in the Relevant Community* ....................6

        B. *The "Relevant Community" is Special Education Counsel in New Jersey*....................................................................................7

        C. Plaintiffs' Counsel's Hourly Rate is Reasonable in Light of the Market Rate in New Jersey and His Experience and Expertise.........................................................................................9

        D. Plaintiff's Fee Request is Reasonable. ..........................................10

            1.  The Hours Expended In Phase I Are Reasonable. ...................12

            2.  The Hours Expended In Phase II Are Reasonable..................13

            3.  The Hours Expended In Phase III Are Reasonable.................14

    IV.  The "Fees on Fees" in Phase IV Are Recoverable............................15

CONCLUSION .................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*ARC of New Jersey, Inc. v. Twp. of Voorhees*, 986 F. Supp. 261
    (D.N.J. 1997) ....................................................................................13, 14

*Bagby v. Beal*, 606 F.2d 411 (3rd Cir. 1979) ...........................................5

*Banda v. Antelope Valley Union High Sch. Dist.*, 67 IDELR 56
    (9th Cir. 2016) (unpublished) ..........................................................15

*Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721
    (3rd Cir. 1989) ...................................................................................10

*Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939,
    103 L.Ed.2d 67 (1989) .........................................................................6

*D.O. o/b/o M.O. v. Jackson Twp. Bd. of Educ.*, Civ. A. No. 17-1581,
    2019 WL 1923388 (D.N.J. Apr. 30, 2019) ......................................4, 6, 7, 9

*D.F. ex rel. AC v. Collingswood Borough Bd. of Educ.*,
    694 F. 3rd 488 (3rd Cir. 2012) ...........................................................1

*Dudley v. Lower Merion School Dist.*, 768 F. Supp. 2d 779
    (E.D.Pa. 2011) ....................................................................................7

*Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979),
    aff'd, 448 U.S. 122 (1980).................................................................15

*Grant v. Martinez*, 973 F.2d 96 (2nd Cir. 1992) ....................................10

*H.E. v. Walter D. Palmer Leadership Learning Partners Charter
    School*, 873 F.3d 406 (3rd Cir. 2017) ............................................4, 5

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933,
    76 L.Ed.2d 40 (1983) .....................................................................3, 6, 16

*Holbrook v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004)................3, 6

*I.K. v. Montclair Bd. of Educ.*, Civil Action No. 16-09152,
    2019 U.S. Dist. LEXIS 180279 (D.N.J. Oct. 17, 2019) ................................9

**Cases (cont.)**                                                                                 **Page(s)**

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694
      (3rd Cir. 2005) ........................................................................3, 7

*Jada H. v. Rivera,* No. 18-487, 2019 U.S. Dist. LEXIS 94679
      (E.D. Pa. June 6, 2019) ...............................................................9

*Kaseman v. Dist. of Columbia*, 444 F.3d 637 (D.C. Cir. 2006) ...........................15

*Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980),
      *reh denied*, 620 F.2d 300 (5th Cir. 1981) ......................................10

*Lipsett v. Blanco*, 975 F.2d 934 (1st Cir. 1992) .....................................................10

*M.R. v. Ridley School District*, 868 F.3d 218 (3rd Cir. 2017) ................................5

*Machado v. Law Offices of Jeffrey*, Civil Action No. 14-7401 (MAS)
      (TJB), 2017 WL 2838458 (D.N.J. June 30, 2017) ........................................6

*Maldonado v. Houstoun*, 256 F.3d 181 (3rd Cir. 2001) ...........................................6

*McKenzie v. Cooper, Levins & Pasktko, Inc.*, 990 F.2d 1183
      (11th Cir. 1993) .........................................................................10

*N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224 (D. Conn. 2000) .....................15

*Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*,
      675 F.2d 1319 (D.C.Cir. 1982) ...................................................3

*Public Interest Research Group of NJ, Inc. v. Windall*,
      51 F.3d 1179 (3rd Cir. 1995).............................................................7, 12, 13

