Krista Rue, Esq.
Rue Law Group[1]
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Micayla Augustyn,<br>*Plaintiff*,<br>v.<br>Wall Township Board of Education,<br>*Defendant*. | Civil Action No. 3:20-cv-05218 (JBD)<br><br>**RETURN DATE:**<br>**DECEMBER 15, 2025** |

**PLAINTIFF'S RESPONSIVE BRIEF**

Krista Rue, Esq.
On the Brief

[1] John Rue & Associates, LLC recently registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. THE MANDATE CONTROLS AND THE LODESTAR DETERMINATIONS ARE THE LAW OF THE CASE ........ 2

II. WALL'S LIMITED-SUCCESS ARGUMENT FAILS UNDER CONTROLLING THIRD CIRCUIT LAW. ........ 3

III. FEES-ON-FEES ARE GOVERNED BY THE MANDATE, AND ONLY THE APPELLATE PORTION REQUIRES FRESH REVIEW ........ 5

A. THE PRE-APPELLATE FEES-ON-FEES ARE FIXED UNDER THE MANDATE AND THE LAW OF THE CASE ........ 5

B. APPELLATE AND REMAND FEES ARE REASONABLE AND REFLECT SUBSTANTIAL BILLING JUDGEMENT ........ 6

1. THE APPELLATE HOURS ARE FACIALLY REASONABLE AND THE PRODUCT OF EFFICIENT STAFFING ........ 7

2. THE REMAND HOURS HAVE ALREADY BEEN REDUCED BY 25 PERCENT ........ 9

3. COMBINED, PHASE V REPRESENTS RESTRAINED, NOT EXPANSIVE, BILLING ........ 10

IV. THE DELAY ADJUSTMENT IS A MECHANICALY CONTINUATION OF WHAT THIS COURT ALREADY ACCEPTED ........ 10

V. WALL'S NEGOTIATION CONDUCT HAS UNREASONABLY PROTRACTED THE LITIGATION ........ 11

CONCLUSION .......................................................................................... 14

# TABLE OF AUTHORITIES


***Cases*** ***Page***

*Augustyn v. Wall Twp. Bd. of Educ.*, 139 F.4th 252, 262 (3d Cir. 2025)............3,5,11

*Coley v. N.J. Supreme Court*, 2025 U.S. Dist. Lexis 56148 (D.N.J. Mar. 20, 2025)..........11,12

*Cunningham v. McKeesport*, 807 F.2d 49, 52-53 (3d Cir. 1986)..........7

*D.K. v. United Behavioral Health*, No. 2:17-CV-01328-DAK, 2023 U.S. Dist. LEXIS 178492 (D. Utah Oct. 3, 2023)..........7,8

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)..........4,5

*Joshua David Mellberg, LLC v. Will*, 639 F. Supp. 3d 926 (D. Ariz. 2022)..........9

*Shelton v. Rest..com Inc.,* Civil Action No. 10-824 (MAS) (DEA), 2016 U.S. Dist. LEXIS 176785, (D.N.J. Dec. 21, 2016)..........9,10

**Statutes and Rules**

20 U.S.C. § 1415(i)(3)(G)..........11,13

## PRELIMINARY STATEMENT

The Third Circuit fully resolved the central issues in this fee dispute. It affirmed Plaintiff's prevailing-party status, accepted the lodestar previously accepted by this Court (without dispute from Defendant), and vacated only the reductions imposed on improper grounds. The lodestar analysis and the adopted methodology for adjusting rates to account for delay in payment remain intact.

The hours and baseline rates for Phases II through IV, including the methodology for updating those rates to current levels, were expressly accepted by this Court, never challenged by Defendant, and left undisturbed on appeal. Those determinations are therefore fixed as the law of the case. Although the Third Circuit noted that some discretion may remain to account for limited success, Plaintiff's complete exclusion of Phase I already accounts for that factor in full. No further reduction is available under the mandate. The only tasks on remand are to apply the same delay-adjustment methodology this Court previously approved and to calculate reasonable compensation for the post-judgment work using those previously adopted rates and adjustment principles.

