Krista Rue, Esq.
Rue Law Group[1]
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Micayla Augustyn<br>*Plaintiff*,<br>v.<br>Wall Township Board of Education,<br>*Defendant*. | Civil Action No. 3:20-cv-05218 (JBD)<br><br>**SUPPLEMENTAL CERTIFICATION OF KRISTA RUE IN SUPPORT OF PLAINTFF'S RESPONSIVE BRIEF** |

The undersigned, Krista Rue, Esq., hereby affirms the following:

1. I am an attorney, admitted to practice in the state of New Jersey and before this Court. I am personally familiar with the facts contained herein.
2. I am the Principal Attorney of the Rue Law Group (formerly known as John Rue & Associates ("JRA")), appearing on behalf of the Plaintiff in the above captioned matter.
3. I make this Certification, based on my personal knowledge and review of the relevant records, in support of the Plaintiff's application for attorney's fees

[1] John Rue & Associates, LLC recently registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

consistent with the decision of the Third Circuit in *Augustyn v. Wall Twp. Bd. of Educ.*, 139 F.4th 252 (3d Cir. 2025).

4. I have been admitted to practice in New Jersey since 2002, and I have practiced in the area of special education law, representing parents, for the last 9 years.

5. I received my undergraduate degree from Princeton University in 1999, and my Juris Doctor from Washington University in St. Louis in 2002. In 2020, I received a Masters Degree in Religion from Columbia University. I am currently enrolled in a Masters of Divinity program at Louisville Presbyterian Theological Seminary.

6. After law school, I was an Assistant Prosecutor in Somerset County, where I worked from November 2002 to March 2006. While there, I worked primarily on Juvenile Delinquency matters (major crimes), Domestic Violence matters and Sex Crimes and Child Abuse cases. While there, I authored the briefs on and argued the case before the Appellate Division in *State in the interest of J.P.F.,* 368 N.J. Super 24, 845 A.2d 173 (App. Div. 2004), a published decision that clarified the application of Megan's Law to juvenile offenders. In my time at the Prosecutor's Office, I tried nearly 100 cases to verdict in either bench or jury trials, while settling via plea offer hundreds of others.

In March 2006, I left the Somerset County Prosecutor's Office to become an Associate at DiFrancesco, Bateman, et. al in Warren, NJ. There my practice centered primarily on Matrimonial Law matters in addition to several civil litigation matters and municipal court prosecution. While there, I co-authored the appeal to the Appellate Division and the New Jersey Supreme Court in *Mackinnon v. Mackinnon,* 191 N.J. 240, 922 A.2d 1252 (2007). In February 2008, I left DiFrancesco Bateman, et. al to become Senior Matrimonial Associate at Aronsohn Weiner in Hackensack.

In 2009, I went into solo private practice, concentrating my practice in Matrimonial and Criminal practice, but also adding Employment Discrimination cases, including advocacy for teachers against school districts, civil business disputes and contract claims. I was Of Counsel to Flanzbaum & Cohen in Warren, NJ and Aretsky & Aretsky in Bergen County. I also was a consultant to several law firms on matters involving international custody disputes.

In 2012-2013, I worked with the New Jersey Legislature to draft and enact the Craft Distilling Law, N.J.S.A. 33:1-10.3d, while simultaneously receiving a distilling license for the first distillery to open in New Jersey since the end of Prohibition.

I have served on the Executive Committees of the New Jersey State Bar Young Lawyers' Division and the Family Law Section. I was a voting member of the General Counsel from 2008-2010. I served as a Delegate from New Jersey to the American Bar Association at the National Convention in 2008. I served as the Chair of the Vincent J. Appruzzuse Mock Trial Competition for Somerset County from 2006-2008. In 2019, I received the Equal Justice Medal from Legal Services of New Jersey for my work with victims of domestic violence. I am also a Trustee of the Innisfree Foundation), a 501(c)(3) organization which advocates on behalf of impoverished and minority students with disabilities in obtaining services from their public schools. I was recently elected to be the Board Treasurer.

7. I joined John Rue & Associates in 2016 as Counsel, expanding the practice I began as a solo practitioner. Since joining JRA, my practice areas have broadened to include representation of parents in disputes with public school districts as well as private schools, focusing on representation of families of children with disabilities. I have been the primary counsel for matters at JRA in which a trial has been required. I have argued IDEA cases to Courts across New Jersey, including a precedential case in the New Jersey Supreme Court that clarified the law with respect to provision of services to students who

have obtained a GED but not a diploma. *Bd. of Educ. of Tp. of Sparta, Sussex Cty. v. M.N., ex rel A.D.*, 256 N.J. 65 (2023).

8. In November of 2016, I was promoted to Partner. In 2022, I was promoted to Managing Partner. In October 2025, I assumed ownership of the Rue Law Group and act as its principal attorney.

9. John Rue, Esq. been admitted to practice in New Jersey since 2005, and he has practiced in the area of special education law, representing parents, for approximately the last 18 years. He is admitted to practice before the courts of the State of New Jersey, the State of New York, the United States District Court for the District of New Jersey, and the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Third Circuits.

10. He received his BA (Hons.) from Nottingham Trent University in 1990 and an MFA from Sarah Lawrence College in 1993. He received his J.D. from Fordham Law School in 2004, graduating *magna cum laude*, and serving as a Notes and Articles Editor of the Fordham Law Review.

11. John Rue began his legal career at White and Case LLP as an Associate in that firm's Litigation practice group, where he practiced from 2004-2012.

His practice at White & Case included defending complex nationwide class actions, including, among others, (i) defending Deutsche Bank in the

consolidated securities class actions related to the collapse of Enron, *In re Enron Corp. Sec.*, 529 F. Supp. 2d 644 (S.D. Tex. 2006); (ii) defending Saudi Aramco in multiple antitrust class actions brought against commercial oil companies owned by the sovereign members of OPEC, in *In re Refined Petroleum Products Antitrust Litigation*; and (iii) defending Belarusian Potash Company in the consolidated antitrust class actions styled *In re Potash*. (All of the above cited cases were also consolidated as Multi-District Litigations.) While at White & Case, he was also able to do a great deal of Special Education *pro bono* litigation, primarily in the area of New Jersey Special Education.

John Rue also served as co-lead trial counsel with Education Law Center in the New Jersey Supreme Court's remand for findings of fact and conclusions of law regarding revisions to the New Jersey School Funding Formula under the well-known *Abbott* cases; that trial was presided over by special master Judge Peter Doyne (then Assignment Judge for Bergen County) in *Abbott v. Burke,* also known as *Abbott XXI*

12. In 2014, John Rue began his own practice, focusing on Special Education and Civil Rights litigation in New Jersey. He has spent most of his professional time since 2014 representing parents of children with disabilities and representing the Innisfree Foundation as its outside counsel in OPRA disputes

with public schools.

13. Donald A. Soutar is a 1999 graduate of Rutger University School of Law - Newark and was admitted to the New Jersey Bar in 1999. From 2000 through 2011, he was associated with Day Pitney LLP, first as an Associate, then rising to Senior Counsel, where his practice focused on commercial litigation.

14. From 2011 through April 2018, Mr. Soutar was an Associate at Weitz & Luxenberg, PC, where his practice focused on mass tort and class action matters.

15. Mr. Soutar joined John Rue & Associates, LLC ("JRA") as Counsel in April 2018, was promoted to Partner at the end of 2018, and to Managing Partner shortly thereafter. During his three-and-a-half year tenure at JRA, he focused almost exclusively on education and special education matters, including handling cases from inception through hearing in the Office of Administrative Law ("OAL"), litigating in the federal and state trial courts of New Jersey, and pursuing and defending appeals in the Superior Court of New Jersey - Appellate Division and the United States Court of Appeals for the Third Circuit.

16. In December 2021, Mr. Soutar joined Coyle Law Group as Counsel, where he continues to focus on commercial litigation, including education and special education matters.

17. Avery Covington and Gregory Eyen are law clerks at Rue Law Group/JRA. Avery graduated in May 2025 from Widener University School of Law. Gregory Eyen is currently in his third year at Cardozo School of Law.

