**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICAYLA AUGUSTYN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218** |
| | ) | |
| | ) | |
| | ) | |
| **WALL TOWNSHIP BOARD OF** | ) | |
| **EDUCATION,** | ) | **Magistrate: J. Brendan Day** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**VERIFIED PETITION FOR ATTORNEY CHARGING LIEN**

NOW COMES Thurston Law Offices LLC ("TLO"), by and through counsel, and pursuant to N.J.S.A. §2A:13-5 and this Court's ruling on August 24, 2026 hereby respectfully submits its verified petition for an attorney charging lien in this matter and states as follows:

1. Beginning in April 2021, TLO entered into an Of Counsel Agreement and Amendments (collectively "Agreement") thereto with John Rue & Associates, LLC ("JRA"), whereby TLO would manage several special education cases on behalf of JRA and act as lead counsel on those cases for JRA's clients. (True and correct copies of the Of Counsel Agreement and Amendments are attached hereto as Exhibit A.)

2. The cases handled by TLO through the Agreement with JRA were primarily brought pursuant to the federal Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and various other civil rights laws for children with disabilities, which are fee-shifting statutes that provide that parents who are prevailing parties are entitled to various remedies, including reimbursement of attorney's fees and costs. *See, e.g.,* 20 U.S.C. §1415(i)(3)(B)(i)(I); 29 U.S.C. §794a; and 42 U.S.C. §12205.

3. The Agreement was amended several times because JRA lacked funds to pay the periodic fees owed to TLO. The Agreement provided, "In such circumstances, if and when such fees are collected, Thurston will be ultimately entitled to 100% of all fees associated with his work for the legal services performed during the specific month in question." (*See* Exh. A; emphasis added.)

4. Two of the cases for which TLO provided legal services to JRA's clients and were subject to the Agreement were *M.A. v. Wall Twp. Bd. of Educ.*, U.S.D.C. D.N.J. Civil No. 3:20-cv-5218 ("Augustyn Federal Case") and *M.A. v. Wall Twp. Bd. of Educ.*, OAL Dkt. No. EDS 12907-2018 S ("Augustyn OAL Remand Case"). (*See* Exh. A.)

5. On November 30, 2021, Robert C. Thurston, Esq. ("Thurston"), by and through TLO, entered his appearance in this matter on behalf of Plaintiff Micayla Augustyn (hereinafter "Micayla").[1] (ECF #27.)

6. From November 29, 2021 to May 25, 2023, TLO provided legal services to Micayla, including without limitation drafting the fee petition, drafting and filing multiple briefs on the fee issue, numerous oral arguments and appearances at status conferences, settlement negotiations with Wall Twp Board of Education's counsel, settlement conferences with then U.S. Magistrate Judge Lois H. Goodman, and a conference call with the current U.S. Magistrate Judge Brendan Day. (True and correct copies of TLO's invoices and summary of invoices for the Augustyn cases are attached hereto as Exhibit B.)

7. On June 18, 2023, JRA terminated the Agreement with TLO, but re-confirmed that TLO would be still entitled to reimbursement of the legal fees and costs on those cases stating "**your right to payment for work already performed in these cases survives this termination.** . . . In sum, all right of TLO to fees for work performed prior to the date of this letter is unaffected by this termination." JRA's position was re-confirmed as part of the Settlement Agreement and Release of Claims in the *CP Class Action* ("Release"), the Rue parties excepted from the

[1] At the time of the Appearance, Micayla was still a minor and so she was referred to as "M.A." in accordance with Fed.R.Civ.P. 5.2.

Release and again re-confirmed TLO' rights to reimbursement for the fees and costs for legal services on various cases, including the Augustyn cases. (A true and correct copy of the June 18, 2023 termination letter and Release from the *CP Class Action* are attached hereto as Exhibit C.)

8. Pursuant to termination of the Agreement and instructions from JRA, Thurston filed a withdrawal as counsel on June 19, 2023. (ECF #60.)

9. During the approximately eighteen (18) months acting as lead counsel in this matter, TLO provided legal services to Micayla invoiced through JRA for a total of 71.5 hours, which at a current billable rate of $650.00/hour would total **$46,475.00**.[2] (*See* Exh. B.) Attorneys are entitled to their current hourly rate for reimbursement, rather than their rate at the time services were rendered. *See Warner v. Township of South Harrison,* Case Number 09-06095, 2013 WL 3283945 at page 7 (D.N.J. June 27, 2013). Further, TLO's prior hourly rate of $600.00 in 2025 was deemed reasonable by the U.S. District Court for the District of New Jersey.

10. On November 21, 2023, this Court issued an Opinion and Order on the fee petition, of which TLO's portion was referenced as "Phase IV" fees. The

[2] The invoices reflect charges at a lower billing rate active when the services were provided.

Court applied a discount of 80% of TLO's requested portion from $49,870.25 to $9,974.05. (ECF ##65 and 66.)

11. Plaintiff appealed the Order and Opinion to the Third Circuit, which Court vacated and remanded the fee petition to this Court. (ECF ##71 and 72.)

12. After supplemental briefing, this Court issued an Opinion and Order on August 10, 2026, "that within forty-five (45) days of the date of this Order, defendant Wall Township Board of Education shall pay to Augustyn attorneys' fees in the amount of **$284,654.75**." (ECF ##107 and 108.) On August 24, 2026, this Court amended the deadline for payment to October 2, 2026.

13. In this Court's August 10, 2026 Opinion, it was noted that "In her renewed fee motion, Augustyn again seeks fees for the legal work from the various phases of this litigation completed by professionals at the law firm Rue Law Group, LLC and <u>Thurston Law Offices LLC</u>" and "Applying the time-value enhancement, the lodestar amounts for . . . Phase IV [is] . . . $57,227.26, respectively." With respect to TLO's fees for Phase IV this Court held, "the Court has reviewed Phase IV fees independent from the other phases of these proceedings and <u>concludes that there is no basis for reduction based on limited success</u>. The Court has already accepted Augustyn's proposed Phase IV fees (as adjusted by a 3.5% delay enhancement) as reasonable, and no aspect of the proceedings at that phase justifies decreasing that amount" thereby granting as part

of the total award the amount of **$57,227.26** to Micayla. (ECF #107, PageID: 1029; emphases added.)

14. Notice required by R. 1:20A-6 is being sent via regular mail and certified mail contemporaneously to Micayla with the filing of this Petition. (A true and correct of the Notice is attached hereto as Exhibit D.)

## LEGAL ARGUMENT

TLO is entitled to an attorney charging lien in an amount of **$46,475.00**.

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

N.J.S.A. §2A:13-5 (emphasis added.) While the New Jersey Supreme Court "has not decided the point at which the statutory attorney's lien is perfected under §2A:13-5," *Hoffman & Schreiber v. Medina,* 224 B.R. 556, 561 (D.N.J.1998), the lien is rooted in equitable considerations, and its enforcement is within the equitable jurisdiction of the courts. It is intended to protect attorneys who do not have actual possession of assets against clients who may not pay for services

rendered. *Republic Factors, Inc. v. Carteret Work Uniforms,* 24 N.J. 525, 534, 133 *A*.2d 6 (1957).

Last month, the New Jersey Appellate Division had an opportunity to discuss attorney charging liens at length, the relevant portions are as follows:

> An attorney's "charging lien 'is a judicial device'" governed by the Act. The Act creates "only an inchoate right," meaning "a right in the attorney to a lien on any judgment recovered for the attorney's client." "[T]he assertion of the lien is 'only a claim of right to ask for the intervention of the court' for the attorney's 'protection, when, having obtained judgment for his client, there is a probability of the client depriving him of his costs.'"
>
> * * * *
>
> The Act "allows for the attachment of an attorney's lien only on 'a verdict, report, decision, award, judgment or final order in [the] client's favor.'" Therefore, "[a] petition for an attorney's fee lien may be filed either before or after entry of the judgment in the underlying action."
>
> * * * *
>
> Although a motion under N.J.S.A. 2A:13-5 "may be brought as a step in the main cause," it must be "tried as a separate and distinct plenary action." The determination and enforcement of the lien under the Act may not be resolved "in a summary fashion."
>
> * * * *
>
> "This procedure must be considered in light of Rule 1:20A-6." Rule 1:20A-6 "applies to a petition to establish an attorney's lien as well as to a complaint for attorney's fees." Under that rule, an attorney must provide a client with written "[p]re-[a]ction [n]otice" at least thirty days before filing a lawsuit to recover legal fees. R. 1:20A-6.
>
> * * * *

> However, an attorney's lien "is not mechanically imposed upon a mere showing of procedural compliance." The "Act is 'rooted in equitable considerations, and its enforcement is within the equitable jurisdiction of the courts.'" The Act "is intended to protect attorneys who do not have actual possession of assets against clients who may not pay for services rendered." Any allocation of assets among attorneys who have otherwise established entitlement to a charging lien "must be done as equitably as possible."

*Holmes v. Cantey*, Docket No. A-3115-24 (App. Div. July 21, 2026) [internal citations omitted.][3]

The present case is only slightly different than the discussion above. Since JRA had the fee agreement / client relationship with Micayla and TLO was instructed not to contact Micayla after termination in June 2023, TLO was not permitted to comply with the pre-action notice required by Rule 1:20A-6. Nevertheless, Micayla and her mother were fully informed that TLO would be seeking reimbursement of attorney's fees and costs under IDEA from this Court, which essentially complies with the pre-action notice. This is verified by the filing of the fee petition by TLO on behalf of Plaintiffs. (ECF #33.) Plus, TLO is sending the required notice to Micayla contemporaneously with this Petition.

Otherwise, TLO has complied with the protocol required for an attorney charging lien in the amount of **$46,475.00** because TLO does not "have actual

---

[3] https://scholar.google.com/scholar_case?case=14500840083067010919.

possession of assets against clients who may not pay for services rendered," *i.e.* funds from Micayla in an attorney trust account in control of TLO. This Court's August 10, 2026 total fee award of **$284,654.75** is sufficient to satisfy TLO's lien and, it should be noted, TLO's requested lien amount is less than the fees awarded for the Phase IV work that TLO did.

## CONCLUSION

WHEREFORE, for the reasons stated in this Petition and all of the supporting papers, Thurston Law Offices LLC respectfully requests that this Court determine and enforce an attorney charging lien in this case in its favor in an amount of **$46,475.00** against the August 10, 2026 fee award.

Dated: August 24, 2026

Respectfully submitted,

By: */s/ Robert C. Thurston*

Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
54 Amelia Ct.
Williamstown, NJ 08094
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Petitioner Thurston Law Offices LLC*

**VERIFICATION OF PETITION**
**UNDER 28 U.S.C. §1746**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: August 24, 2026

Robert C. Thurston
Managing Member
Thurston Law Offices LLC

**CERTIFICATE OF SERVICE**

I, Robert C. Thurston, certify that I served all parties and counsel of record the foregoing document by causing the same to be sent via the ECF system for eFilers and via email or regular mail for non-eFilers on August 24, 2026:

Gabrielle Pettineo
Daniel Roberts
Kenney, Gross, Kovats & Parton
The Courts of Red Bank
130 Maple Avenue, Building 8
Red Bank, New Jersey 07701
gapettineo@kenneygross.com
droberts@kenneygross.com

*Attorneys for Defendant Wall Township Board of Education*

Krista Haley Rue
John Douglas Rue
John Rue & Associates, LLC
5 Lake Drive
Woodland Lake
Randolph, NJ 07869
krue@johnruelaw.com
john@johnruelaw.com

*Attorneys for Plaintiff*

/s/ *Robert C. Thurston*
Robert C. Thurston

# EXHIBIT A

JOHN RUE & ASSOCIATES, LLC
A PRIVATE PUBLIC INTEREST LAW FIRM
P.O. BOX 5150
PHILLIPSBURG, NJ 08865-9998
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

John D. Rue†
—
Krista L. Haley
Donald A. Soutar§
—
Lisa M. Quartarolo
Francis X. Geier
Saran Q. Edwards
Kenneth R. Walk

Johanna G. Burke*
Jonathan S. Corchnoy*⊗§
Matthew P. Crimmel*§†Δ
Carolina T. Curbelo*
Jordan B. Dascal*†
Lynne D. Feldman*
Rami M. Salim†
Wayne Pollock*§

April 22, 2021

**OF-COUNSEL AGREEMENT**

WHEREAS, John Rue ("Rue") and JOHN RUE & ASSOCIATES LLC ("JR&A") and Robert C. Thurston ("Thurston") and THURSTON LAW OFFICES LLC ("TLO" and, collectively with Rue, JR&A, and Thurston, TLO, the "Parties") wish to formalize their extant close professional relationship, and

THEREFORE, the Parties hereby enter into this agreement (the "Agreement") to govern the terms of collaborative and shared work thereby.

