**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICAYLA AUGUSTYN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218** |
| | ) | |
| | ) | |
| | ) | |
| **WALL TOWNSHIP BOARD OF** | ) | |
| **EDUCATION,** | ) | **Magistrate: J. Brendan Day** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**REPLY IN SUPPORT OF PETITION FOR ATTORNEY CHARGING LIEN**

NOW COMES Petitioner Thurston Law Offices LLC ("TLO"), by and through counsel, and for its Reply in support of its Petition for Attorney Charging Lien (ECF #115) and in response to the opposition letter brief filed by Plaintiff (ECF #118) [1], hereby states as follows:

---

[1] Although not dispositive, Plaintiff has not complied with this Court's Local Rule on briefs which states "Each page of a brief shall contain double-spaced text and/or single-spaced footnotes or inserts. Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14)." L.Civ.R. 7.2(d) (emphasis added.) Not only is Plaintiff's brief single-spaced text, but it also appears to be 12-point proportional font of Times New Roman.

## LEGAL ARGUMENT

### I. The Charging Lien Operates Against a Fee Award in an IDEA Fee-Shifting Case

Plaintiff argues that the New Jersey Attorney Charging Lien statute does not apply because "Plaintiff is not TLO's debtor." To support this position, Plaintiff erroneously states "Plaintiff is not Thurston's client." (ECF #118, PageID: 1656.)

Both the Of Counsel Agreement and the filings in this Court belie these assertions. The Of Counsel Agreement clearly states in pertinent parts:

> Pursuant to this agreement, either Firm may request that the other perform legal services for a client, with the client's informed consent. If both Firms agree, they will do so in writing (which may be by email) as to each specific case.
>
> WHEREAS, John Rue ("Rue") and JOHN RUE & ASSOCIATES ("JR&A" or the "Firm") and Robert C. Thurston ("Thurston") and the Thurston Law Offices LLC ( TLO" and, collectively with Rue, JR&A, and Thurston and TLO, the "Parties") executed an of-counsel agreement as of April 22, 2021;
>
> WHEREAS, JR&A wishes to utilize the services of TLO in the role of Co-Counsel in numerous Cases;
>
> WHEREAS, TLO has already begun work on some such cases; and
>
> WHEREAS, JR&A intends to utilize the services of TLO on additional cases in the future;
>
> THEREFORE, the Parties hereby enter into this Co-Counsel Agreement (the "Agreement") to govern the terms of their collaboration as an omnibus agreement for all cases not heretofore executed.

> Co-Counsel, or assigned JR&A staff as determined by the Parties, shall be the primary client contact.
>
> Co-Counsel will continue to manage the day-to-day activities of the case, including primary responsibility for drafting all court submissions.
>
> EXHIBIT A / JRA – TLO CO-COUNSEL OMNIBUS
>
> **Augustyn – Fee Petition**
>
> If JR&A is unable timely to pay the amount owed, JR&A shall inform Thurston no later than the 25th day of that month. In such circumstances, , if and when such fees are collected, Thurston will be ultimately entitled to 100% of all fees associated with his work for the legal services performed during the specific month in question.

(ECF #115, PageID: 1541-1552.)

TLO, by and through Robert Thurston, entered its Appearance on behalf of Plaintiff in this Court on November 30, 2021 in which it was represented "I appear in this case as counsel for: Plaintiff M.A." (ECF #27.) Subsequent filings were also submitted representing Plaintiff as TLO's client. (*See, e.g.*, ECF #28 Letter to Judge Wolfson on TLO letterhead "This office is co-counsel with John Rue & Associates for Plaintiff in the above-captioned matter;" ECF #33-1 Brief in support of Fee Petition co-signed by TLO as "Attorneys for Plaintiff;" ECF #43 Letter to Judge Goodman on TLO letterhead "As you are aware, my office represents Plaintiffs in the above-referenced matter;" *et al.*)

Contrary to Plaintiff's position it is not the contractual fee agreement that controls. The language of the Attorney Charging Lien statute does not even

require a fee agreement. It provides a lien for compensation for legal services provided to a client and attaches any award arising from the client's claim:

> the attorney or counsellor at law, who shall appear in the cause for the party instituting the action . . . shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come.

N.J.S.A. §2A:13-5. Indeed, there may be cases when there is no fee agreement or an agreement not to charge fees to a client, such as a *pro bono* case. *See Blanchard v. Bergeron*, 489 U.S. 87, 95, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party.")