*Ryan P. ex rel. Christine P. v. Sch. Dist. of Philadelphia*, No. 07-
      2903, 2008 U.S. Dist. LEXIS 21232, 2008 WL 724604
      (E.D. Pa. Mar. 18, 2008) ...............................................................9

*Smith v. Bor. of Dunmore*, 633 F.3d 176 (3rd Cir. 2011) .......................................16

*Smith v. Philadelphia Housing Auth.*, 107 F3d 223 (3rd Cir. 1997).........................7

*Student Pub. Interest Research Group v. AT & T Bell Labs.*,
      842 F.2d 1436 (3rd Cir. 1988).........................................................6

iii

**<u>Cases (cont.)</u>**                                                                    **<u>Page(s)</u>**

*Tobin v. Gordon*, 614 F. Supp.2d 514 (D. Del. 2009).......................................12, 13

*Wooldridge v. Marlene Industry Corp.*, 898 F.2d 1166 (6th Cir. 1990).................11



**<u>Statutes</u>**                                                                    **<u>Page(s)</u>**

20 U.S.C. §1415(i)(3)(B)(i) ......................................................................4

iv

## SUMMARY OF FACTS OF RECORD

1.     Plaintiff filed her Request for Mediation against WTBOE on or about June 13, 2018 suggesting five forms of relief:[1] (1) M.A. needs to be retained in high school for another year and WTBOE must provide a transition plan; (2) M.A.'s grades must be revisited due to WTBOE's alleged failure to provide a FAPE; (3) Compensatory education for denial of FAPE; (4) Amend M.A.'s school records to correct the accommodations listed; and (5) Compensatory education for violations of privacy.  (ECF #18, ¶¶5-6.)

2.     Without hearing and on motions for summary disposition, Administrative Law Judge Susan M. Scarola ("ALJ Scarola") granted WTBOE's motion to dismiss Plaintiff's claims for reexamination of grades and school records and for compensatory education for violations of privacy (numbers 2, 4 and 5 above).  (ECF #18, ¶¶10-13.)

---

[1] The official Parental Request for Mediation/Due Process Hearing/Expedited Due Process Hearing does not have a standard *ad damnum* clause.  The form states "Please provide a description of how this problem could be resolved."  The purpose of this 'suggested relief' is to grant the hearing officer discretion as to appropriate relief to award, if any.  "Appropriate remedies under the IDEA are determined on a case-by-case basis.  In each case, a court will evaluate the specific type of relief that is appropriate to ensure that a student is fully compensated for a school district's past violations of his or her rights under the IDEA and develop an appropriate equitable award."  *D.F. ex rel. AC v. Collingswood Borough Bd. of Educ.*, 694 F. 3rd 488, 499 (3rd Cir. 2012).

3.    Plaintiff withdrew the remaining two claims without prejudice and reserved her right to appeal ALJ Scarola's decision on the three claims, which is the present case.  (ECF #18, ¶¶15-17.)

4.    The present case, which is the appeal from ALJ Scarola's administrative decision on the three referenced claims, was filed on April 28, 2020. The sole relief sought by the Plaintiff was a remand to the Office of Administrative Law.  (ECF #1.)

5.    Both parties hereto filed respective Motions for Summary Judgment. (ECF ##19 and 20.)

6.    On November 22, 2021, this Court issued an Order granting in part and denying in part Plaintiff's Motion for Summary Judgment, denying WTBOE's Motion for Summary Judgment, and remanding the case to the Office of Administrative Law ("OAL") for further proceedings.  (ECF ##25 and 26.)

7.    Specifically, this Court granted Plaintiff's motion "insofar as it is limited to a FAPE claim based on alleged violations of Plaintiff's Individualized Education Program ["IEP"] related to a failure to consider Plaintiff's late-completed schoolwork, and the ALJ's decision in that regard is **REMANDED** for further proceedings consistent with this Opinion."  (ECF #25, p. 1; emphasis in original.)