Defendant's submission attempts to relitigate issues foreclosed by the mandate. Wall reasserts the limited-success theory the Third Circuit expressly rejected, relies on characterizations drawn from the concurrence rather than the majority, and seeks reductions untethered from any permissible factor.

The mandate controls. The improper reductions must be removed. The lodestar, updated to current rates to account for delay in payment, supplemented by the reasonable appellate and remand work, should be awarded in full.

## ARGUMENT.

### I. The Mandate Controls and the Lodestar Determinations Are the Law of the Case

The Third Circuit vacated the prior fee award because this Court reduced the accepted lodestar based on impermissible considerations. It did not reopen any component of the lodestar. This Court has already found that the hours expended and the blended hourly rates for Phases II through IV were reasonable. Defendant did not dispute those findings in 2021, did not challenge them on appeal, and the Court of Appeals expressly noted that the lodestar had been accepted in full. Those determinations remain binding.

The delay-adjusted rates stand on the same footing. Plaintiff explained in 2021 that its then-current rates were appropriate and described the 3.5 percent annualized adjustment (to a previously approved rate by this Court) required to account for delay in payment. Defendant never opposed that methodology. This Court necessarily adopted it when it accepted the lodestar. Because the delay-adjustment methodology was part of the lodestar itself, and because neither party challenged it, it remains fixed on remand. Updating the calculation of current rates

to reflect additional delay through the anticipated award date in early 2026 is not a new request. It is the mechanical continuation of the same accepted approach.

Defendant's submission disregards these constraints. It seeks to re-open the reasonableness of hours and rates, invites the Court to revisit determinations affirmed or left untouched on appeal, and relies heavily on a concurrence that carries no precedential force. The mandate requires the opposite. The lodestar is accepted. The reductions were vacated. Nothing in Defendant's position permits re-litigation of settled findings.

### II. Wall's Limited-Success Argument Fails Under Controlling Third Circuit Law.

Defendant's position rests almost entirely on its theory that Plaintiff's success was too limited to warrant a full fee award. That argument cannot survive the majority opinion. The Third Circuit held that Plaintiff vindicated a statutory right under the IDEA and obtained judicially sanctioned relief that materially altered the legal relationship between the parties. It rejected the premise that the victory could be discounted as "merely procedural" or "hollow," and it rejected each factor this Court relied on when imposing the earlier reductions. *Augustyn v. Wall Twp. Bd. of Educ*., 139 F.4th 252, 262 (3d Cir. 2025). Under the mandate, the limited-success theory cannot justify any further reduction.

The Third Circuit acknowledged that a district court retains some discretion to make reductions for limited success, but only "if this factor was for some reason

not already subsumed in its calculation of the lodestar." *Id*. Here, it is entirely subsumed. While on appeal, Plaintiff voluntarily eliminated the whole of Phase I even though portions of that work supported the surviving claim, including mediation and the drafting of the papers commencing the OAL proceeding. Once Phase I is removed, the remaining work reflects a single continuous effort directed at the claim on which Plaintiff prevailed, i.e., Plaintiff's right to a hearing on the grade adjustments. No part of Phases II through IV relates to an abandoned or unsuccessful theory. There was no limited success after Phase I.

The path of the litigation confirms this. Plaintiff sought a due process hearing on her grade-revision claim. The ALJ denied that right. Plaintiff appealed. This Court reversed and held that she was entitled to that hearing. Plaintiff applied for prevailing party fees, and was awarded them, after substantial reductions for specified reasons. Those reasons were reversed and vacated on appeal.

The Third Circuit confirmed that every hour spent preserving and presenting Plaintiffs' claim was tied directly to the successful issue and could not be excluded on the ground that the relief was procedural or that the ALJ had previously ruled against her. Defendant's attempt to revive the same rationale again uses the "results obtained" factor as a vehicle for the same impermissible considerations the Third Circuit identified and rejected. Plaintiff has already taken the steps that *Hensley*

requires.[2] She excluded all of Phase I, both as a concession regarding work tied to unsuccessful claims and as an exercise of conservative billing judgment.