18. Megan Atkinson has been employed by Rue Law Group/JRA since 2022 as a paralegal. She has a bachelors degree from University of Central Florida. Her current title is Senior Paralegal/Accounts Receivable Manager. Tara Nutter was employed by the Firm from 2021-2023. She is a certified paralegal in the State of Florida.

19. With respect to the fees that accrued relative to the proceedings in the Third Circuit, attached at Exhibit A is a true and accurate copy of a pro forma for the work performed. The total lodestar for this portion of this application is $98,430.21, plus expenses of $987.89, for a total request of $99,418.10.

20. With respect to the work performed since the matter was remanded by the Third Circuit, the total lodestar is $31,775.05. Attached at Exhibit B is a true and accurate copy of a pro forma for this work. As discussed in Section III of the accompanying brief, we are voluntarily reducing these fees by 25% to address any inefficiencies. Accordingly, our request for this portion of the application is $23,831.29.

21. With respect to the negotiating history of defendant Wall Township Public Schools:

a. Wall's highest offer before judgment was $10,000 on a six-figure lodestar; during the appeal it never exceeded $20,000;

b. The Third Circuit initially ordered mediation, but after hearing the Board's intractability, the mediator canceled the mediation;

c. After a precedential reversal in the Third Circuit, the Wall again refused to negotiate until ordered into a settlement conference, where it stated that it would "never go above six figures" on a fee claim now in excess of $300,000.

22. Attached hereto as Exhibit C is a true and correct copy of a redline comparison of the initially filed brief [ECF #091] to the Corrected Brief filed concurrently with this Certification.

I hereby affirm that the foregoing statements made by me are true. I am aware that, if any of the statements are willfully false, I am subject to punishment.