1. **Continuity of Both Law Firms.** Thurston will continue to practice law with TLO. TLO will continue to maintain malpractice insurance on Thurston's practice therewith, which shall (in part) cover any work Thurston may perform in collaboration with JR&A. TLO shall also continue to provide Thurston with office space, access to legal research resources (e.g., Lexis or Westlaw, as Thurston requires), computer hardware and software, telephone service, administrative support (as needed), and all other ordinary expenses associated with the practice of law. The same shall be true as to Rue and JR&A. Accordingly, no Party shall look to any other to provide any of these services.

2. **Conflicts.**

   A. Representations. Each Firm represents that its primary practice focus is civil rights law, in which the clients are all natural persons, and the adverse parties are public entities (or occasionally, as to JR&A's practice, private schools) with no individual parties named (in their personal capacity) as defendants. Accordingly, the Firms believe that the likelihood of an ethical conflict arising by imputation, except in the exceptional case where a Firm is (a) representing an institutional client or (b) representing a natural person (not a public servant, named only in their official capacity) who is likely to become legally adverse to another natural person, is extremely low.

   B. Conflicts Procedure**.** In light of the above, the Firms agree to the following procedure regarding conflicts.



* Of-Counsel to the Firm

i. General Practice. In the ordinary course, the Firms will not exchange client information prior to engaging a new client.

ii. Exception. In the event that either Firm intends either to (a) engage a client who is not a natural person, **or** (b) represent a client who is a natural person, but who is reasonably likely to become legally adverse to another natural person:

a) The Firm that intends to become so engaged (the "Engaging Firm") will notify the principal of the other Firm, and provide the following information: (a) the client's name; and (ii) the name of all potentially adverse parties;

b) The other Firm will, within twenty-four hours, notify the Engaging Firm if an ethical conflict is identified.

c) If so, the Engaging Firm may either (i) decline to enter into the engagement, (ii) obtain informed consent for a conflict waiver from both clients (with or without an ethical screen), or (iii) sever this Of-Counsel Agreement, so long as severance can be accomplished without prejudice to any client of either Firm, and in compliance of the New Jersey Rules of Professional Conduct and paragraph 8 of this Agreement, *infra*.

iii. Possible Errors. The Firms, after careful consideration, believe that pursuant to these procedures, under the specific factual circumstances described herein, there is no material risk that an ethical conflict will arise without the opportunity for the Firms to act to avoid it. In the event that one does so arise, however, the Firms agree to act immediately to cure the conflict, without prejudice to any client, regardless of any possible prejudice to either Firm. Such steps shall include, but not be limited to, those described in paragraph ii(c), above.

3. **Titles and Use of Firm Names.** Either Firm may, in its discretion, and with the prior written agreement of the other Firm, list the Principal to the other firm as "of-counsel" on marketing materials, including (but not limited to) inclusion of a picture and bio on the Firm's website, and listing the attorney on the Firm's letterhead. All such references shall indicate the "of-counsel" nature of the relationship, so as not to confuse the reader into believing that an employment relationship or partnership exists. Similarly, attorneys employed by any Party may be listed on any other Party's letterhead or website, with prior written permission of the attorney and the Firm employing that attorney; such written permission may be requested and provided by email.

4. **Informal Collaboration**. Either Firm may call upon the other to informally collaborate on any legal issue. No compensation will be provided absent the initiation of a formal collaboration, which, pursuant to ¶ 7 below, can only be effected in writing.

5. **Informal Support**. Any Party to this Agreement may request occasional (i.e., not regular) informal professional support from any other Party, e.g., conference room space, administrative assistance, etc. Such requests shall not be unreasonably denied (provided that satisfying the request would not impose an undue burden on the recipient of the request), and the informal support shall be provided as a courtesy, i.e., without compensation.

6. **Formal Collaboration.** Pursuant to this agreement, either Firm may request that the other perform legal services for a client, with the client's informed consent. If both Firms agree, they will do so in writing (which may be by email) as to each specific case. As to any such collaboration, the Firm on whose letterhead the engagement agreement is written shall be deemed "Lead Counsel" on that case, with the other Firm designated as the "Supporting Counsel." Because of the impact on settlement discussions of multiple actions, where more than one case is pending or contemplated, only one Lead Counsel will be generally be designated per client (even if multiple cases are pending or contemplated on behalf of that client).

7. **Fee Sharing**. Fees shall be shared between the Firms on the following terms:

   A. **Hourly Fees**: Supporting Counsel shall receive from Lead Counsel 50% of all fees actually collected associated with Supporting Counsel's work, payable on a quarterly basis. This shall apply to both client paid fees, and prevailing party fees.

      i. Lead Counsel shall have sole and absolute discretion, after considering the views of all attorneys working on the case, (i) to compromise collections (with either clients or adversaries), (ii) as to the assignment to specific attorneys to any and all legal tasks associated with the case, and (iii) regarding questions of legal strategy.

      ii. Notwithstanding any fee concessions made pursuant to the foregoing, each timekeeper on each case shall be compensated proportionally to the work performed, as compared to the fees collected, without regard to any write-offs agreed to by Lead Counsel, or any discounts imposed by courts. That is, any reductions in fees shall be shared proportionally as between all timekeepers, even if certain hours are designated as the basis or reason for the same.

   B. **Flat Fees**. Flat fees are divided, at the end of a representation, between the timekeepers, after deduction of a 40% Firm Override (intended to cover overhead and profit). The baseline "share" of a flat fee is for a junior attorney, defined as an attorney with between 0-5 years of experience. Senior attorneys, defined as those with more than five years of experience, receive two shares for every share paid to a junior attorney. And non-attorney time (including paralegals and law clerks) is valued at 50% of junior attorney time, and paid directly to the Firm employing the paralegal or law clerk.

   C. **Referrals**. At the time of a referral, the Firms shall choose between the following two alternatives:

      i. Where one Firm (the "Referring Firm") refers to the other (the "Receiving Firm") an entire matter: (i) the Receiving Firm shall be Lead Counsel, and the Referring Firm shall be Supporting Counsel; and (ii) the Referring Firm, in addition to any other fees to which it is entitled under this Agreement, shall receive an additional 15% of any court-ordered fees, or any fees paid by the defendant in anticipation of a court order, or any fees paid by the client in order to facilitate settlement.

      ii. In the alternative, if the Firms are confident that they will work together on a particular matter, then the Receiving Firm shall still be Lead Counsel, and the

Referring Firm shall be Supporting Counsel. But in lieu of the 15% referral fee, the Lead Counsel shall provide to the Receiving Firm 100% of any fees collected associated with the legal services that any attorney at the Referring Firm performed related to the matter (instead of the 50% share specified above).

D. **Fees on Fees**. Notwithstanding any other part of this agreement, work performed on fee applications, i.e., post-judgment on the merits and addressing only fees (not appeals of the merits), shall be compensated at the lower rate of 1/3 to the Firm performing the work, and 2/3 to the Firm that served as lead counsel in obtaining the judgment on the merits. This different ratio is intended to adjust the payment to incorporate the fact that, after obtaining judgment on the merits, the right to payment (in some amount) is no longer speculative.

8. **Termination**. Either Party may terminate this agreement at any time, so long as termination can be accomplished without prejudice to any client of either Firm, and is otherwise compliant with the New Jersey Rules of Professional Conduct and any other ethical rules governing any specific case on which the Parties are collaborating, including (where required) obtaining leave of court. Each Firm's obligation to share fees shall survive termination of the Agreement.

9. **Most Favored Nation**. In the event any Party to this Agreement subsequently enters into an of-counsel relationship with a third party (a "Third Party Agreement"), whether that third party be another firm or individual lawyer, that Party will disclose Third Party Agreement to all other Parties to this Agreement. To the extent that the Third Party Agreement contains terms involving the sharing of fees that are more favorable than those contained in this Agreement, the Party entering into the Third Party Agreement will agree to modify the terms of this Agreement to bring them into alignment with the Third Party Agreement. Nothing in this paragraph, however, shall impede the Parties from agreeing to exceptions to the general fee sharing terms of this agreement ("Exceptions"), on a case-by-case basis, providing that the different terms are adopted with the purpose and intent of incorporating contemplation of case-specific risks, burdens and potential benefits. Such Exceptions (whether agreed between the Parties, or between either of the Parties and a third party) shall not be a violation of this Most Favored Nation provision, so long as the Exceptions are neither routine nor adopted with the purpose, intent and effect of generally undermining the purpose of this Most Favored Nation provision.

Agreed to and Signed by:

| | | | |
|---|---|---|---|
| John Rue [signature] | April 22, 2021 | [signature] | 4/23/2021 |
| John Rue<br>On his own behalf and<br>On behalf of<br>John Rue & Associates LLC | Date | Robert C. Thurston<br>On his own behalf and<br>On behalf of<br>Thurston Law Offices LLC | Date |

JOHN RUE & ASSOCIATES, LLC
A PRIVATE PUBLIC INTEREST LAW FIRM
40 S FULLERTON AVE., STE. 29
MONTCLAIR, NJ 07042
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

John D. Rue†
—
Krista L. Haley
Donald A. Soutar§
—
Francis X. Geier
Saran Q. Edwards

Johanna G. Burke*
Jonathan S. Corchnoy*⊗§
Matthew P. Crimmel*§†Δ
Carolina T. Curbelo*
Jordan B. Dascal*†
Lynne D. Feldman*
Robert Thurston*
Rami M. Salim†
Wayne Pollock*§

December 2, 2021

**CO-COUNSEL AGREEMENT**

WHEREAS, John Rue ("Rue") and JOHN RUE & ASSOCIATES ("JR&A" or the "Firm") and Robert C. Thurston ("Thurston") and the Thurston Law Offices LLC ( TLO" and, collectively with Rue, JR&A, and Thurston and TLO, the "Parties") executed an of-counsel agreement as of April 22, 2021; and

WHEREAS, the Parties amended that agreement to excise the "Most Favored Nations" ("MFN") clause, permitting separate agreements with similarly situated firms on terms appropriate to the specific collaboration; and

WHEREAS, JR&A wishes to utilize the services of TLO in the role of Co-Counsel in numerous cases; and

WHEREAS, TLO has already begun work on some such cases; and

WHEREAS, JR&A intends to utilize the services of TLO on additional cases in the future;

THEREFORE, the Parties hereby enter into this Co-Counsel Agreement (the "Agreement") to govern the terms of their collaboration as an omnibus agreement for all cases not heretofore executed.

1. **Pre-Appointment**: JR&A has formed a subjective opinion that all cases have strong merits arguments in support of the claims, and that the clients are not so unreasonable as to cause concern about their attorneys' compliance with the ethical Rules.

2. **Co-Counsel Compensation**. Co-Counsel shall be compensated as follows, with aggregate "points" assigned to each case, by the Parties' subsequent agreement about the classification of each case:

    - Category A: "Pro bono" cases, accepted without payment by the client. JR&A represents that (i) in JR&A's subjective judgment, no facts reasonably in dispute, and (ii) the client's position is legally correct. There shall be 100 "points" assigned to such cases.