In a fee-shifting case like IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a <u>prevailing party who is the parent of a child with a disability</u>." 20 U.S.C. §1415(i)(3)(B)(i)(I) (emphasis added.) In this case, the fee award goes to Plaintiff as prevailing party.[2] Pragmatically, the check is provided by the school district to Plaintiff's attorney who deposits the check in an attorney trust account and then the attorney

---

[2] Normally, the "Plaintiff" would be the parent(s) of a child with a disability, but because Micayla Augustyn reached the age of majority, she is the Plaintiff who is entitled to a fee award.

reimburses the client with the fee award in accordance with the attorney-client fee agreement plus any other obligations, *e.g.* costs. *See* RPC 1.15. However, TLO would not be the attorney receiving the check from Wall Twp Board of Education and therefore has no control over the distribution of those funds. This is contrary to the very purpose of the statute which is to "protect attorneys who do not have actual possession of assets against clients who may not pay for services rendered." *Martin v. Martin*, 762 A.2d 246, 252 (N.J. Super. Ct. App. Div. 2000).

This case is no different. TLO, as counsel for Plaintiff, is entitled to its portion of the fee award from this Court. Simply because TLO had the fee agreement with JRA and not the client does not render the New Jersey Attorney Charging Lien statute inapplicable. TLO appeared in the cause for Plaintiff and is entitled to a lien for compensation for the work performed under IDEA and which attaches to the fee award in Plaintiff's favor and the proceeds thereof in JRA's hands when they come.

## II. The Dispute Between JRA and TLO Does Not Affect this Court's Determination and Enforcement of the Attorney Charging Lien

This Court had jurisdiction over Plaintiff's IDEA claims, including a right to prevailing party fees. TLO's lien under the statute against the fee award by this Court is unaffected by any dispute between JRA and TLO. The express language of the statute is clear: "The court in which the action or other proceeding is

pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien." N.J.S.A. §2A:13-5. Indeed, this Court commented on the record during the August 24, 2026 hearing that any offsets or reductions of the amounts owed to TLO under the Of Counsel Agreement were not relevant to an attorney charging lien determination. This Court invited TLO to file the Petition in its August 25, 2026 Order: "**ORDERED** that TLO is granted leave to file a petition for an attorney's services lien (also referred to as a "charging lien") pursuant to the New Jersey Attorney's Lien Act of 1914, N.J.S.A. 2A:13-5 (amended 1952); *see also Burgess v. Walmart, Inc.*, Civ. No. 21-20029 (JBD), 2026 WL 1329707, at *2-3 (D.N.J. May 13, 2026)" (providing guidance on the procedures and legal considerations in filing a petition for attorney charging lien.)

Unrelated matters outside this case have zero impact on this Court's jurisdiction and authority under the attorney charging lien statute. Plaintiff's references thereto are superfluous. TLO has followed the procedures outlined in the statute, the Court Rule, and this Court's decision in *Burgess*.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the original Petition and all supporting papers, Petitioner Thurston Law Offices LLC respectfully requests that this Court determine and enforce an attorney charging lien in this case in its favor in an amount of **$46,475.00** against the August 10, 2026 fee award.

Dated: September 1, 2026

Respectfully submitted,

By: /s/ *Robert C. Thurston*
Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
54 Amelia Ct.
Williamstown, NJ 08094
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Petitioner Thurston Law Offices LLC*

# CERTIFICATE OF SERVICE

I, Robert C. Thurston, certify that I served all parties and counsel of record the foregoing document by causing the same to be sent via the ECF system for eFilers and via email or regular mail for non-eFilers on September 1, 2026:

Gabrielle Pettineo
Daniel Roberts
Kenney, Gross, Kovats & Parton
The Courts of Red Bank
130 Maple Avenue, Building 8
Red Bank, New Jersey 07701
gapettineo@kenneygross.com
droberts@kenneygross.com

*Attorneys for Defendant Wall Township Board of Education*

Krista Haley Rue
John Douglas Rue
John Rue & Associates, LLC
5 Lake Drive
Woodland Lake
Randolph, NJ 07869
krue@johnruelaw.com
john@johnruelaw.com

*Attorneys for Plaintiff*

/s/ *Robert C. Thurston*
Robert C. Thurston