# **LEGAL ARGUMENT**

The U.S. Supreme Court has discussed fee petition cases and stated unequivocally, a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). "Nit-picking" and "broadly based" attacks on fee petitions were condemned by U.S. District Judge Kessler in *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004) *citing Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337-38 (D.C.Cir. 1982) (Tamm, J., concurring) ("Neither broadly based, ill-aimed attacks, nor nit-picking claims . . . should be countenanced.")

Plaintiffs were prevailing parties in this Court in that ALJ Scarola's Decision was overturned, and the matter was remanded to the OAL so that Plaintiff could exercise her right to a due process hearing. This was the specific relief that Plaintiff sought in her Complaint. As prevailing parties, Plaintiff is entitled to reimbursement of her attorneys' fees and costs because of the fee-shifting statute and the good work of her counsel in providing legal services. This Court should enter judgment in Plaintiffs' favor and against Defendant Wall Township Board of Education in the amount of $165,222.25, plus any additional fees and costs incurred until resolution of this case. *See, infra*, Fees on Fees.

3

## I.      <u>Attorney's Fees and Costs in Special Education Cases</u>

Under IDEA, a court, in its discretion, is authorized to "award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. §1415(i)(3)(B)(i). The Third Circuit has held that even a party receiving procedural relief, such as a remand for a due process hearing, is a 'prevailing party' entitled to reimbursement of attorney's fees and costs. *H.E. v. Walter D. Palmer Leadership Learning Partners Charter School*, 873 F.3d 406 (3rd Cir. 2017).[2]

In deciding a fee petition, therefore, a court must (1) decide whether the Plaintiff is a prevailing party; and, then (2) determine the amount of reasonable fees and costs Plaintiff should be reimbursed. *D.O. ex rel. M.O. v. Jackson Township Board of Education, Dist. Court*, Civil Action No. 17-1581 (TJB), p. 3 (D.N.J. April 30, 2019)[3]; *see also Public Interest Research Group of NJ, Inc. v. Windall*, 51 F. 3d 1179, 1184-85 (3rd Cir. 1995) ("PIRGNJ").

## II.     <u>Plaintiff is the Prevailing Party Because This Court Vindicated Her Right to a Due Process Hearing.</u>

Plaintiff herein is the "prevailing party" because this Court vacated ALJ Scarola's decision and remanded the case to the OAL for a due process hearing. Plaintiff was deprived of her right to a due process hearing below because the

---

[2] Indeed, this Court referenced the decision in *H.E.* in its own Opinion. (ECF #25, p. 2.)

[3] This case is available on Google Scholar at https://bit.ly/2KD2R11.

matter was disposed of on a motion for summary disposition.  The sole substantive relief plaintiff sought from this Court was a remand to the OAL so that she could have her day in court.

In the *H.E.* case, nearly identical to the one at bar, "the administrative hearing officer promptly dismissed the complaints" without a hearing.  *H.E.*, 873 F.3d at 409.  The District Court vacated the hearing officer's decisions and remanded the claims back to the hearing officer for a due process hearing.  *Id.* at 410.  However, the District Court denied H.E.'s motion for attorney's fees because it had not addressed whether plaintiffs would succeed upon remand.  *Id.*  The Third Circuit overturned the District Court on the fees issue, relying upon *M.R. v. Ridley School District*, 868 F.3d 218 (3rd Cir. 2017) and *Bagby v. Beal*, 606 F.2d 411 (3rd Cir. 1979), and holding that even "a purely procedural victory under a separate statutory scheme, make Plaintiffs here eligible for an award of attorneys' fees under the IDEA."  *Id.* at 412.  "[W]here Plaintiffs vindicated their right to an IDEA procedural due process hearing . . . That remedy, for purposes of Plaintiffs' procedural rights, is permanent relief, cannot be nullified later, and thus is not 'temporary forward-looking injunctive relief."  *Id.* at 413.

Plaintiff is therefore the prevailing party and entitled to reimbursement of her attorney's fees and costs.