Finally, Defendant's reliance on the concurrence is entirely misplaced. The concurrence supplies no rule of decision and cannot be used to narrow or contradict the majority. Only the majority opinion governs this remand. Under that opinion, the limited-success theory cannot be resurrected to reduce a lodestar that has been accepted and is the law of the case.

## III. Fees-on-Fees Are Governed by the Mandate, and Only the Appellate Portion Requires Fresh Review

### A. The Pre-Appellate Fees-on-Fees Are Fixed Under the Mandate and the Law of the Case

"[N]ow that Augustyn has been required to appeal the reduction in her fee application before this Court—and has prevailed—the District Court must reassess its 'fees on fees' award considering not only the fees incurred litigating the petition in the District Court, but also the additional costs incurred in this appeal, as well as the reevaluation of Phase II and Phase III fees." *Augustyn*, 139 F.4th at 262. Phase IV covers the period between this Court's merits judgment and its original fee decision. Defendant never challenged the reasonableness of the hours or the rates for that phase, and this Court accepted both as part of the lodestar. The only basis for reduction was the mechanical extension of the 80 percent Phase III cut into

2 *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Phase IV. The Third Circuit rejected that approach without qualification, holding that reductions for fees-on-fees require an independent analysis and cannot be imported wholesale from the underlying merits phase.

Because the Third Circuit vacated only the reductions and left the lodestar determinations untouched, Phase IV is now fixed. The work was compensable, the rates were accepted, and the sole rationale ever offered for trimming those hours has been expressly disapproved. On remand, Phase IV must be compensated in full, updated only by the same delay-adjustment methodology this Court previously adopted.

### B. Appellate and Remand Fees Are Reasonable and Reflect Substantial Billing Judgment

Phase V covers all work performed after the original fee decision. It falls into two discrete categories: the work required to prosecute the appeal and the work required on this remand to implement the mandate. Each category is governed by the same principles this Court has already applied to the earlier phases. Each reflects disciplined staffing and conservative billing judgment. And unlike Phases II through IV, these hours have not previously been evaluated by the Court, making this the only part of the fee request that requires fresh review.

### 1. The appellate hours are facially reasonable and the product of efficient staffing

The appellate portion is the only segment of the fee request that has not yet been reviewed. The record shows deliberate and efficient staffing. Law clerks performed the bulk of the appellate work, including analysis, research, and drafting of both appellate briefs and the Appendix. Senior attorneys were used sparingly. This approach produced a blended hourly rate of approximately $316.82 for a full precedential appeal resulting in a complete reversal. That rate is far below prevailing norms for IDEA appellate litigation, and the hours are consistent with the complexity and volume of the issues presented.

Where defendants "relied on legal arguments properly rejected by the district court and by us, that no fee should be awarded at all," there is no basis to question the hours expended or fees requested. *Cunningham v. McKeesport*, 807 F.2d 49, 52-53 (3d Cir. 1986).

Federal courts routinely approve comparable or greater attorney time where the issues demand substantial briefing and record engagement. In *D.K. v. United Behavioral Health*, No. 2:17-CV-01328-DAK, 2023 U.S. Dist. LEXIS 178492 (D. Utah Oct. 3, 2023), the court accepted extensive hours, specifically, 229.1 hours for two attorneys, finding the work "warranted and effective." 2023 U.S. Dist. LEXIS 178492 at *7. The court emphasized the importance of detailed "researching and drafting" that led to a successful appeal. *Id.* The same is true here. Preparing and

presenting a precedential appeal required full review of the administrative and district court records, careful framing of the legal issues, and the preparation of an Appendix, two merits briefs, and a supplemental brief requested by the panel addressing questions the Third Circuit ultimately resolved in Plaintiff's favor. The hours expended fall squarely within the level of investment *D.K.* recognizes as reasonable.