November 20, 2025

*s/ Krista Rue*
KRISTA RUE

# Exhibit A

**John Rue & Associates LLC**
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540
(862) 283-3155

November 11, 2025

**Dena Augustyn**
1287 Bradford Run
Spring Lake Heights, NJ 07762

**Invoice Number: 111**
Invoice Period: 11-23-2022 - 11-11-2025

**RE: Third Circuit Appeal**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11-22-2023 | KR | Review decision re fee application; preliminary research into appellate issues | 2.10 | 566.16 | 1,188.94 |
| 11-28-2023 | KR | Phone call w client re Court decision and appeal | 1.00 | 566.16 | 566.16 |
| 12-01-2023 | KR | Prepare Notice of Appeal | 0.50 | 566.16 | 283.08 |
| 12-07-2023 | MA | Create RM and SP files, download docket files, upload same to RM and SP, update case contact info | 0.80 | 190.84 | 152.67 |
| 12-27-2023 | MA | Preliminary attention to downloading and filling out case paperwork requested by the court | 0.40 | 190.84 | 76.34 |
| 12-28-2023 | MA | Continued attention to third circuit docs, send same to JR and KR for review | 0.50 | 190.84 | 95.42 |
| 01-04-2024 | MA | E-filing third circuit docs | 0.50 | 190.84 | 95.42 |
| 01-16-2024 | MA | Attention to drafting letter from KHR to court re case caption and client initials, send same to KHR for review | 0.40 | 190.84 | 76.34 |
| 01-17-2024 | MA | E-file case caption letter re use of client's full name | 0.20 | 190.84 | 38.17 |
| 02-29-2024 | JR | Attention to mediation preparation; settlement strategy. | 1.50 | 572.53 | 858.80 |
| 03-18-2024 | MA | Attention to mediation statement draft | 1.00 | 190.84 | 190.84 |
| 03-19-2024 | JR | Continued attention to mediation statement | 1.40 | 572.53 | 801.54 |
| 03-20-2024 | JR | Further attention to mediation statement | 0.50 | 572.53 | 286.27 |
| 03-21-2024 | KR | Review & revise draft mediation statement | 1.50 | 566.16 | 849.24 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 04-03-2024 | KR | Emails & phone calls w mediator re viability of settlement | 0.70 | 566.16 | 396.31 |
| 04-08-2024 | KR | Emails & phone calls w client re mediation | 1.00 | 566.16 | 566.16 |
| 04-09-2024 | KR | Emails w client re mediation logistics | 0.30 | 566.16 | 169.85 |
| 04-10-2024 | KR | Phone call w client re mediation logistics; review & revise draft proxy letter | 2.00 | 566.16 | 1,132.32 |
| 04-10-2024 | MA | Attention to drafting proxy letter | 1.00 | 190.84 | 190.84 |
| 04-15-2024 | KR | Phone call w client re proxy letter; revise proxy letter per clients' instructions | 1.50 | 566.16 | 849.24 |
| 04-15-2024 | KR | Phone call w mediator re upcoming mediation | 0.30 | 566.16 | 169.85 |
| 04-15-2024 | KR | Phone call w/ client re discussion w/ mediator and mediation cancellation | 0.40 | 566.16 | 226.46 |
| 04-16-2024 | KR | Emails w/ client re update re mediator | 0.20 | 566.16 | 113.23 |
| 04-16-2024 | KR | Emails w/ mediator re client discussion/decision re mediation | 0.60 | 566.16 | 339.70 |
| 04-16-2024 | KR | Telephone calls and emails re mediation; attention to settlement strategy | 1.00 | 566.16 | 566.16 |
| 04-17-2024 | KR | email to client re case status and issues; review scheduling notices; emails with mediator | 0.40 | 566.16 | 226.46 |
| 05-21-2024 | KR | Review & revise draft extension request | 0.20 | 566.16 | 113.23 |
| 05-21-2024 | MA | Draft extension request letter; send same to JR & KR for review | 0.50 | 190.84 | 95.42 |
| 05-30-2024 | MA | Attention to first draft of appendix | 1.00 | 190.84 | 190.84 |
| 06-06-2024 | AC | Conducted legal research regarding the legal question of proportionality and attorney fees; Strategy meeting with supervising attorney for debriefing of case and assignments. | 1.00 | 254.46 | 254.46 |
| 06-06-2024 | GE | Meeting w/ John re Augustyn w/ focus on Palmer case in 3rd circuit; Attention to Palmer research re brief for Augustyn | 4.40 | 254.46 | 1,119.62 |
| 06-07-2024 | GE | Continued attention to Palmer research re brief for Augustyn; Meeting w/ John re Palmer results | 1.70 | 254.46 | 432.58 |
| 06-10-2024 | AC | Performed legal research for the question of proportionality regarding the case | 2.00 | 254.46 | 508.92 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06-10-2024 | GE | Researched "partial success on the merits", Palmer, and related case law; completed summarizing memo | 3.80 | 254.46 | 966.95 |
| 06-11-2024 | JR | Attention to legal research, briefing strategy.<br><br>Meeting with law clerks (not billed). | 1.50 | 572.53 | 858.80 |
| 06-11-2024 | AC | Continued legal research for the question of proportionality regarding the case; Met w/ JR & GE to discuss the legal research strategy and reviewed the case file | 2.00 | 254.46 | 508.92 |
| 06-11-2024 | GE | Meeting w/ John & Avery - research update and brief strategizing | 1.50 | 254.46 | 381.69 |
| 06-12-2024 | GE | Researched treaties and case law on the extent to which the notice of appeal will limit arguments on upcoming brief, emailed same to JR | 3.40 | 254.46 | 865.16 |
| 06-12-2024 | AC | Researched factual questions regarding school financial status and insurance. Searched through B.O.E meeting minutes and documents, Prepared Fact Statement Writing in order to organize the procedural history and map out the judicial opinion rendered; Reviewed the first brief to map out arguments our side made to see what can be brought forth in our answer. | 2.00 | 254.46 | 508.92 |
| 06-13-2024 | AC | Continued research on factual questions regarding school financial status and insurance. Searched through B.O.E meeting minutes and documents, Reviewed the first brief to map out arguments our side made to see what can be brought forth in our answer | 2.00 | 254.46 | 508.92 |
| 06-17-2024 | GE | Researched supporting authority sources and drafted advocate outline for 3rd Circuit brief; Completed point/part 1 of outline and began part 2; plus 30 min of admin work | 4.50 | 254.46 | 1,145.07 |
| 06-18-2024 | AC | Reviewed the file for more factual information | 1.00 | 254.46 | 254.46 |
| 06-18-2024 | GE | Continued research of supporting authority sources and drafted part/point 2 of advocate outline for point 3rd Circuit brief; Completed and sent outline; plus 30 min of admin work | 4.50 | 254.46 | 1,145.07 |
| 06-20-2024 | GE | Researched and took notes on sources of authority for 3rd Circuit brief; re: further support for points on prevailing party and proportionality/fee reduction severity, and on possible counterarguments | 3.50 | 254.46 | 890.61 |
| 06-21-2024 | GE | GE - Continued Research and note-taking on sources of authority for 3rd Circuit brief; re: further support for points on prevailing party and proportionality/fee reduction severity, possibility of argument based on stay-put order, and law | 3.50 | 254.46 | 890.61 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | surrounding "fees-on-fees" (the Phase IV fees) | | | |
| 06-24-2024 | GE | Research supporting authority sources for counterargument to Phase IV fee reduction and legal effects of stay put orders; met w/ JR to discuss the submitted outline and the 3rd Circuit brief; 0.5 admin work re same | 4.50 | 254.46 | 1,145.07 |
| 06-25-2024 | AC | Review file to confirm correct facts in Notes | 1.00 | 254.46 | 254.46 |
| 06-25-2024 | GE | Attention to composing first draft of 3rd Circuit brief; reviewed documents for the brief drafting; conduction additional/supplemental research for the brief drafting; 0.5 of admin work re same | 5.00 | 254.46 | 1,272.30 |
| 06-26-2024 | GE | Continued attention to composing first draft of the 3rd Circuit brief; ongoing/supplemental research for the brief drafting; 0.5 of admin work re same | 4.50 | 254.46 | 1,145.07 |
| 06-27-2024 | GE | Continued attention to composition of 3rd Circuit brief; further document review for brief citations/ appendix; referenced reviewed research for brief drafting; 0.5 of admin work re same | 5.00 | 254.46 | 1,272.30 |
| 06-28-2024 | GE | Attention to further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/supplemental research for brief support/ citations. | 3.00 | 254.46 | 763.38 |
| 06-29-2024 | GE | Further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/ supplemental research for the brief support/ citations | 8.30 | 254.46 | 2,112.02 |
| 06-30-2024 | GE | Further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/ supplemental research for the brief support/ citations | 8.30 | 254.46 | 2,112.02 |
| 07-01-2024 | GE | Further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/ supplemental research for the brief support/ citations; brief meeting w/ John | 4.50 | 254.46 | 1,145.07 |
| 07-02-2024 | GE | Further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/ supplemental research for the brief support/ citations | 7.80 | 254.46 | 1,984.79 |
| 07-03-2024 | GE | Further composition of 3rd Circuit brief first draft; reviewed/referenced previous research; additional/ supplemental research for the brief support/ citations | 8.00 | 254.46 | 2,035.68 |
| 07-08-2024 | GE | Incidental research on/refinement of argument for/ in 3rd Circuit brief draft | 1.00 | 254.46 | 254.46 |
| 07-09-2024 | GE | Argument refinement for 3rd Circuit brief draft | 1.50 | 254.46 | 381.69 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07-10-2024 | GE | Further research on/refinement of arguments for/in 3rd Circuit brief draft | 2.00 | 254.46 | 508.92 |
| 07-11-2024 | AC | Legal Research | 2.00 | 254.46 | 508.92 |
| 07-12-2024 | GE | Meeting with John and A.D. (Augustyn) | 1.00 | 254.46 | 254.46 |
| 07-16-2024 | AC | Legal Research | 3.00 | 254.46 | 763.38 |
| 07-16-2024 | GE | Admin tasks (doc review/compiling/sending) related to Augustyn Matter/3rd Cir. brief | 2.50 | 254.46 | 636.15 |
| 07-17-2024 | JR | Continued attention to legal research re standard of review | 3.50 | 572.53 | 2,003.86 |
| 07-17-2024 | AC | Legal Research DNJ; Legal Briefing | 6.00 | 254.46 | 1,526.76 |
| 07-17-2024 | JR | Attention to legal research re standard of review. | 1.50 | 572.53 | 858.80 |
| 07-18-2024 | JR | Attention to drafting and revising opening brief | 4.30 | 572.53 | 2,461.88 |
| 07-19-2024 | GE | Meeting with John, Megan, Avery, and A.D. (re: Augustyn/3rd Cir. brief) | 1.00 | 254.46 | 254.46 |
| 07-19-2024 | AC | Legal Strat Meeting; Appendix setup | 6.00 | 254.46 | 1,526.76 |
| 07-22-2024 | GE | Incidental tasks for 3d Cir Brief; call/meeting w/ John | 0.50 | 254.46 | 127.23 |
| 07-22-2024 | AC | Legal Research; Legal Appendix formation | 6.00 | 254.46 | 1,526.76 |
| 07-23-2024 | AC | Continued attention to creating appendix for brief | 5.00 | 254.46 | 1,272.30 |
| 07-24-2024 | JR | Further attention to drafting and revising opening brief. Supervision meeting with junior team re appendix. | 4.70 | 572.53 | 2,690.89 |
| 07-24-2024 | AC | Continued attention to brief appendix | 6.00 | 254.46 | 1,526.76 |
| 07-24-2024 | GE | Editing and completing/checking citations for 3rd Circuit (Augustyn matter) brief; meeting w/ John and Avery | 5.50 | 254.46 | 1,399.53 |
| 07-24-2024 | MA | Attention to appendix for brief, send same to JR, AC, & AD for review | 2.50 | 190.84 | 477.10 |
| 07-25-2024 | MA | Continued attention to appendix & revisions, send same to JR, AC, & AD for review | 1.10 | 190.84 | 209.92 |
| 07-25-2024 | GE | 3d Cir Brief editing (and incidental research and document review to that end) | 5.50 | 254.46 | 1,399.53 |
| 07-25-2024 | JR | Further attention to reviewing and revising | 4.20 | 572.53 | 2,404.63 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | opening brief and appendix. | | | |
| 07-25-2024 | AC | Legal research/continued attention to brief and appendix | 4.50 | 254.46 | 1,145.07 |
| 07-26-2024 | AC | Legal Briefing/Research | 5.00 | 254.46 | 1,272.30 |
| 07-26-2024 | MA | Continued attention to appendix; create cover page & send same to JR, AC, & AD for review | 0.40 | 190.84 | 76.34 |
| 07-26-2024 | MA | Continued attention to brief appendix; send same AC for review & citations | 0.60 | 190.84 | 114.50 |
| 07-26-2024 | GE | 3d Cir Brief editing (and incidental research and document review to that end) | 3.80 | 254.46 | 966.95 |
| 07-27-2024 | KR | Review & revise brief and appendix | 1.70 | 566.16 | 962.47 |
| 07-28-2024 | GE | 3d Cir Brief editing (and incidental research and document review to that end) | 5.00 | 254.46 | 1,272.30 |
| 07-28-2024 | KR | Review and revise 3rd Circuit brief, including addition of new argument | 1.50 | 566.16 | 849.24 |
| 07-29-2024 | GE | 3d Cir Brief editing (and incidental research and document review to that end) | 3.50 | 254.46 | 890.61 |
| 07-29-2024 | AC | Continued attention to appendix and finalizing same | 5.00 | 254.46 | 1,272.30 |
| 07-29-2024 | MA | Attention to finalizing brief & appendix, work with KR & AC to double check all details before submitting; e-file third circuit brief | 8.50 | 190.84 | 1,622.14 |
| 07-29-2024 | KR | Attention to finalizing brief & appendix, work with MA & AC to double check all details before submitting | 6.50 | 566.16 | 3,680.04 |
| 08-01-2024 | MA | Attention to motion for leave to file brief & appendices out of time; attention to separating appx into two volumes as per Court's request | 2.40 | 190.84 | 458.02 |
| 08-05-2024 | MA | Continued attention to motion for leave to file brief & appendices out of time, send same to JR & KR for review & approval; e-file motion to file out of time and vol 2 of appx | 2.90 | 190.84 | 553.44 |
| 08-08-2024 | GE | A104 - Review / analyze<br><br>Document review of oppostion's 3rd Cir. cross appeal brief; research, note-taking, argument summary drafting for/on that 3rd Cir. Cross appeal brief | 3.50 | 254.46 | 890.61 |
| 08-13-2024 | GE | A103 - Draft / revise | 2.00 | 254.46 | 508.92 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Completing/drafting summary of arguments within the opposition's 3rd Cir. cross appeal brief | | | |
| 08-29-2024 | GE | A103 - Draft / revise<br><br>Document review of Wall's 3d Cir. Brief and related materials; Drafting reply brief to Wall's 3d Cir. cross-appeal brief; Incidental research for brief drafting | 5.00 | 254.46 | 1,272.30 |
| 08-30-2024 | GE | A103 - Draft / revise<br><br>Document review of Wall's 3d Cir. Brief and related materials; Drafting reply brief to Wall's 3d Cir. cross-appeal brief; Incidental research for brief drafting | 5.00 | 254.46 | 1,272.30 |
| 09-02-2024 | GE | A103 - Draft / revise<br><br>Revising the reply brief draft from previous week; Drafting reply brief to Wall's 3d Cir. cross-appeal brief; Document review of Wall's 3d Cir. Brief and related materials; Incidental research for brief drafting | 4.00 | 254.46 | 1,017.84 |
| 09-03-2024 | GE | A103 - Draft / revise<br><br>Revising the reply brief draft from previous week; Drafting reply brief to Wall's 3d Cir. cross-appeal brief; Document review of Wall's 3d Cir. Brief and related materials; Incidental research for brief drafting | 4.00 | 254.46 | 1,017.84 |
| 09-04-2024 | JR | Preliminary attention to rough draft of reply brief; legal research re same. | 3.30 | 572.53 | 1,889.35 |
| 09-05-2024 | GE | A103 - Draft / revise<br><br>Drafting/Formatting Table of Content and Table of Authorities for Reply Brief to Wall's 3d Cir. cross - appeal brief | 1.00 | 254.46 | 254.46 |
| 09-05-2024 | AC | Legal Research | 2.00 | 254.46 | 508.92 |
| 09-11-2024 | MA | Print, collate, travel to and from FedEx to send our reply to Wall's cross appeal in hard copy to 3rd circuit | 4.00 | 190.84 | 763.36 |
| 09-12-2024 | AC | Reviewed appeal for accuracy and applied citations for Third Circuit Appeal | 5.00 | 254.46 | 1,272.30 |
| 09-13-2024 | GE | A102 - Research<br><br>Pulled off of PACER the initial brief in HE v. Palmer (3d Cir) to cite/reference in 3d Cir Reply Brief | 1.50 | 254.46 | 381.69 |
| 09-16-2024 | GE | A103 - Draft / revise | 2.00 | 254.46 | 508.92 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Drafting/Added citations to 3d Cir Reply Brief; Research on Dept. of Educ. budget for Reply Brief citation | | | |
| 09-16-2024 | JR | Review and revise reply brief; legal research re same. | 2.30 | 572.53 | 1,316.82 |
| 09-17-2024 | JR | Review and revise reply brief; legal research re same. | 3.60 | 572.53 | 2,061.11 |
| 09-17-2024 | GE | Drafting/Formatting Table of Contents and Table of Authorities for 3d Cir Reply Brief | 2.00 | 254.46 | 508.92 |
| 09-17-2024 | KR | Review & revise reply brief | 0.70 | 566.16 | 396.31 |
| 09-18-2024 | MA | E-file 3rd third step reply brief | 0.20 | 190.84 | 38.17 |
| 09-18-2024 | JR | Finalize reply brief; legal research re same. | 4.50 | 572.53 | 2,576.39 |
| 10-31-2024 | MA | Print, collate, travel to and from FedEx to send our 3rd Step reply brief & appx in hard copy to 3rd circuit | 3.00 | 190.84 | 572.52 |
| 12-12-2024 | MA | Download & complete the acknowledgment form; send same to JR for review | 0.60 | 190.84 | 114.50 |
| 12-18-2024 | MA | E-file acknowledgement form | 0.20 | 190.84 | 38.17 |
| 03-21-2025 | KR | Review supplemental brief & strategy re same | 1.00 | 566.16 | 566.16 |
| 03-21-2025 | GE | A102 - Research<br>Task meeting w/ John; Document/case law review to edit/cite Supplemental Brief in response to Lackey decision; Citing/editing Supplemental Brief | 4.50 | 254.46 | 1,145.07 |
| 03-25-2025 | MA | E-file supplemental brief | 0.20 | 190.84 | 38.17 |
| | | | **Total** | | 98,430.21 |