* Of-Counsel to the Firm

- Category B Cases: "Legacy" client payment cases. JR&A has accepted client payment at some point prior to November 1, 2021, and represents only that the client's case has legal merit. There shall be 125 "points" assigned to such cases.

- Category C Cases: New client payment cases. JR&A has accepted payment since November 1 2021, and represents only that the client's case has legal merit. TLO shall receive 60% of client paid fees, as a non-refundable prepayment toward a 50% share of any prevailing party fees obtained associated with TLO's work.

- Category D Cases: Fee Applications. Cases in which JR&A has already achieved prevailing party status, such that a fee application is warranted. There shall be 75 "points" assigned to such cases.

3. **Points**. In category A, B, or D, the Parties shall in each case agree how points shall be allocated, between hourly pay (via W2) and percentage of case-ending fees associated with TLO's work. For example:

    - In a category A case, the Parties could allocate 50 points to concurrent payment and 50 points to prevailing party fees. So TLO would be paid $50 per billable hour documented, on a W2 basis; as a non-refundable prepayment of 50% of any prevailing party fees obtained associated with the work of TLO (whether by agreement or court order).

    - In a category B case, the Parties could allocate 50 points to concurrent payment, and 75 points to prevailing party fees. So TLO would receive $50 per hour, as a non-refundable prepayment of 75% of prevailing party fees associated with TLO's work.

    - In a category D case, the Parties may allocate 50 points to concurrent payment, and 25 points to prevailing party fees. So TLO would receive $50 per hour, as a non-refundable prepayment of 25% of prevailing party fees associated with TLO's work.

4. **Current Cases**. The Parties have agreed to the points allocation on all current cases as explained on Exhibit A.

5. **Role of Co-Counsel**.

    - Co-Counsel shall generally take the lead in the case through the administrative process, making all appearances in the OAL (or supervising assigned JR&A staff who will make such appearances), participating in all settlement proceedings prior to any appeals, and primary responsibility for drafting all court submissions.

    - Co-Counsel, or assigned JR&A staff as determined by the Parties, shall be the primary client contact.

    - Unless JR&A decides otherwise in a particular case, Co-Counsel shall use his/her own letterhead in the OAL.

- However, at the beginning of the case, JR&A will identify itself to defendant's attorney, indicating its role as co-counsel in the matter, and outlining JR&A standard policies regarding attorneys' fee waivers.

- JR&A will take the lead in the case on any federal appeals, including the use of JR&A letterhead in court filings. Co-Counsel will continue to manage the day-to-day activities of the case, including primary responsibility for drafting all court submissions.

- TLO shall provide a draft of all court submissions to JR&A three (3) days prior to the relevant deadline, for JR&A's review and comment. Any differences or disagreements shall be resolved collaboratively between JR&A and Co-Counsel. If disagreements cannot be resolved by collaboration, then the firm signing the submission shall have the final decision.

- The allocation of responsibilities as between the Parties may be modified by written agreement in a particular case, which agreement may be by email.

6. **JR&A Support and Oversight**

- During the pendency of the case, JR&A shall provide Co-Counsel with support by junior attorneys and staff, as needed (by Co-Counsel) and as available (at JR&A).

- Practical support (printing, logistics, filing, etc.) will be provided on a case-by-case basis, as needed (by Co-Counsel) and as available (at JR&A).

- The case file shall be maintained on JR&A's SharePoint folder system.

- *Co-Counsel shall attend regular meetings to discuss case status.* Such meetings shall be convened by Zoom, and shall occur approximately twice per month.

- JR&A will advance any routine expenses (filing fees, postage, etc.). Expenses shall be recovered out of any post-judgment award of fees and costs before any attorneys' fees are calculated.

7. **Settlement**.

- No settlements will be recommended to the client absent JR&A's approval.

- JR&A routinely offers to settle special education disputes with a waiver of attorneys' fees, if the substantive settlement terms can be agreed upon at the initial settlement conference in the OAL, and finalized by signed contract (subject to school board approval and entry by court order) within two weeks thereafter.

- After that point, JR&A does not waive attorneys' fees unless compensated by the client for the waived fees. Clients are made aware of this policy during intake, and have agreed to accept any consequences of this policy to their settlement position.

- JR&A reserves sole and absolute discretion with regard to any waiver (in whole or in part) of attorneys' fees. But all such decisions are made only after full consultation with all attorneys who have a material stake in the outcome.

8. **Termination of Co-Counsel Relationship in a Particular Case.**

- Co-Counsel agrees to remain on the case throughout the administrative process, unless doing so would require a breach of Co-Counsel's ethical obligations. After the decision in the OAL is issued, and up to thirty days thereafter, Co-Counsel may withdraw, without prejudice.
    - In the event of a breach of this provision, Co-Counsel shall return to JR&A all monies paid related to this case, and shall waive all rights to prevailing party fees in the case.
- Similarly, if Co-Counsel does not withdraw after the administrative process is complete, Co-Counsel agrees to remain on the case throughout its pendency in the trial court on appeal. Again, after a final decision is issued from the trial court, Co-Counsel may withdraw without prejudice. The same rule applies to any further appeals or remands.
- At the conclusion of a proceeding at any level (e.g., OAL, DNJ, or Third Circuit), if the case continues but Co-Counsel withdraws, any fees accrued shall be deemed vested.

9. **Survival of Terms**. With the exception of (i) the MFN, which has been abandoned by consent of the Parties, and (ii) the quantum of fee sharing, no part of this Agreement alters any aspect of the previously executed of-counsel agreement between the Parties.

Agreed to and Signed by:

| | | | |
|---|---|---|---|
| ____________________ | ______ | [signature] | 12/2/2021 |
| John Rue<br>On behalf of<br>John Rue & Associates | Date | Robert C. Thurston<br>On behalf of<br>Thurston Law Offices LLC | Date |

**EXHIBIT A**
**JRA – TLO CO-COUNSEL OMNIBUS**

| Client / Case Name / Docket # | Category | Concurrent Pmts. | Prevailing Party Fees |
|---|---|---|---|
| McGuire – IEE FBA<br>*Brick Twp BOE v. K.M. o/b/o M.M.*, OAL Dkt. No. EDS Dkt. 03393-21, Agency Ref. No. 2021-32673 (ALJ Patricia Caliguire) | A | 50 | 50 |
| Augustyn – Fee Petition<br>*M.A. v. Wall Twp. BOE*, USDC DNJ Civil No. 3:20-cv-5218-FLW (Judge Wolfson) | D | 50 | 25 |
| Augustyn – Remand<br>*M.A. v. Wall Twp. BOE*, OAL Dkt. No. EDS 12907-2018 S, Agency Ref. No. 2019-28579 (ALJ Scarola) | D | 50 | 25 |
| C.P. – Individual case<br>*C.P. o/b/o F.P. v. NJDOE and Clifton BOE*, USDC DNJ Civil No. 1:21-cv-15677-NLH-MJS (Judge Hillman) | A | 50 | 50 |
| Strunk – .<br>*S.S. and M.S. o/b/o H.S. v. Hillsborough Twp. BOE and NJDOE*, USDC DNJ Civil No. 1:20-cv-13077-NLH-MJS (Judge Hillman) | A | 50 | 50 |
| Kade –<br>*K.K. and A.K. o/b/o Ar.K. v. Parsippany-Troy Hills Twp. BOE*, USDC DNJ Civil No. 2:21-cv-09780-MCA-ESK (Judge Arleo) | A | 50 | 50 |

| | | | |
|---|---|---|---|
| Nikolaeva –<br>*M.N. o/b/o A.D. v. Sparta Twp. BOE and NJDOE*, USDC DNJ Civil No. 2:21-cv-19977-JMV-JSA (Judge Vasquez) | A | 50 | 50 |
| | | | |

Concurrent payments are either the percentage of client paid fees in (e.g. 60% of retainer fees) or hourly payment (e.g. $50/hour) depending on Category assignment

Prevailing party fees are strictly a % of the recovery of fees from settlement or an Order resulting from a fee petition

*Currently assigned Wright cases handled under separate agreement which is incorporated herein only for reference purposes to track all assigned cases from JRA to TLO, but shall remain separate for purposes of payment; only new Wright cases shall be subject to this Agreement

JRA and TLO shall add to this table newly assigned cases as they occur and after agreement as to category and points in the respective columns.

JOHN RUE & ASSOCIATES, LLC
A PRIVATE PUBLIC INTEREST LAW FIRM
100 OVERLOOK CENTER, 2ND FLOOR, #9211
PRINCETON, NJ 08540
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

John D. Rue†
—
Krista L. Rue
—
Francis X. Geier
Saran Q. Edwards

Johanna G. Burke*
Jonathan S. Corchnoy*⊗§
Matthew P. Crimmel*§†Δ
Carolina T. Curbelo*
Jordan B. Dascal*†
Lynne D. Feldman*
Robert Thurston*
Rami M. Salim†
Wayne Pollock*§

July 6, 2022

**ADDENDUM TO OF-COUNSEL AGREEMENT**

WHEREAS John Rue ("Rue") and John Rue & Associates, LLC ("JR&A" or the "Firm") and Robert C. Thurston, Esq. ("Thurston"), and Thurston Law Offices, LLC (the "TLO Firm" and, collectively with Rue, JR&A, and Thurston, the "Parties") executed an of-counsel agreement as of December 2, 2021; and

WHEREAS JR&A wishes, from time to time, to utilize the services of Thurston in the role of co-counsel, on cases in which prevailing party fees are anticipated; and

WHEREAS JR&A may periodically lack the finances to pay Thurston for services rendered in his role as co-counsel as contemplated in the December 2, 2021 co-counsel agreement; and

WHEREAS JR&A has paid Thurston for services rendered through April 2022; and

WHEREAS Thurston has submitted invoices for services rendered for May 2022 and June 2022 which JRA is currently unable to pay.

THEREFORE, the Parties hereby enter into this Addendum (the "Addendum") to modify the compensation terms of the co-counsel collaborations.

1. **Co-Counsel Compensation**.

- Thurston shall submit an invoice to JR&A by the 5th day of each month for services rendered the month proceeding. Payment shall be due no later than the 25th of the month.

- If payment is timely made (at $50 per hour), then upon collection of prevailing party fees, JR&A and TLO will divide the fees obtained associated with Thurston's work, 50% to TLO (less moneys already paid) and the remainder to JR&A.

- If JR&A is unable timely to pay the amount owed, JR&A shall inform Thurston no later than the 25th day of that month. In such circumstances, , if and when such fees are collected, Thurston will be ultimately entitled to 100% of all fees associated with his work for the legal services performed during the specific month in question.

- **<u>Cases</u>.** Currently, TLO has taken the lead on the following matters[1]:

  - Kade-*K.K. and A.K. o/b/o Ar.K. v. Parsippany-Troy Hills Twp. BOE,* USDC DNJ Civil No. 2:21-cv-09780-MCA-ESK (Judge Arleo).

  - McGuire-*McGuire, et al v. Brick Township School District Board of Education,* DNJ Civil No. 3:22-cv-02596.

  - Nikolaeva-*M.N. o/b/o A.D. v. Sparta Twp. BOE and NJDOE*, USDC DNJ Civil No. 2:21-cv-19977-JMV-JSA (Judge Vasquez).

  - Nikolaeva (EDU Appeal) *Board of Education of the Township of Sparta, v. M.N., obo A.D.,* A-000472-21[2].

2. **Survival of Terms**. With the exception of the compensation terms, which has been revised by consent of the Parties, no part of this Addendum alters any aspect of the previously executed of-counsel agreement between the Parties.

Agreed to and Signed by:

| | | | |
|---|---|---|---|
| ______________ | _____ | ______________ | 8 July 2022 |
| John Rue<br>On behalf of<br>John Rue & Associates | Date | Robert C. Thurston, Esq.<br>On behalf of<br>Thurston Law Offices, LLC | Date |

---

[1] Thurston is open to the possibility of collaborating on future matters.