### III.    <u>Lodestar Calculation of Fees</u>

The next question is what are the reasonable fees and costs that should be awarded Plaintiff.  "Generally, courts use the 'lodestar' method in evaluating a fee application and, indeed, the lodestar calculation is presumed to yield a reasonable attorney fee award." *D.O. ex rel. M.O., supra*, *citing Machado v. Law Offices of Jeffrey*, Civil Action No. 14-7401 (MAS) (TJB), 2017 WL 2838458, *2 (D.N.J. June 30, 2017).  Under the lodestar method, the court calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433; *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3rd Cir. 2005).

### A.    *Prevailing Market Rates in the Relevant Community.*

Reasonable hourly rates are "based on prevailing market rates in the relevant community."  *Interfaith Cmty. Org.*, 426 F.3d at 703 *citing Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436, 1448 (3rd Cir. 1988) ("SPIRG").  The Third Circuit held this is even true for "public-interest law firms that typically charge clients below-market fees, or no fees at all." *Id.*; *see also Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party"); *Maldonado v. Houstoun*, 256 F.3d 181, 188 (3rd Cir.

2001); *Dudley v. Lower Merion School Dist.*, 768 F. Supp. 2d 779, 782 (E.D.Pa. 2011).

The burden is on the fee applicant to establish "by way of satisfactory evidence, in addition to [the] attorney's own affidavits . . . that the requested hourly rates meet this standard." *Interfaith Cmty. Org.*, 426 F.3d at 703.  The attorney seeking fees must show that the hourly rate requested "constitutes a reasonable market rate for the essential character and complexity of the legal services rendered." *D.O. ex rel. M.O., supra*, *citing Smith v. Philadelphia Housing Auth.*, 107 F3d 223, 225 (3rd Cir. 1997).

The "starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Int. Research Grp. Of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *SDT*, 2016 U.S. Dist. LEXIS 176203, at *5-*6.  "The court should also consider 'the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *SDT*, 2016 U.S. Dist. LEXIS 176203, at *6 (citing *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)).

**B.** **The "Relevant Community" is Special Education Counsel in New Jersey.**

The Third Circuit has held "the entire District of New Jersey as the relevant market for legal rates." *PIRGNJ*, 51 F. 3d 1179, 1188 (3rd Cir. 1995).  Further,

7

special education law has a "specialty" nature to it.  The principles behind the fee-

shifting provisions in special education statutes are brilliantly articulated by U.S.

District Judge Kessler in *Holbrook v. District of Columbia*:

> [U]nreasonable penny-pinching scrutiny such as [the
> school district] has engaged in here produces serious
> chilling effects on the availability of competent
> experienced attorneys to serve this clientele.  This is
> extremely problematic for a number of reasons, not the
> least of which is that IDEA practice is highly specialized
> – - an attorney who does IDEA work must understand the
> intricacies and the realities of the practice in order to
> obtain effective relief for his or her client in terms of an
> appropriate, individualized, educational placement.
>
> [F]inally, IDEA lawyers are, in the vast majority of
> cases, small-firm or solo practitioners who have
> dedicated their professional lives to advancing the
> interest of disabled children, often at well-below market
> rates.  Certainly, the [State Education Agency] should not
> discourage lawyers who do such important work by
> failing to pay them for their services in a timely fashion.

305 F. Supp. 2d at 48 (emphasis added.)

This principle is echoed in the Certifications of Catherine Merino Reisman,

Robert C. Thurston, and John Rue, expert special education counsel, submitted

contemporaneously herewith.  All three are nationally-recognized special

education counsel and have laid out their education, experience, and expertise in

their Certifications.