The reasonableness of the appellate hours here is further supported by decisions recognizing that appeals often require more attorney time than trial-level briefing. In *D.K*, the court approved substantial hours for appellate and appellate-related litigation, noting that reframing issues for appellate review, reconstructing the record, and responding to complex legal questions necessarily demand significant attorney time. The court also acknowledged that collaborative drafting and multiple rounds of research are inherent features of effective appellate advocacy. Those same factors are present here, where Plaintiff's counsel assigned the majority of the analytical and drafting work to law clerks to reduce the amount of senior attorney time on the bill. Plaintiff's appeal required a methodical presentation of the procedural history, reconstruction of the record for a precedential decision, and development of the arguments that the Third Circuit ultimately adopted. Under *D.K.*, the hours spent fall well within the normal range for this type of work.

Courts also recognize that where the legal issues are significant and the outcome turns on the quality of the briefing, higher-hour submissions are reasonable. In *Joshua David Mellberg, LLC v. Will*, 639 F. Supp. 3d 926 (D. Ariz. 2022), the court upheld substantial hours as reasonable because sustained engagement with the legal and factual issues was necessary to achieve a successful result. The court stressed that efficient delegation of work to junior personnel further supported the reasonableness of the hours. That analysis fits this case exactly. Plaintiff staffed the appeal conservatively, assigning the bulk of the record review and drafting to law clerks at significantly lower rates while reserving senior attorney time for strategy and final revisions. The resulting blended rate and total hours reflect the same disciplined approach that *Mellberg* found to support a full fee award for 164.9 hours.

The appellate work in this case was not merely necessary. It obtained a precedential decision that corrected the legal errors the Third Circuit identified. Every argument raised by Plaintiff succeeded. Under these circumstances, the appellate hours are reasonable on their face and warrant full compensation.

#### 2. The remand hours have already been reduced by 25 percent

This Court has held that the expenditure of 89.25 hours in addressing post-remand count proceedings, mediation, and fee briefing to be reasonable. *Shelton v. Rest..com Inc.,* Civil Action No. 10-824 (MAS) (DEA), 2016 U.S. Dist. LEXIS

176785, at *51 (D.N.J. Dec. 21, 2016). In the matter before this Court, Plaintiff's counsel is seeking compensation for 65.5 hours the post-remand proceedings. The remand portion reflects the preparation of the renewed fee application, supporting certifications, updated calculations, and this briefing. Plaintiff applied a voluntary twenty-five percent across-the-board reduction to account for any potential inefficiency. Even after that reduction, the blended rate remains well below market for federal fee litigation. This discretionary cut more than addresses any concern about the administration of the remand phase.

#### 3. Combined, Phase V represents restrained, not expansive, billing

Viewed together, the appellate and remand hours demonstrate consistent and conservative billing judgment. The appellate work was staffed economically and resulted in complete success. The remand work was voluntarily reduced before Court review. Nothing in Defendant's argument identifies any specific task or category of work that falls outside the compensable scope. Under the governing standard, Phase V should be awarded in full.

## IV. The Delay Adjustment Is a Mechanical Continuation of What This Court Already Accepted

The delay adjustment is not a new request. It is calculated using the same methodology Plaintiff presented in 2021, the same methodology Defendant never opposed, and the same methodology this Court implicitly adopted when it accepted

the lodestar rates in full. Plaintiff explained at that time that current rates were required to compensate for multi-year delay and identified a conservative 3.5 percent annual adjustment. This Court accepted those rates without qualification, and the Third Circuit left that determination undisturbed. *Augustyn*, 139 F.4th at 260.

Applying the same adjustment forward to the present award date is not discretionary. It is the mechanical continuation of the approach this Court already approved. The only change since 2021 is the passage of additional years. Because the original delay adjustment did not and could not account for subsequent delay, updating the rates is required to maintain parity with the previously accepted methodology and to ensure that counsel is compensated at current market rates. Defendant raises no argument to the contrary.

### V. Wall's Negotiation Conduct Has Unreasonably Protracted the Litigation.

The IDEA provides that attorney's fees "shall not be reduced" where the school district has "unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(G). Plaintiff's opening brief explained how Wall's conduct meets that standard. [ECF #088 at 18-21] Its most recent filing, seeking to "strike" this brief, reinforces that conclusion. *See Coley v. N.J. Supreme*

*Court*, 2025 U.S. Dist. Lexis 56148, *4-5 (D.N.J. Mar. 20, 2025).[3] Wall urges the Court to revisit issues the Third Circuit resolved, refuses to engage with the mandate, and continues the same pattern of obstruction that has prolonged this litigation at every stage.