## Time Summary

| Professional | Hours | Amount |
|---|---|---|
| Avery Covington | 66.50 | 16,921.59 |
| Greg Eyen | 157.00 | 39,950.22 |
| John Rue | 36.80 | 21,069.14 |
| Krista Rue | 25.10 | 14,210.61 |
| Megan Atkinson | 32.90 | 6,278.65 |
| **Total** | | 98,430.21 |

## Expenses

| Expense | Description | Amount |
|---|---|---|
| None | FedEx - mailing hard copies of Brief and Appendix to Third Circuit | 278.32 |
| None | FedEx - binding hard copies for Brief and Appendix | 23.07 |

| Expense | Description | Amount |
| --- | --- | --- |
| None | Target: reply brief covers - yellow | 11.32 |
| None | FedEx: coil bind seven (7) reply brief hard copies for third circuit | 32.93 |
| None | FedEx: mail seven (7) reply brief hard copies to the third circuit, 2-day | 37.25 |
| None | Notice of Appeal fee | 605.00 |
| | **Total Expenses** | 987.89 |

| | |
| --- | --- |
| **Total for this Invoice** | 99,418.10 |
| **Current Account Balance** | 99,418.10 |
| Trust Balance | 0.00 |
| **Total Amount to Pay as of 11-11-2025** | 99,418.10 |