[2] Thurston was also co-counsel in several Wright matters (G.W. and K.W., obo M.W.), but has since withdrawn from all such cases. Those representations were governed by separate agreements. Despite his withdrawal, Thurston remains entitled to his share of any prevailing party fees that may be collected as related to these matters, as provided by those contracts, as may have been modified in writing by the Parties. Thurston recognizes that the recovery in these cases is particularly uncertain, considering JR&A's current fee dispute with the clients.

# EXHIBIT B

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 12/6/2021 | 2202 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 12/6/2021 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 11/29/2021 | Review draft email / correspondence to clients re transition of counsel and legal advice and strategy in case going forward; legal analysis re same; | 0.3 | 145.50 |
| 11/30/2021 | Prepare Appearance on behalf of plaintiff; file and serve via ECF; | 0.2 | 97.00 |
| 11/30/2021 | Develop case strategy and legal analysis of fee petition and strategy re settlement; | 1.1 | 533.50 |
| 11/30/2021 | Receive and review correspondence to Wall Twp counsel re status of fee petition and settlement potential; legal analysis re same; | 0.2 | 97.00 |

| | |
|---|---|
| **Total** | **$873.00** |

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
| --- | --- |
| 1/2/2022 | 2216 |

| Bill To |
| --- |
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
| --- |
| 1/2/2022 |

| Project | |
| --- | --- |

| Service Date | Description | Time | Amount |
| --- | --- | --- | --- |
| 12/2/2021 | Review accounting and other billing information in preparation of fee application; | 1.1 | 533.50 |
| 12/3/2021 | Prepare Exhibit A re omnibus agreement and case strategy; legal strategy conference and case file discussion; | 0.4 | 194.00 |
| 12/3/2021 | Legal strategy and discussion re transition of case and remand issues; | 0.2 | 97.00 |
| 12/3/2021 | Receive and review via email file transfer memo; legal analysis re status of file and updated tasks; | 0.4 | 194.00 |
| 12/3/2021 | Legal analysis re claims and strategy discussion with co-counsel; | 0.4 | 194.00 |
| 12/7/2021 | Correspondence exchange and legal analysis re status of pro forma on fees for settlement demand; | 0.3 | 145.50 |
| 12/7/2021 | Review billings in preparation for pro forma for both settlement discussion and fee petition as necessary; begin preparation of consolidated pro forma fees; | 1.4 | 679.00 |
| 12/7/2021 | Receive and review via email supplemental pro formal billing information to update settlement demand and potential fee petition; | 0.5 | 242.50 |
| 12/8/2021 | Continued review of billings in preparation for pro forma for both settlement discussion and fee petition as necessary; amend and supplement preparation of consolidated pro forma fees; email to co-counsel for review and comment; | 0.6 | 291.00 |
| 12/9/2021 | Amend and supplement pro forma with redactions and other legal protections for purposes of settlement; email to JRA re same; | 1.8 | 873.00 |
| 12/9/2021 | Receive and review via email correspondence with settlement demand to district counsel and attaching redacted fees pro forma; analysis re same; | 0.3 | 145.50 |
| 12/10/2021 | Receive and review multiple correspondence re settlement discussions and tolling filing of fee petition pending negotiations; prepare letter application to Judge Wolfson for 30 day tolling of filing fee petition and proposed Order; receive and review objections of WTBOE counsel re language in proposed Order; amend proposed Order; file and serve via ECF; | 1.1 | 533.50 |
| 12/13/2021 | Receive and review via ECF Order signed by Judge Wolfson granting tolling of fee petition filing by 30 days to 1/13/2022; docket same and legal analysis; | 0.2 | 97.00 |

| | Total |
| --- | --- |

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 1/2/2022 | 2216 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 1/2/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 12/16/2021 | Strategy meeting and legal discussing re status of case and file review; | 0.3 | 145.50 |
| 12/16/2021 | Receive and review via email correspondence from WTBOE counsel re status of settlement negotiations and presentation to BOE; | 0.1 | 48.50 |
| 12/16/2021 | Receive and review via email correspondence to WTBOE counsel re settlement discussions; | 0.1 | 48.50 |
| 12/19/2021 | Prepare status report with legal analysis, strategy, and advice; | 0.5 | 242.50 |
| 12/28/2021 | Multiple correspondence exchanges re fee petition and pro forma for purposes of filing in federal court; | 0.3 | 145.50 |

**Total** **$4,850.00**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 2/6/2022 | 2236 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 2/6/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 1/3/2022 | Review file and prepare status report to JRA and file with next steps items; | 0.5 | 242.50 |
| 1/6/2022 | Correspondence exchange and strategy discussion re fee application; legal analysis re same; | 0.3 | 145.50 |
| 1/7/2022 | Continue preparation of fee petition; | 0.8 | 388.00 |
| 1/8/2022 | Begin draft of fee application; review prior drafts and correspondence exchanges with co-counsel re strategy and legal advice; | 1.5 | 727.50 |
| 1/9/2022 | Continue preparation of fee application; review file and forms for compliance with local rules; | 1.6 | 776.00 |
| 1/9/2022 | Legal research and begin draft of fee petition; strategy discussion and legal analysis re scope of petition, necessary supporting certifications and documents, and related issues; | 1.1 | 533.50 |
| 1/10/2022 | Extensive strategy discussion and legal analysis re fee petition, tolling of time to file, settlement position, and interaction with WTBOE counsel; | 2.2 | 1,067.00 |
| 1/10/2022 | Prepare letter application to Court re extension of time / tolling of time to file fee petition; correspondence exchanged with WTBOE re changes and approval of final version; file and serve same via ECF; | 0.4 | 194.00 |
| 1/10/2022 | Strategy discussion, legal research, and legal analysis re fee petition issues; | 0.6 | 291.00 |
| 1/11/2022 | Receive and review via ECF Order granting extension of time / tolling of time to file fee petition; email to co-counsel re same and legal analysis; | 0.2 | 97.00 |
| 1/13/2022 | Multiple correspondence exchanges and draft fee petition certifications re filing fee petition; | 0.5 | 242.50 |
| 1/17/2022 | Legal strategy discussion re fee application certifications and status of application; | 0.2 | 97.00 |
| 1/25/2022 | Strategy discussion re status of settlement negotiations and fee petition and legal advice re same; | 0.3 | 145.50 |

| | |
|---|---|
| **Total** | **$4,947.00** |

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 2/9/2022 | 2257 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 2/9/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 2/4/2022 | Review file and prepare status report; | 0.7 | 339.50 |
| 2/6/2022 | Email exchange and strategy discussion re fee petition and drafts of petition; | 0.2 | 97.00 |
| 2/8/2022 | Amend and supplement fee petition and supporting documents; | 1.6 | 776.00 |
| 2/9/2022 | Amend and supplement fee petition and supporting documents; prepare Cert RCT; prepare for final and filing; | 3.4 | 1,649.00 |

**Total** $2,861.50

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 3/1/2022 | 2261 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 3/1/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 2/4/2022 | Review file and prepare status report; | 0.7 | 367.50 |
| 2/6/2022 | Email exchange and strategy discussion re fee petition and drafts of petition; | 0.2 | 105.00 |
| 2/11/2022 | Receive and review via ECF Fee Petition filings; | 0.5 | 0.00 |
| 2/13/2022 | Receive and review via ECF notice of motion set for fee petition; | 0.1 | 0.00 |
| 2/28/2022 | Review file and prepare status report for file and JRA for strategy discussion; | 0.4 | 210.00 |

| **Total** | **$682.50** |
|---|---|

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 4/3/2022 | 2277 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 4/3/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 3/8/2022 | Receive and review via ECF WTBOE's response to Plaintiffs' fee petition; legal analysis re same; | 1.2 | 630.00 |
| 3/9/2022 | Strategy discussion and legal analysis with co-counsel re WTBOE opposition to fee petition and arguments re Palmer; | 0.4 | 210.00 |
| 3/9/2022 | Strategy discussion and legal analysis re WTBOE opposition and time to respond; | 0.2 | 105.00 |
| 3/9/2022 | Receive and review prior briefs and legal research from co-counsel in preparation for reply brief on fee application; legal analysis re same; | 1.2 | 630.00 |
| 3/11/2022 | Correspondence to WTBOE counsel requesting consent on extension of time to file reply in support of fee petition; | 0.2 | 105.00 |
| 3/11/2022 | Prepare letter application for extension of time to file reply in support of fee petition; file and serve same via ECF; | 0.4 | 210.00 |
| 3/14/2022 | Receive and review via ECF Order from Judge Wolfson granting ext time to file Reply in support of fee petition; | 0.1 | 52.50 |
| 3/14/2022 | Multiple correspondence re State Defendants' extension of time to respond to complaint and consent by Plaintiffs; | 0.3 | 0.00 |
| 3/14/2022 | Correspondence exchange with WTBOE counsel re application for extension of time; | 0.2 | 105.00 |
| 3/14/2022 | Begin draft reply in support of fee petition; | 0.8 | 420.00 |
| 3/15/2022 | Continue draft reply in support of fee petition; | 0.9 | 472.50 |
| 3/16/2022 | Continue draft reply in support of fee petition; | 1 | 525.00 |
| 3/17/2022 | Continue draft reply in support of fee petition; legal research re same; email draft to co-counsel for review and amendments; | 1.2 | 630.00 |
| 3/18/2022 | Review file and prepare status report; | 0.4 | 210.00 |
| 3/21/2022 | Amend and supplement Reply in support of Fee Petition; prepare for final; file and serve via ECF; | 0.7 | 367.50 |

**Total** **$4,672.50**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 6/2/2022 | 2311 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 6/2/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 5/5/2022 | Review file and update status report; | 0.2 | 105.00 |

**Total** **$105.00**

# Invoice

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

| Date | Invoice # |
|---|---|
| 8/3/2022 | 2338 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 8/3/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 7/12/2022 | Receive and review via ECF Text Order scheduling status conference with Magistrate Judge Goodman for 7/18; legal analysis re same; | 0.1 | 52.50 |
| 7/12/2022 | Strategy discussion and legal analysis re 7/18 status conference with Judge Goodman; | 0.2 | 105.00 |
| 7/14/2022 | Multiple exchanges with WTBOE counsel re adjournment of 7/18/22 status conf; legal analysis re same; | 0.4 | 0.00 |
| 7/15/2022 | Receive and review via ECF Order rescheduling status conference with Magistrate Judge Goodman to 7/26/22; legal analysis re same; | 0.1 | 52.50 |
| 7/15/2022 | Receive and review via ECF letter from co-counsel to Judge Goodman requesting adjournment of 7/18/22 status conf; | 0.1 | 0.00 |
| 7/25/2022 | Conference call with co-counsel re strategy discussion in preparation for 7/26 status conference with Judge Goodman; | 0.3 | 157.50 |
| 7/25/2022 | Strategy discussions and legal analysis and email exchanges with co-counsel re status of case and preparation for status conference 7/26; | 0.6 | 315.00 |
| 7/26/2022 | Review file and prepare for status conference with Judge Goodman; | 0.5 | 262.50 |
| 7/26/2022 | Participate in status conference with Judge Goodman and re settlement; prepare report to co-counsel; | 0.7 | 367.50 |
| 7/26/2022 | Multiple email exchanges with co-counsel re settlement discussions, legal analysis, strategy, and client contact; | 0.7 | 367.50 |
| 7/28/2022 | Prepare for and participate in strategy discussions and legal analysis re settlement conference and client management re same; | 0.6 | 315.00 |
| 7/29/2022 | Receive and review via ECF Order from Judge Goodman re settlement conference and related rulings made during status conference; legal analysis re same; | 0.2 | 105.00 |