**C.    *Plaintiffs' Counsel's Hourly Rate is Reasonable in Light of the Market Rate in New Jersey and His Experience and Expertise.***

Significantly, this Court has twice approved the rates charged by Plaintiff's counsel, John Rue & Associates, LLC, albeit at their then-prevailing 2019 rates.  In *D.O. o/b/o M.O. v. Jackson Twp. Bd. of Educ.,* the Court found that a rate of $450 per hour for Mr. Rue, an experienced education law practitioner, as well as the rates charges for various members of his firm at various levels of experience, were reasonable.  *D.O. o/b/o M.O. v. Jackson Twp. Bd. of Educ.,* Civ. A. No. 17-1581, 2019 WL 1923388, at *3 (D.N.J. Apr. 30, 2019).  This Court subsequently approved those same rates in 2019.  *I.K. v. Montclair Bd. of Educ.*, Civil Action No. 16-09152, 2019 U.S. Dist. LEXIS 180279, at *2 (D.N.J. Oct. 17, 2019) (approving Magistrate Judge's Report & Recommendation).  It should come as no surprise that the billing rates for John Rue & Associates have increased since this Court's 2019 decisions, but those minor increase are in the range that other District Court's in the Third Circuit have found acceptable.  *Jada H. v. Rivera,* No. 18-487, 2019 U.S. Dist. LEXIS 94679, at *6 (E.D. Pa. June 6, 2019) (an increase of four percent per year is reasonable); *Ryan P. ex rel. Christine P. v. Sch. Dist. of Philadelphia*, No. 07-2903, 2008 U.S. Dist. LEXIS 21232, 2008 WL 724604, at *6 (E.D. Pa. Mar. 18, 2008).

Plaintiff has submitted with this application, Certifications of other New Jersey practitioners, who represent parents in Special Education cases.  Each of

these practitioners has a billing rate comparable to those set forth above and has

stated that the billing rates for John Rue & Associates are reasonable and

comparable to rates charged by attorneys of similar experience in this practice area

in New Jersey.  For example, as detailed in Ms. Reisman's Certification, the rates

charged by the various attorneys in this matter in her expert opinion are reasonable

and consistent with (actually lower than) the market rate of attorneys in this area of

law in the District of New Jersey.  (*See* Certification of Catherine Merino Reisman,

¶¶18-19.)

### D.    *Plaintiff's Fee Request is Reasonable.*

A court deciding a fee petition "retains a great deal of discretion in deciding

what a reasonable fee award is."  *Bell v. United Princeton Props., Inc.*, 884 F.2d

713, 721 (3rd Cir. 1989).  "Time and costs spent because of the manner and method

of defense is necessarily time which the school district causes and for which it

should pay." *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980), *reh denied*,

620 F.2d 300 (5th Cir. 1981).  A reduction in the lodestar must be rejected where

"[t]he strenuous defense may force the plaintiff 'over budget.'" *McKenzie v.

Cooper, Levins & Pasktko, Inc.*, 990 F.2d 1183, 1185, n. 4 (11th Cir. 1993), *citing,

Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992);[4] *see also Grant v. Martinez*,

---

[4] In *Lipsett*, the First Circuit noted that the "case was bitterly contested. [Defendant] mounted a
strategical defense, resisting Lipsett at every turn and forcing her to win her hard-earned victory

973 F.2d 96, 99 (2nd Cir. 1992); *Wooldridge v. Marlene Industry Corp.*, 898 F.2d 1166, 1177 (6th Cir. 1990).

A copy of the *pro forma* Invoice, which includes all billing entries and expenses currently sought in this application, is attached to the Rue Certification. The Court should view this case in light of the additional effort caused by the District's now-reversed motion to dismiss Plaintiff's due process petition below, including significant briefing in the OAL and the motion practice before this Court. While the District will likely cry foul for the required expenditure of public funds (as it has at every juncture in this matter), the District is not a victim, it is a volunteer. The District must now bear the consequence of its misguided motion practice, which derailed this case in the OAL and caused the Plaintiff to incur additional expenses in litigation.  Plaintiff's counsel expended 376.85 hours on this matter from drafting the original mediation request through initial post-judgment attempts to resolve the issue of attorneys' fees and to obviate the need for this fee application.[5]  Although a detailed review of all tasks completed in the 391 billing entries is beyond the scope of this brief, they can be summarized temporally by the main issues at hand and in light of the District's motion practice, as follows:

from rock to rock and from tree to tree." *Id.*, at 939. It, therefore, rejected defendant's objection to full fees and excessive time.