The history of the parties' settlement discussions confirms the point. When judgment was entered on the merits, Plaintiff's lodestar stood at $148,619.25. Wall made no offer. Plaintiff then briefed the initial fee application, bringing the lodestar to $164,810.25. Wall still refused to negotiate. After further delay to allow for potential resolution, Plaintiff documented a lodestar of $198,901.50. Wall again declined to make a meaningful offer.

During the appeal, Plaintiff further narrowed the request by excluding all of Phase I and seeking only Phases II through IV, totaling $164,810.25, plus appellate fees. Despite this concession, and despite the efforts of the Third Circuit mediator, Wall's best offer remained $20,000, roughly ten percent of lodestar. Plaintiff was therefore required to fully litigate the appeal, incurring an additional $98,430.21 in attorney time.

[3] "Federal Rule of Civil Procedure 12(f) provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter' either on its own or on a party's motion. By its plain language, this rule applies only to pleadings, not other documents such as briefs or motions." Accordingly, **Plaintiffs' motion to strike portions of Defendants' brief . . . is improper**." *Id.* (emphasis added; internal citations omitted).

After Plaintiff prevailed on every issue in a precedential decision, Wall initially stated that it preferred to have the Court decide the full fee amount, making no response to Plaintiff's settlement proposals. Following the settlement conference, Wall's best offer was $50,000, approximately sixteen percent of lodestar, accompanied by the representation that it would "never" pay any amount reaching six figures, even though six figures would represent roughly one third of the lodestar. Plaintiff, by contrast, had offered to resolve the matter for approximately eighty percent of lodestar and indicated a willingness to continue negotiating. Plaintiff's offers reflected compromise for settlement only (intending to avoid the burden, expense and uncertainty of this briefing). They were not a measure of the full fee entitlement required by the governing statute and the mandate.

This record shows that Wall has given Plaintiff no plausible alternative to fully litigating the fee request at each stage of the case. Had Wall engaged in reasonable compromise following judgment, these fees could have been resolved for a fraction of what they are today. Under § 1415(i)(3)(G), where the school district's conduct has unreasonably protracted the resolution of the controversy, the Court may not impose a reduction. Wall's repeated refusal to negotiate, even after a precedential reversal in the Third Circuit accompanied by a narrow mandate on

remand, has made the current motion practice unavoidable and requires that the full amount be awarded.

## CONCLUSION

The Third Circuit affirmed Plaintiff's status as a prevailing party, upheld the lodestar this Court accepted, and vacated only the reductions that rested on impermissible grounds. The law of the case forecloses any reopening of hours or rates for Phases II through IV, including the delay enhancement incorporated into the original lodestar. Phase IV fees-on-fees are now fixed because the only basis for reducing them has been expressly rejected. The appellate and remand work in Phase V is reasonable, conservatively billed, and supported by substantial staffing discipline and voluntary reductions.

Under the mandate, the recalculated fee award must reflect the full lodestar as accepted, updated to current rates, and supplemented by the reasonable and necessary work performed on appeal and remand. The requested award should be granted in full.

Finally, an additional 49.9 attorney hours, and 21.8 paralegal hours have been documented in association with this filing, as set forth in the attached Certification of Krista Rue, submitted concurrently with this brief.[4] These hours

[4] Subsumed into this number is 5.13 senior attorney time ($2,904.40) and 2 hours of paralegal time ($381.68) devoted to drafting an opposition to Wall's improper "Motion to Strike," withheld

were necessary to prepare the response to Defendant's position and to complete the updated calculations required on remand. The total amount now sought, inclusive of these additional hours, is $322,649.93.

---

from filing at the suggestion of the Court, to streamline these proceedings. Unlike the rest of the time since remand by the Third Circuit, no discount is applied to these numbers.