# Exhibit B

**John Rue & Associates LLC**
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540
(862) 283-3155

November 20, 2025

**Dena Augustyn**
1287 Bradford Run
Spring Lake Heights, NJ 07762

**Invoice Number: 114**
Invoice Period: 11-23-2022 - 11-20-2025

**RE: Augustyn**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01-19-2023 | JR | Attention to settlement issues, call w/ DS | 1.20 | 572.53 | No Charge |
| 04-27-2023 | TN | E-filing | 0.20 | 190.84 | No Charge |
| 07-03-2025 | MA | Draft letter for adjournment, send same to JDR for approval; e-file same | 0.60 | 190.84 | 114.50 |
| 07-08-2025 | MA | Print documents for brief | 0.50 | 190.84 | 95.42 |
| 07-15-2025 | MA | Emails (3) w/ JR re pro formas; generate pro formas (two sets - one before appeal, one after) | 0.60 | 190.84 | 114.50 |
| 08-07-2025 | KR | Emails to clients re case updates, settlement conference, & letter of delegation of authority | 0.50 | 566.16 | 283.08 |
| 08-11-2025 | KR | Email to JR & MA re potential settlement availability dates from clients | 0.50 | 566.16 | 283.08 |
| 08-20-2025 | KR | Email w/ client re settlement conference availability through 9/19 | 0.20 | 566.16 | 113.23 |
| 09-09-2025 | KR | Review draft letter to J. Quinn re settlement dates | 0.20 | 566.16 | 113.23 |
| 09-09-2025 | MA | Draft letter to J. Quinn w/ available settlement dates, send same to JDR for approval; email same to J. Quinn email | 0.70 | 190.84 | 133.59 |
| 09-12-2025 | KR | Emails (2) w/ clients re availability on 9/24 for settlement conference | 0.40 | 566.16 | 226.46 |
| 09-15-2025 | MA | Draft notice of appearance for KR & JDR withdrawal, email same to KR for approval; e-file same | 0.80 | 190.84 | 152.67 |
| 09-15-2025 | KR | Review draft notice of appearance & withdrawal of | 0.30 | 566.16 | 169.85 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | JDR | | | |
| 09-25-2025 | KR | Emails (3) w/ MA re scheduled surgery and virtual attendance request for upcoming proceeding; review draft letter re same, revise and send updates back to MA for filing | 0.50 | 566.16 | 283.08 |
| 09-25-2025 | MA | Draft letter to court re KR surgery and virtual attendance request, send same to KR for approval/ revision | 0.70 | 190.84 | 133.59 |
| 09-26-2025 | MA | Emails (4) w/ KR re letter to court, attention to revisions; email same to J. Quinn | 0.70 | 190.84 | 133.59 |
| 09-26-2025 | KR | Emails (5) w/ MA re letter to J. Quinn and last minute revisions, approve sending same to J. Quinn | 0.30 | 566.16 | 169.85 |
| 10-03-2025 | KR | Email w/ client re virtual attendance | 0.20 | 566.16 | 113.23 |
| 10-06-2025 | KR | Emails w/ MA re settlement letter and letter of authority | 0.60 | 566.16 | 339.70 |
| 10-06-2025 | MA | Emails (8) w/ KR re settlement letter & delegation of authority letter | 0.90 | 190.84 | 171.76 |
| 10-06-2025 | JR | Attention to file; draft settlement position statement to the court. | 3.50 | 572.53 | 2,003.86 |
| 10-07-2025 | MA | Continued attention to settlement letter and letter of authority, emails (4) w/ KR re same; send final settlement letter over to J. Quinn | 0.80 | 190.84 | 152.67 |
| 10-07-2025 | KR | Email (2) w/ clients re settlement, letter of authority, and scheduling a call re same | 0.50 | 566.16 | 283.08 |
| 10-08-2025 | KR | Emails (2) w/ clients re settlement, letter of authority; call w/ D. Augustyn re same | 1.00 | 566.16 | 566.16 |
| 10-09-2025 | KR | Emails (2) w/ clients re mediation and the District's latest offer | 0.40 | 566.16 | 226.46 |
| 10-09-2025 | MA | Email w/ clients re scheduling call w/ KR for 10/9 | 0.20 | 190.84 | 38.17 |
| 10-10-2025 | KR | Emails (3) w/ clients re mediation and the District's latest offer; call w/ D. Augustyn re same | 0.90 | 566.16 | 509.54 |
| 10-12-2025 | KR | Email to MA re following up on letter request to J. Quinn re virtual settlement conference | 0.20 | 566.16 | 113.23 |
| 10-14-2025 | KR | Follow up emails(3) to MA re following up on letter request to J. Quinn re virtual settlement conference | 0.50 | 566.16 | 283.08 |
| 10-14-2025 | MA | Emails (6) w/ KR re letter request to J. Quinn for a virtual settlement conference; call J. Quinn chambers since no response had been received, | 0.70 | 190.84 | 133.59 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | update KR on clerk's response | | | |
| 10-14-2025 | MA | Email clients to let them know the settlement conference will be virtual and that details will be sent when received | 0.20 | 190.84 | 38.17 |
| 10-15-2025 | MA | Emails (3) w clients re settlement conference virtual info (none received yet for 10/16 conf); call J. Quinn's chamber re same | 0.50 | 190.84 | 95.42 |
| 10-15-2025 | MA | Forward emailed virtual settlement conference info | 0.20 | 190.84 | 38.17 |
| 10-15-2025 | KR | Email w/ clients re virtual conference details, ask MA to follow up w/ J. Quinn's chambers for missing info | 0.30 | 566.16 | 169.85 |
| 10-15-2025 | KR | Emails(2) w/ clients re pre-settlement conference call on 10/16 | 0.30 | 566.16 | 169.85 |
| 10-16-2025 | KR | Call w/ clients before settlement conference | 0.30 | 566.16 | 169.85 |
| 10-16-2025 | KR | Attend virtual settlement conference w/ clients; preparation for and follow-up to same | 6.00 | 566.16 | 3,396.96 |
| 10-30-2025 | MA | Email w/ KR re upcoming brief & due date; update calendar re same | 0.20 | 190.84 | 38.17 |
| 11-05-2025 | MA | Attention to updating invoices for the brief on the fees | 0.50 | 190.84 | 95.42 |
| 11-05-2025 | KR | Attention to the brief on the fees; emails(5) w/ MA re updated pro formas for same | 1.00 | 566.16 | 566.16 |
| 11-09-2025 | JR | Attention to drafting brief on the fees | 4.50 | 572.53 | 2,576.39 |
| 11-10-2025 | KR | Attention to the briefing and legal research; draft KHR affirmation; analysis of pro formas | 5.70 | 566.16 | 3,227.11 |
| 11-10-2025 | JR | Attention to pro formas | 1.70 | 572.53 | 973.30 |
| 11-10-2025 | DS | Review/revise draft brief in support of fee application; draft inserts for brief; draft detailed email regarding revisions and strategy for fee application. | 4.50 | 566.16 | 2,547.72 |
| 11-11-2025 | DS | Analyze pro forma invoices for appeal and post-appeal periods and draft/revise section of brief relating to "Phase V" fees; review/revise/finalize brief and supporting affirmation. | 4.00 | 566.16 | 2,264.64 |
| 11-12-2025 | MA | Attention to LexisNexis research of cases to support responsive brief; summarize relevant cases and send same to JR & KR | 2.10 | 190.84 | 400.76 |
| 11-13-2025 | MA | Continued attention to LexisNexis research of cases to support responsive brief; utilize LN | 5.70 | 190.84 | 1,087.79 |

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | research assistance for multiple searches w/ detailed search strings; summarize all relevant cases and send same to JR & KR | | | |
| 11-15-2025 | MA | Re-activate LN searches from previous search strings & send same to KR & JR for further review | 0.50 | 190.84 | 95.42 |
| 11-16-2025 | JR | Attention to researching cases for responsive brief to Wall's opposition and drafting same | 3.00 | 572.53 | 1,717.59 |
| 11-16-2025 | KR | Attention to drafting responsive brief to Wall's opposition; emails to JR & DS re same | 1.50 | 566.16 | 849.24 |
| 11-17-2025 | MA | Attention to responsive brief draft; complete cites and formatting, add cover page, ToC, ToA, and draft KHR certification; send same to KR, JR, & DS for review and approval | 2.50 | 190.84 | 477.10 |
| 11-17-2025 | DS | Attention to reviewing and revising responsive brief | 1.00 | 566.16 | 566.16 |
| 11-18-2025 | KR | Draft and revise opposition to Wall's motion to strike | 2.10 | 566.16 | 1,188.94 |
| 11-19-2025 | KR | Further attention to drafting and revising opposition to motion to strike | 1.50 | 566.16 | 849.24 |
| 11-19-2025 | MA | Attention to preliminary drafting of letter to Court re #92; send same to KR for review and revision; e-file letter on ECF | 1.00 | 190.84 | 190.84 |
| 11-20-2025 | KR | Draft letter to Judge Day re Motion to Strike; attention to creating corrected opposition brief, at the urging of Judge Day | 0.60 | 566.16 | 339.70 |
| 11-20-2025 | MA | Attention to revising pro forma and certification, attention to filing logistics re letter to Judge Day and corrected brief and certification. | 1.00 | 190.84 | 190.84 |
| | | | **Total** | | 31,775.05 |

## Time Summary

| Professional | Hours | Amount |
|---|---|---|
| Donald Soutar | 9.50 | 5,378.52 |
| John Rue | 13.90 | 7,271.14 |
| Krista Rue | 26.50 | 15,003.24 |
| Megan Atkinson | 21.60 | 4,122.15 |
| Tara Nutter | 0.20 | 0.00 |
| **Total** | | 31,775.05 |

| | |
|---|---|
| **Total for this Invoice** | 31,775.05 |
| **Current Account Balance** | 31,775.05 |
| Trust Balance | 0.00 |
| **Total Amount to Pay as of 11-20-2025** | 31,775.05 |