**Total** **$2,100.00**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 9/12/2022 | 2349 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 9/12/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 8/24/2022 | Receive and review via email from Judge Goodman's chambers re settlement conference; | 0.1 | 52.50 |
| 8/24/2022 | Multiple email exchanges with WTBOE's counsel re settlement conference and negotiations by BOE; denial of adjournment of settlement conference and legal issues re same; | 0.4 | 210.00 |
| 8/24/2022 | Receive and review via ECF letter from WTBOE's counsel to Judge Goodman re settlement conference; legal analysis re same for response; | 0.3 | 157.50 |
| 8/24/2022 | Email exchange with co-counsel with legal strategy and discussion on response to WTBOE's counsel to Judge Goodman re settlement conference; | 0.2 | 105.00 |
| 8/25/2022 | Prepare lengthy letter to Judge Goodman re letter from WTBOE's counsel on settlement conference; file and serve same via ECF; | 0.4 | 210.00 |
| 8/25/2022 | Strategy discussion and legal analysis re settlement conference and WTBOE's position and response thereto; | 0.2 | 105.00 |
| 8/25/2022 | Receive and review via ECF text Order from Judge Goodman adjourning settlement conference without new date, reinstating fee petition, and setting deadline for WTBOE to state position on settlement conference; legal analysis re same; | 0.1 | 52.50 |

**Total** **$892.50**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 9/28/2022 | 2358 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 9/28/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 9/21/2022 | Receive and review email from co-counsel to Wall Twp BOE counsel re settlement conference; | 0.1 | 52.50 |
| 9/21/2022 | Strategy discussion and legal analysis re Wall Twp BOE counsel's letter to Court filed via ECF re settlement authority and settlement conference; | 0.4 | 210.00 |
| 9/21/2022 | Receive and review ECF Wall Twp BOE counsel's letter to Court re settlement authority and settlement conference; | 0.3 | 157.50 |
| 9/26/2022 | Receive and review via ECF Text Order scheduling Settlement Conference with Judge Goodman for 10/20; legal analysis re same; | 0.2 | 105.00 |
| 9/26/2022 | Strategy discussion and legal analysis re Text Order scheduling Settlement Conference with Judge Goodman for 10/20; | 0.3 | 157.50 |
| 9/26/2022 | Email to WTBOE counsel re adjourning Settlement Conference with Judge Goodman for 10/20; | 0.1 | 52.50 |
| 9/27/2022 | Email exchange with WTBOE counsel re adjournment of settlement conference; | 0.1 | 52.50 |
| 9/27/2022 | Prepare letter to Judge Goodman requesting adjournment of 10/20/22 Settlement Conference; file and serve same via ECF; | 0.3 | 157.50 |

| | |
|---|---|
| **Total** | **$945.00** |

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 10/4/2022 | 2367 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 10/4/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 9/29/2022 | Email exchanges with WTBOE counsel re settlement conference and communication with court; legal analysis re same; | 0.2 | 105.00 |

| | |
|---|---|
| **Total** | **$105.00** |

SCHOOL KIDS LAWYER .COM

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 11/3/2022 | 2376 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 11/3/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 10/4/2022 | Strategy discussion and legal analysis re client input at settlement conference with Judge Goodman and preparation re same; | 0.8 | 420.00 |
| 10/5/2022 | Receive and review via ECF letter from WTBOE counsel to Judge Goodman re settlement conf; legal analysis re same; | 0.2 | 105.00 |
| 10/6/2022 | Receive and review via ECF Text Order from Judge Goodman rescheduling settlement conference to 12/5/22; legal analysis re same; | 0.1 | 52.50 |
| 10/11/2022 | Email discussion and strategy re settlement conference and client preparation; | 0.2 | 105.00 |
| 10/25/2022 | Receive and review via ECF letter from co-counsel to Judge Goodman re conflicts and issues related to settlement conference and request to resolve fee petition on papers; legal analysis re same; | 0.3 | 157.50 |
| 10/25/2022 | Email exchanges with WTBOE counsel re canceling settlement conference and allowing fee petition to be decided on papers; WTBOE refusal to so consent; legal analysis and strategy re same; | 0.4 | 210.00 |
| 10/25/2022 | Strategy discussion, legal analysis and email exchanges with co-counsel re ethics issues relating to settlement conference and draft letter to Judge Goodman re same; | 0.7 | 367.50 |
| 10/26/2022 | Strategy discussion and legal analysis re settlement conference rejection and position to Judge Goodman in status conference re conflict and ethical issues; | 0.5 | 262.50 |
| 10/26/2022 | Receive and review via ECF Text Order from Judge Goodman re status conference; legal analysis re same; | 0.2 | 105.00 |
| 10/27/2022 | Strategy discussion and legal analysis in preparation for status conference with Judge Goodman 11/4; | 0.5 | 262.50 |

**Total** **$2,047.50**

# Invoice

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

| Date | Invoice # |
|---|---|
| 11/23/2022 | 2383 |

**Bill To**

Micayla Augustyn
c/o JOHN RUE & ASSOCIATES
1 Fairview Ave, Ste 14
Phillipsburg, NJ 08865-1230

| Due Date |
|---|
| 11/23/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 11/3/2022 | Receive and review via email communication from Judge Goodman's chambers re status conference; | 0.1 | 52.50 |
| 11/4/2022 | Prepare for and participate in status conference with Judge Goodman; | 0.7 | 367.50 |
| 11/4/2022 | Strategy discussion and legal analysis re Judge Goodman's comments during status conference on global settlement and nature of claims; | 0.4 | 210.00 |
| 11/7/2022 | Receive and review via ECF Text Order from Judge Goodman re 11/14 status conference as per 11/4 conference; legal analysis re same; | 0.1 | 52.50 |
| 11/8/2022 | Prepare for and participate in strategy discussion and legal analysis re settlement conference with Judge Goodman, conference with clients re same, and general settlement positions; | 2.1 | 1,102.50 |
| 11/9/2022 | Strategy discussion and legal analysis re client preparation for settlement conference and legal principles of converting non-monetary relief (grades) to monetary relief under 504; | 1.2 | 630.00 |
| 11/10/2022 | Strategy discussion and legal analysis re fee petition, settlement position, and client authority; update pro forma re same; email and telephone call to client re same; | 2.7 | 1,417.50 |
| 11/10/2022 | Telephone call to and email exchange with WTBOE counsel re meet and confer / settlement discussion as per instructions from Judge Goodman; | 0.3 | 157.50 |
| 11/11/2022 | Prepare for and participate in settlement call with WTBOE counsel as per Judge Goodman's instructions and in preparation for 11/14/22 status conference; review pro formas and filings re same; | 1.4 | 735.00 |
| 11/11/2022 | Strategy discussion and legal analysis re settlement discussions, Judge Goodman's status conf, and supplementation of fee petition; | 0.8 | 420.00 |
| 11/11/2022 | Email exchanges with client re settlement authority and preparation for status conference with Judge Goodman; | 0.3 | 157.50 |
| 11/14/2022 | Strategy discussion and legal analysis in preparation for settlement status conference with Judge Goodman; | 0.5 | 262.50 |
| 11/14/2022 | Prepare for and participate in conference call with Judge Goodman re status of settlement discussions and fee petition supplement; | 0.6 | 315.00 |

**Total**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 11/23/2022 | 2383 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 11/23/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 11/14/2022 | Strategy discussion and legal analysis post-status conference call with Judge Goodman and begin preparation of supplemental certification on fee petition; | 0.4 | 210.00 |
| 11/15/2022 | Receive and review via ECF text Order from Judge Goodman administratively terminating fee petition pending supplementation by Plaintiffs and schedule for opposition; legal analysis re same; | 0.2 | 105.00 |
| 11/15/2022 | Receive and review via email supplemental information for supplement to fee petition for court; legal analysis re same; | 0.4 | 210.00 |
| 11/17/2022 | Lengthy status report via email to client re 11/16 conference with Judge Goodman and settlement status; | 0.4 | 210.00 |
| 11/23/2022 | Prepare supplemental certification of RCT to amend and supplement fee petition; file and serve via ECF; | 1.6 | 840.00 |

**Total** **$7,455.00**

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 12/19/2022 | 2398 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 12/19/2022 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 11/28/2022 | Email exchange with client re status of fee petition and supplement thereto with legal analysis and advice; | 0.4 | 210.00 |
| 11/30/2022 | Multiple email exchanges with Court re 12/5 settlement conference and procedural history re same including status of settlement discussions and supplement to fee petition; | 0.4 | 210.00 |
| 11/30/2022 | Prepare status report and strategy discussion with legal analysis re 12/5 settlement conf cancellation and reasons therefor; | 0.3 | 157.50 |
| 11/30/2022 | Receive and review via ECF Order from Judge Goodman canceling 12/5 settlement conference and directing Defendant's counsel to provide status report to Court by 12/22; legal analysis re same; | 0.2 | 105.00 |
| 12/10/2022 | Receive and review via ECF letter from WTBOE counsel to Judge Goodman re fee petition and restatement of opposition thereto; legal analysis re same; | 0.2 | 105.00 |

| | |
|---|---|
| **Total** | **$787.50** |

Thurston Law Offices LLC
100 Springdale Rd A3
PMB 287
Cherry Hill NJ 08003

# Invoice

| Date | Invoice # |
|---|---|
| 2/5/2023 | 2407 |

| Bill To |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| Due Date |
|---|
| 2/5/2023 |

| Project | |
|---|---|

| Service Date | Description | Time | Amount |
|---|---|---|---|
| 1/17/2023 | Multiple email exchanges with Judge Goodman's chambers re status of settlement negotiations / discussions; | 0.3 | 157.50 |
| 1/18/2023 | Email exchanges with co-counsel re strategy for settlement call from Judge Goodman and legal position on case; | 0.3 | 157.50 |
| 1/19/2023 | Prepare for and participate in call with Judge Goodman re settlement discussions and status; | 0.4 | 210.00 |
| 1/19/2023 | Strategy discussion and legal analysis re WTBOE's settlement offer and legal arguments presented by Judge Goodman and response thereto; | 0.8 | 420.00 |
| 1/20/2023 | Prepare email to Judge Goodman rejecting WTBOE's counteroffer of settlement and requesting court to decide fee petition on the papers; send to Judge Goodman; | 0.2 | 105.00 |

**Total** **$1,050.00**

**Thurston Law Offices LLC**
100 Springdale Rd A3
Cherry Hill, NJ 08003 US
+1 8563355291
rthurston@schoolkidslawyer.com
http://schoolkidslawyer.com

# Invoice

SCHOOLKIDSLAWYER.COM
Special Education Law and Advocacy

| BILL TO |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| INVOICE # | DATE | TOTAL DUE | DUE DATE | TERMS | ENCLOSED |
|---|---|---|---|---|---|
| 2440 | 04/29/2023 | $682.50 | 05/29/2023 | Net 30 | |

| DATE | ACTIVITY | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 04/13/2023 | **525** | Receive and review via ECF Text Order from Magistrate Judge Day re conference call 5/24; legal analysis re same; | 0:12 | 525.00 | 105.00 |
| 04/15/2023 | **525** | Receive and review via ECF change of Magistrate Judge assignment; legal analysis re same; | 0:06 | 525.00 | 52.50 |
| 04/15/2023 | **525** | Email exchange and strategy discussion with co-counsel re 5/24 status conference call with Judge Day, legal strategy, and attendance; | 0:24 | 525.00 | 210.00 |
| 04/15/2023 | **525** | Email exchange and strategy discussion with co-counsel re 5/24 status conference with Judge Day and Plaintiffs' position; | 0:12 | 525.00 | 105.00 |
| 04/27/2023 | **525** | Email exchanges with client re status of case, fee petition and remand and legal advice re same; | 0:24 | 525.00 | 210.00 |

| | |
|---|---|
| SUBTOTAL | 682.50 |
| TAX | 0.00 |
| TOTAL | 682.50 |
| BALANCE DUE | **$682.50** |

**Thurston Law Offices LLC**
100 Springdale Rd A3
Cherry Hill, NJ 08003 US
+1 8563355291
rthurston@schoolkidslawyer.com
http://schoolkidslawyer.com