[5]    Plaintiff reserves the right to supplement this Fee Application to include the costs of preparing this application.

| Phase | Activity | Hours | Fees | Blended Hourly Rate |
|-------|----------|-------|------|---------------------|
| I | Preparation of the Mediation Request through the District' filing of its Motion to Dismiss (Jun. 2018 – Mid-Dec 2018) | 103.10 | $36,971.00 | $358.59 |
| II | District's Motion to Dismiss through Dismissal Order (Mid-Dec. 2018 – Jan. 31, 2019) | 103.80 | $48,183.00 | $464.19 |
| III | Appeal to the District of New Jersey (Feb. 2019 – Nov. 29, 2021) | 154.45 | $63,465.25 | $410.91 |
| IV | Post-Judgment/Fee Application (Nov. 30, 2021 – Feb. 9, 2022) | 34.00 | $16,191.00 | $476.21 |
|  | TOTALS | 395.35 | $164,810.25 | $416.87 |

### 1.    The Hours Expended In Phase I Are Reasonable.

Phase I of the litigation lasted from preparation of Plaintiff's parental request for mediation through the District's filing of its Motion to Dismiss in the OAL. This period included preparing the mediation request, client consultations, participation in mediation during the summer of 2019, participation in the settlement conference at the OAL in September 2019, and the initial activities in the OAL up to the District's filing of its Motion to Dismiss. (A more thorough explanation of fees is attached to the Rue Certification, Ex. A). These tasks are all considered reasonable and necessary activities and the fees incurred with performing them is recoverable under a fee application. *See Tobin v. Gordon*, 614 F. Supp.2d 514, 521 (D. Del. 2009) (background research, attorney discussions, strategy sessions, and settlement negotiations are reasonable); *Pub. Int. Research Grp. of N.J., Inc. v. Windall,* 51 F.3d

1179, 1189 (3d Cir. 1995) (time spent on prefiling diligence, including drafting a demand letter, includable in fee award).

### 2.    The Hours Expended In Phase II Are Reasonable.

Phase II of the litigation lasted from the filing of the District's Moton to Dismiss through the dismissal Order in the OAL.  During this period, Plaintiff opposed the district's motion to dismiss Plaintiff's "due process petition."  But, of course, at this point, Plaintiff's "due process petition" was simply her relatively simple mediation request.  As a result of the issues raised in the District's motion, Plaintiff also prepared a detailed amended due process petition and filed a motion for leave to amend.  Plaintiff's counsel also spent this time preparing for the hearing that it anticipated would occur in the OAL after the denial of the District's misguided motion to dismiss.  (A more thorough explanation of fees is attached to the Rue Certification, Ex. A).  These tasks are all considered reasonable and necessary activities and the fees incurred with performing them is recoverable under a fee application.  *See Tobin v. Gordon*, 614 F. Supp.2d 514, 521 (D. Del. 2009) (background research, attorney discussions, strategy sessions, and settlement negotiations are reasonable); *Pub. Int. Research Grp. of N.J., Inc. v. Windall,* 51 F.3d 1179, 1189 (3d Cir. 1995) (time spent on prefiling diligence, including drafting a demand letter, includable in fee award); *ARC of New Jersey, Inc. v. Twp. of*

*Voorhees*, 986 F. Supp. 261, 269 (D.N.J. 1997) (16.3 hours spent on a complex complaint was reasonable).

### 3.    The Hours Expended In Phase III Are Reasonable.

Phase III consists of Plaintiff's appeal to this Court.  Phase III covers the period from February 2020 through December 2022.  Plaintiff has not included any of the costs of preparation of the within motion and reserves the right to submit a supplemental fee application following the Court's decision on her motion.  With over 169.95 hours billed, this Phase comprises the largest portion of Plaintiff's fee application. *See* Rue Cert., Exh. A.  By its very nature, it was also a time period that resulted in a higher percentage of attorney time versus time spent by paralegal and junior staff.