# Exhibit C

Krista Rue, Esq.
Rue Law Group[1]
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Micayla Augustyn,<br>*Plaintiff*,<br>v.<br>Wall Township Board of Education,<br>*Defendant*. | Civil Action No. 3:20-cv-05218 (JBD)<br><br>**RETURN DATE: DECEMBER 15, 2025** |

**PLAINTIFF'S RESPONSIVE BRIEF**

Krista Rue, Esq.
On the Brief

[1] John Rue & Associates, LLC recently registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. THE MANDATE CONTROLS AND THE LODESTAR DETERMINATIONS ARE THE LAW OF THE CASE ........ 2

II. WALL'S LIMITED-SUCCESS ARGUMENT FAILS UNDER CONTROLLING THIRD CIRCUIT LAW. ........ 3

III. FEES-ON-FEES ARE GOVERNED BY THE MANDATE, AND ONLY THE APPELLATE PORTION REQUIRES FRESH REVIEW ........ 5

A. THE PRE-APPELLATE FEES-ON-FEES ARE FIXED UNDER THE MANDATE AND THE LAW OF THE CASE ........ 5

B. APPELLATE AND REMAND FEES ARE REASONABLE AND REFLECT SUBSTANTIAL BILLING JUDGEMENT ........ 6

1. THE APPELLATE HOURS ARE FACIALLY REASONABLE AND THE PRODUCT OF EFFICIENT STAFFING ........ 7

2. THE REMAND HOURS HAVE ALREADY BEEN REDUCED BY 25 PERCENT ........ 9

3. COMBINED, PHASE V REPRESENTS RESTRAINED, NOT EXPANSIVE, BILLING ........ 10

IV. THE DELAY ADJUSTMENT IS A MECHANICALY CONTINUATION OF WHAT THIS COURT ALREADY ACCEPTED ........ 10

V. WALL'S NEGOTIATION CONDUCT HAS UNREASONABLY PROTRACTED THE LITIGATION ................11

CONCLUSION ........................................................................................... 1~~3~~4

**TABLE OF AUTHORITIES**

***Cases*** ***Page***

*Augustyn v. Wall Twp. Bd. of Educ.*, 139 F.4th 252, 262 (3d Cir. 2025)..........3,5,110

*Coley v. N.J. Supreme Court*, 2025 U.S. Dist. Lexis 56148 (D.N.J. Mar. 20, 2025)..........11,12

*Cunningham v. McKeesport*, 807 F.2d 49, 52-53 (3d Cir. 1986)..........7

*D.K. v. United Behavioral Health*, No. 2:17-CV-01328-DAK, 2023 U.S. Dist. LEXIS 178492 (D. Utah Oct. 3, 2023)..........7,8

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)..........4,5

~~*20100 Eastex, LLC v. Saltgrass, Inc.*, 2025 U.S. Dist. LEXIS 203070..........7,8~~

*Joshua David Mellberg, LLC v. Will*, 639 F. Supp. 3d 926 (D. Ariz. 2022)..........8,9

*Shelton v. Rest..com Inc.,* Civil Action No. 10-824 (MAS) (DEA), 2016 U.S. Dist. LEXIS 176785, (D.N.J. Dec. 21, 2016)..........9,10

**Statutes and Rules**

20 U.S.C. § 1415(i)(3)(G)..........11,12

**PRELIMINARY STATEMENT**

The Third Circuit fully resolved the central issues in this fee dispute. It affirmed Plaintiff's prevailing-party status, accepted the lodestar previously accepted by this Court (without dispute from Defendant), and vacated only the reductions imposed on improper grounds. The lodestar analysis and the adopted methodology for adjusting rates to account for delay in payment remain intact.

The hours and baseline rates for Phases II through IV, including the methodology for updating those rates to current levels, were expressly accepted by this Court, never challenged by Defendant, and left undisturbed on appeal. Those determinations are therefore fixed as the law of the case. Although the Third Circuit noted that some discretion may remain to account for limited success, Plaintiff's complete exclusion of Phase I already accounts for that factor in full. No further reduction is available under the mandate. The only tasks on remand are to apply the same delay-adjustment methodology this Court previously approved and to calculate reasonable compensation for the post-judgment work using those previously adopted rates and adjustment principles.

Defendant's submission attempts to relitigate issues foreclosed by the mandate. Wall reasserts the limited-success theory the Third Circuit expressly rejected, relies on characterizations drawn from the concurrence rather than the majority, and seeks reductions untethered from any permissible factor.

The mandate controls. The improper reductions must be removed. The lodestar, updated to current rates to account for delay in payment, supplemented by the reasonable appellate and remand work, should be awarded in full.

**ARGUMENT.**

**I. The Mandate Controls and the Lodestar Determinations Are the Law of the Case**

The Third Circuit vacated the prior fee award because this Court reduced the accepted lodestar based on impermissible considerations. It did not reopen any component of the lodestar. This Court has already found that the hours expended and the blended hourly rates for Phases II through IV were reasonable. Defendant did not dispute those findings in 2021, did not challenge them on appeal, and the Court of Appeals expressly noted that the lodestar had been accepted in full. Those determinations remain binding.

The delay-adjusted rates stand on the same footing. Plaintiff explained in 2021 that its then-current rates were appropriate and described the 3.5 percent annualized adjustment (to a previously approved rate by this Court) required to account for delay in payment. Defendant never opposed that methodology. This Court necessarily adopted it when it accepted the lodestar. Because the delay-adjustment methodology was part of the lodestar itself, and because neither party challenged it, it remains fixed on remand. Updating the calculation of current rates

to reflect additional delay through the anticipated award date in early 2026 is not a new request. It is the mechanical continuation of the same accepted approach.

Defendant's submission disregards these constraints. It seeks to re-open the reasonableness of hours and rates, invites the Court to revisit determinations affirmed or left untouched on appeal, and relies heavily on a concurrence that carries no precedential force. The mandate requires the opposite. The lodestar is accepted. The reductions were vacated. Nothing in Defendant's position permits re-litigation of settled findings.

## II. Wall's Limited-Success Argument Fails Under Controlling Third Circuit Law.

Defendant's position rests almost entirely on its theory that Plaintiff's success was too limited to warrant a full fee award. That argument cannot survive the majority opinion. The Third Circuit held that Plaintiff vindicated a statutory right under the IDEA and obtained judicially sanctioned relief that materially altered the legal relationship between the parties. It rejected the premise that the victory could be discounted as "merely procedural" or "hollow," and it rejected each factor this Court relied on when imposing the earlier reductions. *Augustyn v. Wall Twp. Bd. of Educ*., 139 F.4th 252, 262 (3d Cir. 2025). Under the mandate, the limited-success theory cannot justify any further reduction.

The Third Circuit acknowledged that a district court retains some discretion to make reductions for limited success, but only "if this factor was for some reason

not already subsumed in its calculation of the lodestar." *Id*. Here, it is entirely subsumed. While on appeal, Plaintiff voluntarily eliminated the whole of Phase I even though portions of that work supported the surviving claim, including mediation and the drafting of the papers commencing the OAL proceeding. Once Phase I is removed, the remaining work reflects a single continuous effort directed at the claim on which Plaintiff prevailed, i.e., Plaintiff's right to a hearing on the grade adjustments. No part of Phases II through IV relates to an abandoned or unsuccessful theory. There was no limited success after Phase I.

The path of the litigation confirms this. Plaintiff sought a due process hearing on her grade-revision claim. The ALJ denied that right. Plaintiff appealed. This Court reversed and held that she was entitled to that hearing. Plaintiff applied for prevailing party fees, and was awarded them, after substantial reductions for specified reasons. Those reasons were reversed and vacated on appeal.