# Invoice

SCHOOLKIDSLAWYER.COM
Special Education Law and Advocacy

| BILL TO |
|---|
| Micayla Augustyn<br>c/o JOHN RUE & ASSOCIATES<br>1 Fairview Ave, Ste 14<br>Phillipsburg, NJ 08865-1230 |

| INVOICE # | DATE | TOTAL DUE | DUE DATE | TERMS | ENCLOSED |
|---|---|---|---|---|---|
| 2447 | 06/01/2023 | $630.00 | 07/01/2023 | Net 30 | |

| DATE | ACTIVITY | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 05/07/2023 | **525** | Email exchange with client re status report, legal analysis and advice; | 0:18 | 525.00 | 157.50 |
| 05/24/2023 | **525** | Prepare for and participate in status conference call with Magistrate Judge Day re fee petition and status of case; | 0:42 | 525.00 | 367.50 |
| 05/25/2023 | **525** | Email to client with status report from 5/24 conference with Magistrate Judge Day; | 0:12 | 525.00 | 105.00 |

| | |
|---|---|
| SUBTOTAL | 630.00 |
| TAX | 0.00 |
| TOTAL | 630.00 |
| BALANCE DUE | **$630.00** |

**TLO Invoices Summary - Augustyn**

| Invoice # | Date | Hrs. | Rate | Fees | Costs | Total |
|---|---|---|---|---|---|---|
| 2202 | 12/06/2021 | 1.8 | 650 | $1,170.00 | $0.00 | $1,170.00 |
| 2216 | 01/02/2022 | 10.0 | 650 | $6,500.00 | $0.00 | $6,500.00 |
| 2236 | 02/06/2022 | 10.2 | 650 | $6,630.00 | $0.00 | $6,630.00 |
| 2257 | 02/09/2022 | 5.9 | 650 | $3,835.00 | $0.00 | $3,835.00 |
| 2261 | 03/01/2022 | 1.9 | 650 | $1,235.00 | $0.00 | $1,235.00 |
| 2277 | 04/03/2022 | 9.2 | 650 | $5,980.00 | $0.00 | $5,980.00 |
| 2311 | 06/02/2022 | 0.2 | 650 | $130.00 | $0.00 | $130.00 |
| 2338 | 08/03/2022 | 4.5 | 650 | $2,925.00 | $0.00 | $2,925.00 |
| 2349 | 09/12/2022 | 1.7 | 650 | $1,105.00 | $0.00 | $1,105.00 |
| 2358 | 09/28/2022 | 1.8 | 650 | $1,170.00 | $0.00 | $1,170.00 |
| 2367 | 10/04/2022 | 0.2 | 650 | $130.00 | $0.00 | $130.00 |
| 2376 | 11/03/2022 | 3.9 | 650 | $2,535.00 | $0.00 | $2,535.00 |
| 2383 | 11/23/2022 | 14.2 | 650 | $9,230.00 | $0.00 | $9,230.00 |
| 2398 | 12/19/2022 | 1.5 | 650 | $975.00 | $0.00 | $975.00 |
| 2407 | 02/05/2023 | 2.0 | 650 | $1,300.00 | $0.00 | $1,300.00 |
| 2440 | 04/29/2023 | 1.3 | 650 | $845.00 | $0.00 | $845.00 |
| 2447 | 06/01/2023 | 1.2 | 650 | $780.00 | $0.00 | $780.00 |
| | | | 650 | $0.00 | | $0.00 |
| | **TOTALS** | **71.5** | | **$46,475.00** | **$0.00** | **$46,475.00** |

# EXHIBIT C

JOHN RUE & ASSOCIATES, LLC
A PRIVATE PUBLIC INTEREST LAW FIRM
100 OVERLOOK CENTER, 2ND FLOOR, #9211
PRINCETON, NJ 08540
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

John D. Rue†
—
Krista Haley Rue§
Saran Q. Edwards§
—
Francis X. Geier

Johanna G. Burke*
Jonathan S. Corchnoy*⊗§
Matthew P. Crimmel*§†Δ
Carolina T. Curbelo*
Jordan B. Dascal*†
Lynne D. Feldman*
Rami M. Salim†
Wayne Pollock*§

June 18, 2023

Robert Thurston
Thurston Law Offices
***Via email and certified mail***

**RE: Of-Counsel and Co-Counsel Agreements**

Dear Mr. Thurston:

On April 22, 2021, John Rue & Associates, LLC (“JRA”) and Thurston Law Office (“TLO”) entered into an amendment of our pre-existing Of Counsel Agreement, governing the relationship between our firms and your handling of certain cases for JRA clients. While that relationship was mutually beneficial for a time, JRA has concluded that this time has come to an end. Over the past several months, we have sensed a breakdown of our relationship and, earlier this week, you missed an important deadline, which may prejudice a client's rights.

On Tuesday, June 13, 2023, the deadline to file a Notice of Petition for Certification in *Bd. Of Edu., Twp. Of Sparta v. M.N.* (App. Div. dkt #A-0742-21) expired. N.J. R. 2:12-3(a) (“[T]he petitioner shall, within 20 days after its entry, serve a copy of a notice of petition for certification upon all parties who may be affected by the proceeding.”). The Appellate Division decision was entered on May 24. Twenty days from that was June 13. You neither filed a notice of petition, nor did you seek advice or direction from the client or from this office on whether to do so.[1]

I have consulted with M.N. and, in an abundance of caution to ensure her right to the counsel of her choice, I told her that JRA would have no objection if she chose to transition to your firm. She does not wish to do so. Accordingly, please terminate your appearance on all dockets related to this client at once. JRA will now file a motion for leave to file an untimely notice in the Supreme Court.

By this letter, JRA terminates its of-counsel agreement with Thurston Law Offices TLO. This includes but is not limited to TLO’s appearance in *M.A. v. Wall Township Board of Education,* Civil Action No. 20-cv-05218 and *M.N., et al. v. Sparta Township Board of Education,* Civil Action No. 21:cv-19977; and *Bd. Of Edu., Twp. Of Sparta v. M.N.* (App. Div. dkt #A-0742-21). Notably, **your right to payment for work already performed in these cases survives this**

[1] JRA assumes that TLO has its own malpractice insurance, as required by the Of Counsel Agreement. TLO may wish to consider whether it has an obligation to inform its malpractice carrier about this missed statutory deadline.

**termination**. Additionally, the Second Revised Costs and Fees Agreement related to *C.P. individually and on behalf of F.P., a minor child, et al. v. New Jersey Department of Education*, Case No. 1:19-cv-12807, **is unaffected by this termination**, as is any right to payment arising therefrom. In sum, all right of TLO to fees for work performed prior to the date of this letter is unaffected by this termination.

Please do not further contact JRA's clients in *M.A. v. Wall*, *M.N. v. Sparta*, or any other JRA case on which you have worked without an independent engagement agreement between TLO and the client. Please also immediately terminate your appearances on the dockets in all such actions.

Your immediate compliance with all aspects of this demand will be appreciated.

Sincerely,

John Rue

John Rue
Principal
cc: Krista Rue
Saran Edwards

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.P., individually and on behalf of F.P., a minor child; D.O. individually and on behalf of M.O., a minor child; S.B.C., individually and on behalf of C.C., a minor child; A.S., individually and on behalf of A.A.S., a minor child; M.S., individually and on behalf of her minor child, H.S.; Y.H.S., individually and on behalf of his minor child, C.H.S.; E.M. on behalf of her minor child, C.M.; M.M., individually and on behalf of K.M.; L.G., individually and on behalf of her minor child, T.M.; E.P., individually and on behalf of her minor child, Ea.P.; and on behalf of ALL OTHERS SIMILARLY SITUATED,<br>Plaintiffs,<br>v.<br>NEW JERSEY DEPARTMENT OF EDUCATION; ANGELICA ALLEN-McMILLAN, Acting Commissioner of Education, in her official capacity,<br>Defendants. | Civil Action No. 19-cv-12807-NLH-MJS<br>Noel L. Hillman, U.S.D.J.<br>Matthew J. Skahill, U.S.M.J.<br>**STIPULATION AND CONSENT ORDER** |

Appearing Counsel for the Plaintiffs in the instant action hereby stipulate and agree as follows:

1. John Rue & Associates, LLC ("JRA") hereby withdraws as Class Counsel.

2. The Parties hereby request that the Court determine that the Order to Show Cause reflected at Docket No. 504 is therefore moot.

3. JRA shall not (a) submit its own Proposed Plan for Class Counsel (as described by the Court on page 10 of the Hearing Transcript, dated August 22, 2023), and (b) will not oppose the Proposed Plan for Class Counsel to be filed by any of the other undersigned counsel.

4. JRA shall not take any position with respect to any application by any person or entity to be appointed as class counsel in the instant action.

5. John Rue, Esq. hereby withdraws his sponsorship of the *pro hac vice* admission of Gregory Little. Annexed hereto is a substitute sponsorship of Mr. Little's *pro hac vice* admission by Catherine Merino Reisman.

6. Mr. Little's appearance *pro hac vice* is hereby continued.

JOHN RUE & ASSOCIATES, LLC

By: John Rue
John D. Rue, Esq.

September 13, 2023
Date

REISMAN CAROLLA GRAN & ZUBA LLP
*Interim Class Counsel*

By: */s/ Catherine Merino Reisman*
Catherine Merino Reisman, Esq.

September 13, 2023
Date

**SO ORDERED**:

Noel L. Hillman
Noel L. Hillman, U.S.D.J.
At Camden, New Jersey

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

C.P., individually and on behalf of F.P., a minor child; D.O. individually and on behalf of M.O., a minor child; S.B.C., individually and on behalf of C.C., a minor child; A.S., individually and on behalf of A.A.S., a minor child; M.S., individually and on behalf of her minor child, H.S.; Y.H.S., individually and on behalf of his minor child, C.H.S.; E.M. on behalf of her minor child, C.M.; M.M., individually and on behalf of K.M.; L.G., individually and on behalf of her minor child, T.M.; E.P., individually and on behalf of her minor child, Ea.P.; and on behalf of ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

NEW JERSEY DEPARTMENT OF EDUCATION; ANGELICA ALLEN-McMILLAN, Acting Commissioner of Education, in her official capacity,

Defendants.

Civil Action No. 19-cv-12807-NLH-MJS

Noel L. Hillman, U.S.D.J.

Matthew J. Skahill, U.S.M.J.

**STIPULATION AND CONSENT ORDER**

Appearing Counsel for all Parties in the instant action hereby stipulate and agree as follows:

1. The Court having issued an Order to Show Cause on August 23, 2023 [ECF 504], the parties recognize that in light of that Order, the Consent Order and Settlement Agreement attached as Exhibit 1 to the Rue Certification filed with the Court on June 9, 2023 [ECF No. 462-2] and re-filed on June 23, 2023 [ECF No. 465-1, Ex. 1], may be revised to reference new Class Counsel.

2. The parties further recognize that a Stipulation as to Attorneys' Fees attached as Exhibit 4 to the Rue Certification filed with the Court on June 9, 2023 [ECF No. 462-2] and re-

filed on June 23, 2023 [ECF No. 465-1, Ex. 6] as a Stipulation as to Attorneys' Fees and Dissemination of Notice stated that Defendants would not oppose an application for an award of attorneys' fees and expenses up to the amount of $4,750,000.00 for all work performed through resolution of the Fairness Hearing.

3. And Plaintiffs' Counsel other than Coyle & Morris LLP having represented that they and John Rue and Associates have reached an agreement as to the allocation of attorneys' fees and expenses.

4. In light of the agreement as to the allocation of attorneys' fees and expenses between Plaintiffs' Counsel other than Coyle & Morris LLP and John Rue and Associates, the parties stipulate that a revised Consent Order and Settlement Agreement shall amend the current Consent Order and Settlement Agreement [ECF 462-2; 465-1, Ex. 1] to require the disbursement of payment of any awarded fees in the following manner:

> Defendants will pay 41.5488% of any attorney's fees awarded for work performed through approval of the settlement to John Rue & Associates, LLC and issue a 1099 for that amount to John Rue & Associates, LLC. Defendants will pay 58.4512% of any attorney's fees awarded for work performed through approval of the settlement to the trust account of Reisman Carolla Gran & Zuba LLP ("RCGZ") and issue a 1099 for that amount, which will be distributed by RCGZ to counsel other than John Rue & Associates LLC in accordance with a private agreement between those firms.