Phase III consisted of drafting the complaint of appeal.   The District subsequently defaulted, and Plaintiff incurred costs in opposing the District's motion to vacate default and cross-moving for entry of default judgment.  As the Court is aware from the issues addressed in the parties cross-motions for summary judgment, the issue in this matter was a purely legal question:  Whether the OAL could, as a remedy for a violation of a FAPE, reconsider the grades awarded to Plaintiff. Following the Rule 16 Conference and unsuccessful attempts to resolve this matter, the parties then filed cross-motion for summary judgment, resulting in the Court's November 22, 2021 Opinion and Order.  [DE #25, DE #26.]  Through the Court's

Opinion and Order, Plaintiff obtained all the relief that she sought in this Court: a remand to the OAL to obtain the hearing that she was denied by the OAL's erroneous decision below.

The resolution of this dispute should have been straightforward. Indeed, as the Court is aware based on the post-judgment filings, Plaintiff extended the deadline for filing tis application not once, but twice, in an effort to reach a consensual resolution with the district. Unfortunately, instead of the collaboration envisioned by the IDEA, the District has been adversarial at every turn and has overstated its case at every turn, even when faced with this Court's remand order.

In total, Plaintiff's counsel expensed 376.85 hours over the two-and-a-half years of litigation and the Plaintiff accrued attorneys' fees with a reasonable value of $156,065.75.

## IV.    The "Fees on Fees" in Phase IV Are Recoverable.

Plaintiffs are further entitled to reimbursement for attorney's fees and costs incurred litigating a fee petition, *i.e.* the present action, commonly referred to as "fees on fees" in IDEA cases. *See Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980); *Kaseman v. Dist. of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006); *Banda v. Antelope Valley Union High Sch. Dist.*, 67 IDELR 56 (9th Cir. 2016, unpublished); *N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224, 244 (D. Conn. 2000). Courts in the Third Circuit routinely increase awards of

15

attorney's fees for costs and fees "<u>associated with the fee action itself</u>." *Smith v. Bor. of Dunmore*, 633 F.3d 176, 179 (3rd Cir. 2011) (emphasis added), relying on *Hensley*, 461 U.S. at 434–36 (instructing that district courts may need to adjust the fee upward or downward.)  Plaintiff's counsel sought the assistance of Robert Thurston, Esq., to assist it with the application for attorneys' fees and expenses in this matter.  Thus, Plaintiff respectfully refers the Court to Mr. Thurston's Certification for additional attorneys' fees that accrued during the post-judgment attempts to resolve the issue of attorneys' fees with the Defendant and the preparation of the within application.

## <u>CONCLUSION</u>

**WHEREFORE**, Plaintiff M.A. demands that judgment be entered in her favor and against Defendant Wall Township Board of Education as follows:

A.    Declaration that Plaintiff is deemed the prevailing party as a result of this Court's November 22, 2021 Order and Opinion;

B.    Declaration that as prevailing party Plaintiff is entitled to reimbursement of attorney's fees and costs incurred under IDEA;

C.    Declaration that the attorney's fees and costs submitted by Plaintiff herewith are reasonable and justified;

D.    That Defendant Wall Township Board of Education shall reimburse

Plaintiff the sum of $164,810.25 in attorneys' fees and $412.00 in

expenses, for a total due of $165,222.25; and

E.    Such other and further relief as this Court deems just and equitable.

Dated: February 11, 2022

Respectfully submitted,

By: /s/ *John D. Rue*
John D. Rue, Esq.

By: /s/ *Robert C. Thurston*
Robert C. Thurston, Esq.

John Rue, Esq.
Attorney I.D. #: 047032005
JOHN RUE & ASSOCIATES
40 S. Fullerton Ave., Ste. 29
Montclair, N.J. 07042
(862) 283-3155
john@johnruelaw.com

Robert C. Thurston, Esq.
Attorney ID #008801988
Thurston Law Offices LLC
100 Springdale Road A3, PMB 287
Cherry Hill, NJ 08003
856-335-5291
rthurston@schoolkidslawyer.com

Attorneys for Plaintiff

Attorneys for Plaintiff