The Third Circuit confirmed that every hour spent preserving and presenting Plaintiffs' claim was tied directly to the successful issue and could not be excluded on the ground that the relief was procedural or that the ALJ had previously ruled against her. Defendant's attempt to revive the same rationale again uses the "results obtained" factor as a vehicle for the same impermissible considerations the Third Circuit identified and rejected. Plaintiff has already taken the steps that *Hensley*

requires.[2] She excluded all of Phase I, both as a concession regarding work tied to unsuccessful claims and as an exercise of conservative billing judgment.

Finally, Defendant's reliance on the concurrence is entirely misplaced. The concurrence supplies no rule of decision and cannot be used to narrow or contradict the majority. Only the majority opinion governs this remand. Under that opinion, the limited-success theory cannot be resurrected to reduce a lodestar that has been accepted and is the law of the case.

## III. Fees-on-Fees Are Governed by the Mandate, and Only the Appellate Portion Requires Fresh Review

### A. The Pre-Appellate Fees-on-Fees Are Fixed Under the Mandate and the Law of the Case

"[N]ow that Augustyn has been required to appeal the reduction in her fee application before this Court—and has prevailed—the District Court must reassess its 'fees on fees' award considering not only the fees incurred litigating the petition in the District Court, but also the additional costs incurred in this appeal, as well as the reevaluation of Phase II and Phase III fees." *Augustyn*, 139 F.4th at 262. Phase IV covers the period between this Court's merits judgment and its original fee decision. Defendant never challenged the reasonableness of the hours or the rates for that phase, and this Court accepted both as part of the lodestar. The only basis for reduction was the mechanical extension of the 80 percent Phase III cut into

[2] *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Phase IV. The Third Circuit rejected that approach without qualification, holding that reductions for fees-on-fees require an independent analysis and cannot be imported wholesale from the underlying merits phase.

Because the Third Circuit vacated only the reductions and left the lodestar determinations untouched, Phase IV is now fixed. The work was compensable, the rates were accepted, and the sole rationale ever offered for trimming those hours has been expressly disapproved. On remand, Phase IV must be compensated in full, updated only by the same delay-adjustment methodology this Court previously adopted.

### B. Appellate and Remand Fees Are Reasonable and Reflect Substantial Billing Judgment

Phase V covers all work performed after the original fee decision. It falls into two discrete categories: the work required to prosecute the appeal and the work required on this remand to implement the mandate. Each category is governed by the same principles this Court has already applied to the earlier phases. Each reflects disciplined staffing and conservative billing judgment. And unlike Phases II through IV, these hours have not previously been evaluated by the Court, making this the only part of the fee request that requires fresh review.

### 1. The appellate hours are facially reasonable and the product of efficient staffing

The appellate portion is the only segment of the fee request that has not yet been reviewed. The record shows deliberate and efficient staffing. Law clerks performed the bulk of the appellate work, including analysis, research, and drafting of both appellate briefs and the Appendix. Senior attorneys were used sparingly. This approach produced a blended hourly rate of approximately $316.82 for a full precedential appeal resulting in a complete reversal. That rate is far below prevailing norms for IDEA appellate litigation, and the hours are consistent with the complexity and volume of the issues presented.

Where defendants "relied on legal arguments properly rejected by the district court and by us, that no fee should be awarded at all," there is no basis to question the hours expended or fees requested. *Cunningham v. McKeesport*, 807 F.2d 49, 52-53 (3d Cir. 1986).

Federal courts routinely approve comparable or greater attorney time where the issues demand substantial briefing and record engagement. In *D.K. v. United Behavioral Health*, No. 2:17-CV-01328-DAK, 2023 U.S. Dist. LEXIS 178492 (D. Utah Oct. 3, 2023), the court accepted extensive hours, specifically, 229.1 hours for two attorneys, finding the work "warranted and effective." 2023 U.S. Dist. LEXIS 178492 at *7. The court emphasized the importance of detailed "researching and drafting" that led to a successful appeal. *Id.* The same is true here. Preparing and

presenting a precedential appeal required full review of the administrative and district court records, careful framing of the legal issues, and the preparation of an Appendix, two merits briefs, and a supplemental brief requested by the panel addressing questions the Third Circuit ultimately resolved in Plaintiff's favor. The hours expended fall squarely within the level of investment *D.K.* recognizes as reasonable.

The reasonableness of the appellate hours here is further supported by decisions recognizing that appeals often require more attorney time than trial-level briefing. In *D.K*, the court approved substantial hours for appellate and appellate-related litigation, noting that reframing issues for appellate review, reconstructing the record, and responding to complex legal questions necessarily demand significant attorney time. The court also acknowledged that collaborative drafting and multiple rounds of research are inherent features of effective appellate advocacy. Those same factors are present here, where Plaintiff's counsel assigned the majority of the analytical and drafting work to law clerks to reduce the amount of senior attorney time on the bill. Plaintiff's appeal required a methodical presentation of the procedural history, reconstruction of the record for a precedential decision, and development of the arguments that the Third Circuit ultimately adopted. Under *D.K.*, the hours spent fall well within the normal range for this type of work.

Courts also recognize that where the legal issues are significant and the outcome turns on the quality of the briefing, higher-hour submissions are reasonable. In *Joshua David Mellberg, LLC v. Will*, 639 F. Supp. 3d 926 (D. Ariz. 2022), the court upheld substantial hours as reasonable because sustained engagement with the legal and factual issues was necessary to achieve a successful result. The court stressed that efficient delegation of work to junior personnel further supported the reasonableness of the hours. That analysis fits this case exactly. Plaintiff staffed the appeal conservatively, assigning the bulk of the record review and drafting to law clerks at significantly lower rates while reserving senior attorney time for strategy and final revisions. The resulting blended rate and total hours reflect the same disciplined approach that *Mellberg* found to support a full fee award for 164.9 hours.

The appellate work in this case was not merely necessary. It obtained a precedential decision that corrected the legal errors the Third Circuit identified. Every argument raised by Plaintiff succeeded. Under these circumstances, the appellate hours are reasonable on their face and warrant full compensation.

**2. The remand hours have already been reduced by 25 percent**

This Court has held that the expenditure of 89.25 hours in addressing post-remand count proceedings, mediation, and fee briefing to be reasonable. *Shelton v. Rest..com Inc.,* Civil Action No. 10-824 (MAS) (DEA), 2016 U.S. Dist. LEXIS

176785, at *51 (D.N.J. Dec. 21, 2016). In the matter before this Court, Plaintiff's counsel is seeking compensation for 65.5 hours the post-remand proceedings. The remand portion reflects the preparation of the renewed fee application, supporting certifications, updated calculations, and this briefing. Plaintiff applied a voluntary twenty-five percent across-the-board reduction to account for any potential inefficiency. Even after that reduction, the blended rate remains well below market for federal fee litigation. This discretionary cut more than addresses any concern about the administration of the remand phase.

#### 3. Combined, Phase V represents restrained, not expansive, billing

Viewed together, the appellate and remand hours demonstrate consistent and conservative billing judgment. The appellate work was staffed economically and resulted in complete success. The remand work was voluntarily reduced before Court review. Nothing in Defendant's argument identifies any specific task or category of work that falls outside the compensable scope. Under the governing standard, Phase V should be awarded in full.

## IV. The Delay Adjustment Is a Mechanical Continuation of What This Court Already Accepted

The delay adjustment is not a new request. It is calculated using the same methodology Plaintiff presented in 2021, the same methodology Defendant never opposed, and the same methodology this Court implicitly adopted when it accepted

the lodestar rates in full. Plaintiff explained at that time that current rates were required to compensate for multi-year delay and identified a conservative 3.5 percent annual adjustment. This Court accepted those rates without qualification, and the Third Circuit left that determination undisturbed. *Augustyn*, 139 F.4th at 260.

Applying the same adjustment forward to the present award date is not discretionary. It is the mechanical continuation of the approach this Court already approved. The only change since 2021 is the passage of additional years. Because the original delay adjustment did not and could not account for subsequent delay, updating the rates is required to maintain parity with the previously accepted methodology and to ensure that counsel is compensated at current market rates. Defendant raises no argument to the contrary.