5. If the Court does not grant final approval to the Class settlement that is currently before the Court, as revised by Defendants and Interim Class Counsel or subsequently appointed Class Counsel, JRA will retain the right to payment out of any fees eventually awarded (on a quantum meruit basis or otherwise), without the need for JRA to continue to appear in this action.

Case 1:19-cv-12807-NLH-MJS Document 513-2 Filed 09/13/23 Page 3 of 3 PageID: 16052

6. The parties agree and recognize that Defendants are not a party to the agreement between Plaintiffs' Counsel for the allocation of the payment of fees and costs. If a dispute should arise between Plaintiffs' Counsel regarding the allocation of the awarded fees and costs, Defendants shall not be named as a party or deemed responsible for any payment arising out of the dispute.

JOHN RUE & ASSOCIATES, LLC

By: John Rue
John D. Rue, Esq.

September 13, 2020
Date

NEW JERSEY OFFICE OF THE ATTORNEY GENERAL

By: [signature]

9/12/23
Date

REISMAN CAROLLA GRAN & ZUBA LLP
*Interim Class Counsel*

By: [signature]
Catherine Merino Reisman, Esq.

9.13.2023
Date

**SO ORDERED:**

Noel L. Hillman
Noel L. Hillman, U.S.D.J.

At Camden, New Jersey

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement and Release Agreement") is entered into effective as of September 12 2023 by, between and among John Rue & Associates, LLC ("JRA"); Walsh Pizzi O'Reilly Falanga LLP ("Walsh"); Reisman Carolla Gran & Zuba LLP ("RCGZ"); Thurston Law Offices LLC ("Thurston Law"); Education Law Center ("ELC"); Law Office Of Denise Lanchantin Dwyer LLC ("Dwyer Law"); Wasserman Legal LLC ("Wasserman Legal"); and Law Office Of David R. Giles ("Giles Law") (each, a "Party," and, collectively, the "Parties").

**WHEREAS**, by and through a contract between and among JRA, Walsh, RCGZ, Thurston Law, Coyle & Morris, LLP ("Coyle"), Dwyer Law, Wasserman Legal and Giles Law (the "Co-Counsel Agreement"), those Parties have served as counsel to plaintiffs in the action entitled *C.P. individually and on behalf of F.P., a minor child, et al. v. New Jersey Department of Education*, Case No. 1:19-cv-12807, pending in the United States District Court of the District of New Jersey (the "45 Day Rule Action"); and

**WHEREAS**, on or around February 22, 2022, JRA and ELC entered into a bilateral contract (the "ELC-JRA Agreement") whereby ELC would appear in the 45 Day Rule Action on behalf of plaintiffs and subsequently the Class; and

**WHEREAS**, the Parties recognize and intend that the performance of this Agreement may directly benefit third party beneficiaries, the **Amici Released Parties**;[1] and

**WHEREAS**, the parties to the 45 Day Rule Action have executed a settlement agreement as to the merits of the 45 Day Rule Action (pending court approval), and the Defendants have proposed to pay prevailing-party fees to Plaintiffs' counsel in the amount of $4,750,000.00 (the "Fee Settlement Amount") through approval of the settlement; and

**WHEREAS**, the Parties agree that prompt resolution of the disagreements among themselves is in the best interest of the Classes;

**NOW, THEREFORE**, to avoid any further dispute among the Parties, and in consideration of the mutual covenants, agreements and conditions stated in this Settlement and Release Agreement, and upon acknowledgment of each of the Parties of the receipt of valuable consideration, each Party hereby agrees as follows:

1. **Distribution of the Fee Settlement Amount**. Because it is in the best interest of the Classes to have an agreed-upon distribution of fees at final approval, the Parties agree that they will request that the State amend the Consent Order and Settlement Agreement, by and through the Consent Order attached hereto as Exhibit 2, to provide that RCGZ shall receive the Fee Settlement Amount, less the amount designated for JRA ($1,973,565.68 or 41.5488% of the full amount awarded if the Court awards less than $4,750,000), which will be paid by NJDOE to JRA

[1] The bolded terms in this Settlement and Release Agreement are defined in the annexed Schedule A, which is incorporated herein by reference.

directly. Within 10 days of receipt of payment from the State, RCGZ shall distribute the fees awarded by the Court as follows:

a. Walsh: $1,146,926.74 or 24.1458% of the full amount awarded if the Court awards less than $4,750,000;

b. RCGZ: $578,662.85 or 12.1824% of the full amount awarded if the Court awards less than $4,750,000;

c. Thurston Law: $326,204.88 or 6.8675% of the full amount awarded if the Court awards less than $4,750,000;

d. ELC: $269,997.29 or 5.6842% of the full amount awarded if the Court awards less than $4,750,000;

e. Dwyer Law: $148,926.66 or 3.1353% of the full amount awarded if the Court awards less than $4,750,000;

f. Wasserman Legal: $85,239.70 or 1.7945% of the full amount awarded if the Court awards less than $4,750,000;

g. Giles Law: $71,179.54 or 1.4985% of the full amount awarded if the Court awards less than $4,750,000; and

h. Coyle: $149,296.66 or 3.1431% of the full amount awarded if the Court awards less than $4,750,000.

By signing this Agreement, the Parties listed in the foregoing paragraphs 1(a) through (g) are agreeing to the fee distribution schedule listed above. JRA shall not have any liability to any Party related to the fee distribution schedule listed in paragraphs 1(a) through (g). All parties agree that if Coyle receives more than 3.1431% of the full amount awarded, the parties will bear the cost of the increased payment to Coyle on a *pro rata* basis.

2. **Post-February 18, 2023, Fees**. All Parties agree to waive their post-February 18, 2023, fees through decision on the motion for approval of the Class settlement.

3. **Named Plaintiffs C.P., D.O., S.B.C., A.S., M.S., Y.H.S., and L.G**. JRA shall use its good-faith efforts to facilitate a meeting between C.P., D.O., S.B.C., A.S., M.S., Y.H.S., and L.G and any Party that wishes to substitute in for JRA as counsel of record for these named plaintiffs in the instant action. Upon entry of the Consent Order (without material alteration thereto) attached hereto as Exhibit 1, JRA consents, pursuant to R.P.C. 4.2, to communications for these purposes between JRA's clients and the other firms appearing on behalf of plaintiffs.

4. **Consent Orders**. Upon full execution of this Settlement and Release Agreement, RCGZ and JRA will sign the Consent Order attached hereto as Exhibit 1 and RCGZ will file it with the Court. Upon full execution of this Settlement and Release Agreement, RCGZ, JRA, and NJDOE will file the signed Consent Order attached hereto as Exhibit 2, and RCGZ will file it with the Court. The Parties acknowledge that this Agreement is null and void without entry of the attached Consent Orders (without material alteration thereto).

[redacted]

[redacted]

6. <u>Mutual Release</u>.

a. In consideration of the covenants and mutual releases contained and described in this Settlement and Release Agreement, and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, each of the **Counsel Releasors** hereby releases and forever discharges each of the **Counsel Released Parties** from any and every claim, demand, right, liability, action, cause of action (based in contract, tort, or any other legal or equitable theory) of whatsoever kind or nature, whether known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed or contingent, latent or patent that each of the Counsel Releasors ever had, now has, or hereafter may have against any of the Counsel Released Parties from the beginning of time up to and including the Effective Date of this Settlement and Release Agreement, except as set forth in paragraph 6(c), below.

b. **<u>Breach Of This Settlement Agreement</u>**. Nothing in the releases contained in the foregoing paragraph 6(a) shall be construed to release any obligations imposed by this Settlement and Release Agreement.

c. **<u>Reservation of Claims Between JRA and Counsel Arising Out Of Actions Other Than The 45 Day Rule Action</u>**. Notwithstanding the release contained in paragraph 6(a), above, JRA and the following firms do not release, and hereby reserve, any claims that may arise between JRA and:

(i) Thurston Law with respect to its assistance with the representation of the Plaintiffs in *M.A. v. Wall Township Bd. of Educ.*, Civil Action No. 20-cv-05218; *G.W. and K.W. o/b/o M.W. v. Ringwood Bd. of Educ. and NJDOE*, OAL Dkt. Nos. EDS 00220-22 and EDS 00219-22; *G.W., et al. v. Ringwood Bd. of Educ., et al.*, Civil Action No. 2:21-cv-20657-JXN-JS; *G.W. and K.W. o/b/o M.W. v. Ringwood Bd. of Educ.*, OAL Dkt. No. EDU 09628-20; *G.W. and K.W. o/b/o M.W. v. Ringwood Bd. of Educ.*, Case No. 20-3552 (3d Cir.); *G.W. and*

*K.W. o/b/o M.W. v. Ringwood Bd. of Educ.* (no caption as case not filed) ("Wrights HIB II"); *M.N., et al. v. Sparta Township Bd. of Educ.*, Civil Action No. 21:cv-19977; *C.P. o/b/o F.P. v. Clifton Bd. of Educ.*, Civil Action No. 19-8469; and *Strunk, et. al. v. Hillsborough Twp. BOE*, Civil Action No. 1:20-cv-13077.

(ii) Wasserman Legal with respect to its assistance with the representations in *C.P., individually and on behalf of F.P. v. NJDOE et al.*, Case No. 1:21-cv-15677-NLH-MJS; *R.H. and M.H. o/b/o A.H. v. Borough of Sayreville Board of Ed.*, Case No. 3:21-cv-19835-ZNQ-DEA; *I.K. v. Montclair Board of Education*, Case No. 2:16-cv-09152-MCA-MAH; *I.K. v. Montclair Public Schools*, Case No. 2:17-cv-02053-MCA-MAH; ; *The Innisfree Foundation, Inc. v. Cherry Hill BOE et al.*, CAM L 003902-15 (All of the Consolidated School Board cases); *Town of Morristown v. Michael Hernando et al.*, MRS-C-000096-20 (and appeals); and *Hernando et al. v. Town of Morristown*, Case No. 2:22-cv-03237-MCA-JSA.

(iii) Donald A. Soutar, individually ("Soutar"). For the avoidance of doubt, Soutar is not a Counsel Releasor under the terms of this Settlement and Release Agreement and Soutar's claims with respect to work performed while employed by JRA, including work performed on the 45 Day Rule Action, are not released and are hereby reserved.

d. As to any potential fee award sought in any action listed in the foregoing paragraphs 6(c)(i) and 6(c)(ii), each respective firm agrees that it will cooperate in good faith with JRA's efforts to negotiate and compromise the quantum of any prevailing party fee award to be paid by the defendant(s) in the actions listed in in the foregoing paragraphs 6(c)(i) and 6(c)(ii). Similarly, to the extent that JRA owes any fees to any other party the payment of which is not contingent on a compromise with a defendant, all parties agree to negotiate with JRA in good faith as to the quantum of those fees.

7. <u>**Release of Amici Released Parties**</u>. In consideration of the covenants and mutual releases contained and described in this Settlement and Release Agreement, and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, JRA hereby releases and forever discharges each of the **Amici Released Parties** from any and every claim, demand, right, liability, action, cause of action (based in contract, tort, or any other legal or equitable theory) of whatsoever kind or nature, whether known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed or contingent, latent or patent that JRA ever had, now has, or hereafter may have against any of the **Amici Released Parties** from the beginning of time up to and including the Effective Date of this Settlement and Release Agreement. The Parties to this Settlement and Release Agreement acknowledge that a copy of this Settlement and Release Agreement must be provided to counsel for the **Amici Released Parties** for distribution to the **Amici Released Parties**. Those copies will redact all references to the

[redacted] (The redacted version that may be provided to *Amici* is attached as Exhibit 2.) An unredacted copy of this Settlement and Release Agreement will be provided to counsel for the **Amici Released Parties** for "Attorneys' Eyes Only," and does not constitute publication or dissemination of the [redacted] referenced in Paragraph 5.