**V. Wall's Negotiation Conduct Has Unreasonably Protracted the Litigation.**

The IDEA provides that attorney's fees "shall not be reduced" where the school district has "unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(G). Plaintiff's opening brief explained how Wall's conduct meets that standard. [ECF #08893 at 18-21] Its most recent filing, seeking to "strike" this brief, reinforces that conclusion. *See Coley v. N.J. Supreme*

*Court*, 2025 U.S. Dist. Lexis 56148, *4-5 (D.N.J. Mar. 20, 2025).[3] Wall urges the Court to revisit issues the Third Circuit resolved, refuses to engage with the mandate, and continues the same pattern of obstruction that has prolonged this litigation at every stage.

The history of the parties' settlement discussions confirms the point. When judgment was entered on the merits, Plaintiff's lodestar stood at $148,619.25. Wall made no offer. Plaintiff then briefed the initial fee application, bringing the lodestar to $164,810.25. Wall still refused to negotiate. After further delay to allow for potential resolution, Plaintiff documented a lodestar of $198,901.50. Wall again declined to make a meaningful offer.

During the appeal, Plaintiff further narrowed the request by excluding all of Phase I and seeking only Phases II through IV, totaling $164,810.25, plus appellate fees. Despite this concession, and despite the efforts of the Third Circuit mediator, Wall's best offer remained $20,000, roughly ten percent of lodestar. Plaintiff was therefore required to fully litigate the appeal, incurring an additional $98,430.21 in attorney time.

---

[3] "Federal Rule of Civil Procedure 12(f) provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter' either on its own or on a party's motion. By its plain language, this rule applies only to pleadings, not other documents such as briefs or motions." Accordingly, **Plaintiffs' motion to strike portions of Defendants' brief . . . is improper**." *Id.* (emphasis added; internal citations omitted).

After Plaintiff prevailed on every issue in a precedential decision, Wall initially stated that it preferred to have the Court decide the full fee amount, making no response to Plaintiff's settlement proposals. Following the settlement conference, Wall's best offer was $50,000, approximately sixteen percent of lodestar, accompanied by the representation that it would "never" pay any amount reaching six figures, even though six figures would represent roughly one third of the lodestar. Plaintiff, by contrast, had offered to resolve the matter for approximately eighty percent of lodestar and indicated a willingness to continue negotiating. Plaintiff's offers reflected compromise for settlement only (intending to avoid the burden, expense and uncertainty of this briefing). They were not a measure of the full fee entitlement required by the governing statute and the mandate.

This record shows that Wall has given Plaintiff no plausible alternative to fully litigating the fee request at each stage of the case. Had Wall engaged in reasonable compromise following judgment, these fees could have been resolved for a fraction of what they are today. Under § 1415(i)(3)(G), where the school district's conduct has unreasonably protracted the resolution of the controversy, the Court may not impose a reduction. Wall's repeated refusal to negotiate, even after a precedential reversal in the Third Circuit accompanied by a narrow mandate on

remand, has made the current motion practice unavoidable and requires that the full amount be awarded.

**CONCLUSION**

The Third Circuit affirmed Plaintiff's status as a prevailing party, upheld the lodestar this Court accepted, and vacated only the reductions that rested on impermissible grounds. The law of the case forecloses any reopening of hours or rates for Phases II through IV, including the delay enhancement incorporated into the original lodestar. Phase IV fees-on-fees are now fixed because the only basis for reducing them has been expressly rejected. The appellate and remand work in Phase V is reasonable, conservatively billed, and supported by substantial staffing discipline and voluntary reductions.

Under the mandate, the recalculated fee award must reflect the full lodestar as accepted, updated to current rates, and supplemented by the reasonable and necessary work performed on appeal and remand. The requested award should be granted in full.

Finally, an additional ~~44.77~~49.9~~0~~ attorney hours, and ~~19~~21~~0~~.8 paralegal hours have been documented in association with this filing, as set forth in the attached Certification of Krista Rue, submitted concurrently with this brief.[4] These

[4] Subsumed into this number is 4.2 senior attorney time ($2,377.87) and 2~~1~~ hours of paralegal time ($190.84) devoted to drafting an opposition to Wall's improper "Motion to Strike," withheld

hours were necessary to prepare the response to Defendant's position and to complete the updated calculations required on remand. They yield a blended rate for this filing of $443.18.482.20.[5] The total amount now sought, inclusive of these additional hours, is $322,649.93320,081.22.

EPILOGUE

Defendant's latest submission introduces several new assertions that, if left unaddressed, could obscure the straightforward task required on remand. None withstand examination.

***First***, Wall argues that Plaintiff's appellate fees must be submitted to the Court of Appeals under Local Appellate Rule 108.1. That position misreads the Rule and ignores the structure of the IDEA. The Third Circuit did not retain jurisdiction, did not direct the parties to proceed under Rule 108.1, and returned the matter to this Court expressly for recalculation of the fF.e award.

> So, now that Augustyn has been required to appeal the reduction in her fee application before this Court—and has prevailed—**the District Court** must reassess its "fees on fees" award considering not only the fees incurred litigating the petition in the District Court, **but also the additional costs incurred in this appeal**, as well as the reevaluation of Phase II and Phase III fees.

---

from filing at the suggestion of the Court, to streamline these proceedings. Unlike the rest of the time since remand by the Third Circuit, no discount is applied to these numbers.

[5] The blended hourly rate attributable solely to this filing has increased because, unlike the rest of the time since remand by the Third Circuit, no voluntary discount is applied to the hours required to address issues created by Defendant's improper motion. These hours were necessitated solely by the filing of the Motion to Strike.

Formatted: Font: 12 pt

~~*Augustyn v. Wall Twp. Bd. of Educ.*, 139 F.4th 252 (3d Cir. 2025) (emphases added). Under the IDEA, it is the district court that awards reasonable fees for all work performed in connection with the action, including work performed on appeal, unless the appellate court directs otherwise. Nothing in the Mandate or Third Circuit Local Rules alters that. The appellate fees are therefore properly before this Court.~~

~~***Second***, Wall asserts that Plaintiff violated Rule 408 by referencing settlement discussions and positions taken during the pendency of the fee dispute. As explained in Plaintiff's opening brief, Rule 408 bars the use of settlement communications to prove or disprove liability. But it expressly permits their use for other purposes, including to show bad faith or conduct that unreasonably prolonged litigation. Plaintiff invokes those communications for that limited and permitted purpose, and for no other. The IDEA likewise directs that fees "shall not be reduced" where the district "unreasonably protracted the final resolution of the controversy." Nothing in Plaintiff's use of settlement history departs from those rules.~~

~~***Third***, Wall contends that the Third Circuit's vacatur of the prior fee award reopened the reasonableness of all hours and rates. The Mandate states otherwise. The Court of Appeals accepted the lodestar as accepted by this Court, identified the specific errors in the reductions applied, and remanded solely to recalculate the fee~~

using the lodestar that had already been accepted. Defendant did not challenge the hours or the rates below or on appeal. It is not entitled to a second bite at the apple. Those determinations are fixed as the law of the case.

***Fourth***, Wall's newly raised objections to Plaintiff's rate calculations rest on a misunderstanding of the methodology this Court previously approved. Plaintiff seeks only the application of the same delay-adjustment approach used in 2021. Updating the rates to reflect additional years of delay (largely caused by Wall) is a mechanical continuation of that previously accepted methodology.

***Finally***, none of Wall's specific criticisms of the appellate or remand hours overcome the record of conservative staffing and documented billing judgment. Law clerks performed the bulk of the appellate analysis and drafting, producing a blended rate far below prevailing norms for federal appellate fee litigation. Plaintiff further applied a twenty-five percent reduction to remand work. Wall identifies no task outside the compensable scope and no objection grounded in the mandate.

For these reasons, the clarifications above confirm that Defendant's new arguments provide no basis to deviate from the lodestar and delay-adjustment methodology already accepted. The full amount requested on this remand should be awarded.