8. __**Non-Approval Of The Class Settlement By The Court**__. If the Court does not both (i) sign and enter the Consent Orders attached hereto as Exhibits 1 and 2, without material alteration from the form attached, ***and*** subsequently (ii) approve the class-action settlement, as revised, on its merits, this Settlement and Release Agreement shall be null and void. Further, in the event that this Settlement and Release Agreement becomes null and void by operation of this paragraph, the Parties agree that their entitlement to legal fees for services provided in connection with the 45 Day Rule Action shall be determined based on a *quantum meruit* analysis.

9. __**Miscellaneous**__.

a. __**Construction**__. Throughout this Settlement and Release Agreement, whenever the context so permits, the singular shall be deemed to include the plural and *vice versa*. Titles or captions contained in this Settlement and Release Agreement are inserted only as a matter of convenience and for reference, and shall in no way define, limit, extend or describe the scope or intent of this Settlement Agreement or of any provision hereof.

b. __**Choice of Law**__. This Settlement and Release Agreement shall be governed by, and construed in accordance with, the laws of the State of New Jersey, without regard to its conflicts of law principles.

c. __**Binding Effect**__. This Settlement and Release Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective successors and assigns, and to the named plaintiffs.

d. __**Counterparts**__. This Settlement and Release Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or pdf attachment to an email shall be deemed to be an original signature.

e. __**Certain Representations and Warranties**__. The Parties represent and warrant that each of them has the legal right and capacity to enter into this Settlement and Release Agreement, and that this Settlement and Release Agreement is not in conflict with any other agreements to which such Party is bound. All signatories to this Agreement represent and warrant that they have the authority to execute the Agreement and bind the Party on whose behalf they are signing.

f. __**Replacement of Co-Counsel Agreement**__. Upon full execution of this Settlement and Release Agreement and entry by the Court of the Consent Order (without material alteration thereto) attached hereto as Exhibit 1, the Co-Counsel Agreement, last executed upon February 10, 2022, which may

be amended by agreement of all parties except one, shall be deemed terminated and of no further force and effect.

g. Replacement of ELC-JRA Agreement. Upon full execution of this Settlement and Release Agreement and entry by the Court of the Consent Order (without material alteration thereto) attached hereto as Exhibit 1, the ELC-JRA Agreement, executed on or around February 22, 2022, shall be deemed terminated and of no further force and effect.

h. Prevailing Party Fees. If any Party hereto commences any action against any other Party hereto with respect to the enforcement or interpretation of this Agreement, then the prevailing party in such action shall be entitled to an award of its costs of litigation, including reasonable attorney's fees.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement and Release Agreement.

JOHN RUE & ASSOCIATES, LLC

By: ______________________ 9/13/23
John D. Rue, Esq. Date

WALSH PIZZI O'REILLY FALANGA LLP

By: ______________________ 9/13/23
Thomas J. O'Leary, Esq. Date

REISMAN CAROLLA GRAN & ZUBA LLP

By: ______________________ 9.13.2023
Catherine Merino Reisman, Esq. Date

THURSTON LAW OFFICES LLC

By: ______________________ 9/13/2023
Robert C. Thurston, Esq. Date

EDUCATION LAW CENTER

By: ______________________ September 13, 2023
Gregory G. Little, Esq. Date

LAW OFFICE OF DENISE LANCHANTIN DWYER LLC

By: ______________________ ____________
Denise Lanchantin Dwyer, Esq. Date

WASSERMAN LEGAL, LLC

By: ______________________ ____________
Jeffrey I. Wasserman, Esq. Date

LAW OFFICE OF DAVID R. GILES

By: ______________________ September 13, 2023
David R. Giles, Esq. Date

EDUCATION LAW CENTER

By: ______________________________ ______________
Gregory G. Little, Esq. Date

LAW OFFICE OF DENISE LANCHANTIN DWYER LLC

By: Denise Lanchantin Dwyer 9/13/2023
Denise Lanchantin Dwyer, Esq. Date

WASSERMAN LEGAL, LLC

By: Jeffrey I. Wasserman 9/13/2023
Jeffrey I. Wasserman, Esq. Date

LAW OFFICE OF DAVID R. GILES

By: ______________________________ ______________
David R. Giles, Esq. Date

## Schedule A

**(Definition of Bolded Terms In Paragraphs 6(a) and 7 Of This Settlement and Release Agreement)**

A. The term "**Counsel Releasors**" means all of the following:

1. JRA, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
2. Walsh, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
3. RCGZ, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
4. Thurston Law, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
5. ELC, on behalf of itself, its principals and partners, predecessors, successors, and assigns (including Gregory Little); and
6. Coyle, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
7. Dwyer Law, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
8. Wasserman Legal, on behalf of itself, its principals and partners, predecessors, successors, and assigns; and
9. Giles Law, on behalf of itself, its principals and partners, predecessors, successors, and assigns.

B. The term "**Counsel Released Parties**" means all of the following:

1. JRA, and its predecessors, successors and assigns; (ii) JRA's parents, subsidiaries and affiliates ("JRA's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of JRA, the JRA Affiliates and each of their respective predecessors, successors and assigns; and
2. Walsh, and its predecessors, successors and assigns; (ii) Walsh's parents, subsidiaries and affiliates ("Walsh's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Walsh, the Walsh Affiliates and each of their respective predecessors, successors and assigns; and:
3. RCGZ, and its predecessors, successors and assigns; (ii) RCGZ's parents, subsidiaries and affiliates ("RCGZ Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of RCGZ, the RCGZ Affiliates and each of their respective predecessors, successors and assigns; and:

## Schedule A

**(Definition of Bolded Terms In Paragraphs 6(a) and 7 Of This Settlement and Release Agreement)**

4. Thurston Law, and its predecessors, successors and assigns; (ii) Thurston Law's parents, subsidiaries and affiliates ("Thurston Law's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Thurston Law, the Thurston Law Affiliates and each of their respective predecessors, successors and assigns; and

5. ELC, and its predecessors, successors and assigns; (ii) ELC's parents, subsidiaries and affiliates ("ELC's Affiliates"), including New Jersey Special Education Practitioners ("NJSEP") and any representative of NJSEP, and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers (including Gregory Little), including all such persons' heirs and assigns, of ELC, the ELC Affiliates and each of their respective predecessors, successors and assigns; and

6. Coyle, and its predecessors, successors and assigns; (ii) Coyle's parents, subsidiaries and affiliates ("Coyle's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Coyle, the Coyle Affiliates and each of their respective predecessors, successors and assigns; and

7. Dwyer Law, and its predecessors, successors and assigns; (ii) Dwyer Law's parents, subsidiaries and affiliates ("Dwyer Law's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Dwyer Law, the Dwyer Law Affiliates and each of their respective predecessors, successors and assigns; and

8. Wasserman Legal, and its predecessors, successors and assigns; (ii) Wasserman Legal's parents, subsidiaries and affiliates ("Wasserman Legal's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Wasserman Legal, the Wasserman Legal Affiliates and each of their respective predecessors, successors and assigns; and

9. Giles Law, and its predecessors, successors and assigns; (ii) Giles Law's parents, subsidiaries and affiliates ("Giles Law's Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Giles Law, the Giles Law Affiliates and each of their respective predecessors, successors and assigns.

## Schedule A

**(Definition of Bolded Terms In Paragraphs 6(a) and 7 Of This Settlement and Release Agreement)**

C. The term "**Amici Released Parties**" means:

1. SPAN Parent Advocacy Network ("SPAN") and its predecessors, successors and assigns; (ii) SPAN's parents, subsidiaries and affiliates ("SPAN Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of SPAN, the SPAN Affiliates and each of their respective predecessors, successors and assigns;

2. Advocates for Children of New Jersey ("ACNJ") and its predecessors, successors and assigns; (ii) ACNJ's parents, subsidiaries and affiliates ("ACNJ Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of ACNJ, the ACNJ Affiliates and each of their respective predecessors, successors and assigns;

3. Council of Parent Attorneys and Advocates ("COPAA") and its predecessors, successors and assigns; (ii) COPAA's parents, subsidiaries and affiliates ("COPAA Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of COPAA, the COPAA Affiliates and each of their respective predecessors, successors and assigns;

4. Disability Rights New Jersey ("DRNJ") and its predecessors, successors and assigns; (ii) DRNJ's parents, subsidiaries and affiliates ("DRNJ Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of DRNJ, the DRNJ Affiliates and each of their respective predecessors, successors and assigns;

5. ELC, and its predecessors, successors and assigns; (ii) ELC's parents, subsidiaries and affiliates ("ELC's Affiliates"), including New Jersey Special Education Practitioners ("NJSEP") and any representative of NJSEP, and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers (including Gregory Little), including all such persons' heirs and assigns, of ELC, the ELC Affiliates and each of their respective predecessors, successors and assigns;

6. Volunteer Lawyers for Justice ("VLJ") and its predecessors, successors and assigns; (ii) VLJ's parents, subsidiaries and affiliates ("VLJ Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of VLJ, the VLJ Affiliates and each of their respective predecessors, successors and assigns;

**<u>Schedule A</u>**

**(Definition of Bolded Terms In Paragraphs 6(a) and 7 Of This Settlement and Release Agreement)**

7. Esther Canty-Barnes, Esquire ("Canty-Barnes"), her predecessors, successors and assigns and any current or former agents and advisers, including all such persons' heirs and assigns;

8. Jennifer N. Rosen Valverde, Esquire ("Valverde"), her predecessors, successors and assigns and any current or former agents and advisers, including all such persons' heirs and assigns;

9. Rutgers School of Law Education and Health Law Clinic ("Rutgers Clinic") and its predecessors, successors and assigns; (ii) Rutgers Clinic's parents, subsidiaries and affiliates ("Rutgers Clinic Affiliates"), and their predecessors, successors and assigns; and (iii) any current or former managers, members, shareholders, partners (limited or general), directors, officers, employees, agents and advisers, including all such persons' heirs and assigns, of Rutgers Clinic and the Rutgers Clinic Affiliates and each of their respective predecessors, successors and assigns.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICAYLA AUGUSTYN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218** |
| | ) | |
| | ) | |
| | ) | |
| **WALL TOWNSHIP BOARD OF** | ) | |
| **EDUCATION,** | ) | **Magistrate: J. Brendan Day** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**<u>NOTICE TO MICAYLA AUGUSTYN RE ATTORNEY FEES</u>**

TO: Micayla Augustyn
1287 Bradford Run
Spring Lake, NJ, 07762
**VIA REGULAR AND CERTIFIED MAIL**

PLEASE TAKE NOTICE that Thurston Law Offices LLC ("TLO"), by and through counsel, has submitted a petition to the above-referenced Court for an attorney charging lien in the amount of **$46,475.00** against the August 10, 2026 fee award to you in the amount of **$284,654.75** in this case.

**YOU HAVE THE RIGHT TO FILE A FEE ARBITRATION REQUEST TO CHALLENGE THIS REQUESTED FEE**.

Information on how to file such fee arbitration request can be found at the website:

https://www.njcourts.gov/attorneys/attorney-ethics-and-discipline/file-fee-dispute

You are in Monmouth County, which is District IX. The District Fee Secretary for District IX is:

**Mark B. Watson**
Daniel F. Sahin, PC
P.O. Box 838
Clarksburg, NJ 08510
Phone: **609-503-7944**

This is a mandatory notice being sent to you pursuant to New Jersey Court Rule 1:20A-6. Should you have any further questions, you can direct them to your attorneys John Rue & Associates, LLC.

Dated: August 24, 2026

By: /s/ *Robert C. Thurston*
Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
54 Amelia Ct.
Williamstown, NJ 08094
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Petitioner Thurston Law Offices LLC*