**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICAYLA AUGUSTYN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218** |
| | ) | |
| **WALL TOWNSHIP BOARD OF EDUCATION,** | ) | **Magistrate: J. Brendan Day** |
| **Defendant.** | ) | |
| | ) | **Motion Date: Sept. 21, 2026** |
| | ) | |

**<u>THURSTON LAW OFFICES LLC'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES</u>**

NOW COMES Thurston Law Offices LLC ("TLO" or "Petitioner"),[1] by and through counsel, and for its Opposition to Plaintiff's Supplemental Application for Attorney's Fees (ECF #117) hereby states as follows:

[1] In the inserted text on this Court's Electronic Court Filing System, John Rue & Associates, LLC ("JRA") misstates the proper name of the corporate identity of TLO as "Thurston Law Office, LLC", which it has never been known by. This is a reoccurring error, which appears to be either intentional or incompetent.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................3
STATEMENT OF RELEVANT FACTS ........................................................4
LEGAL ARGUMENT ...................................................................................5
I. Judge Allen's Denial of Sanctions Against TLO in the *Nikolaeva Federal Case* Informs the Basis to Deny Plaintiff's Application for Fees Herein .............6
II. The *Zipes* Case ......................................................................................8
A. The Zipes case involved a motion to intervene in a civil rights class action by a successor flight attendants union....................................................9
B. The merits case at bar was brought under special education civil rights statutes.......................................................................................................10
C. TLO's motions were not filed in bad faith and were not frivolous, unreasonable, or without foundation ...........................................................11
D. Chilling effect on lawyers willing to take IDEA cases ..........................12
CONCLUSION ...........................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Holbrook v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004) ....................13
*Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) . *passim*
*Planned Parenthood v. AG*, 297 F.3d 253 (3d Cir. 2002) .........................................8
*Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436 (3rd Cir. 1988) ..........................................................................................13
*Teamsters* v. *United States,* 431 U. S. 324 (1977)...................................................12

## STATEMENT OF RELEVANT FACTS

1. Thurston Law Offices LLC ("TLO" or "Petitioner") filed a motion to intervene in the case captioned *Marina Nikolaeva, et al. v. Sparta Twp. Bd. of Educ., et al.*, U.S.D.C. D.NJ. Civil No. 2:21-cv-19977 ("*Nikolaeva Federal Case*") to preserve fees and costs owed to it under the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). That motion was heard and denied by U.S. Magistrate Judge Jessica Allen ("Judge Allen") in that case. (Certification of Robert C. Thurston, Esq.[2], ¶3.)

2. TLO attempted to appeal Judge Allen's decision to the U.S. Court of Appeals for the Third Circuit, but the appeal was denied on appellate jurisdiction grounds. (Cert. Thurston, ¶4.)

3. After obtaining an extension of time of the Administrative Termination Order ("ATO") in the *Nikolaeva Federal Case*, plaintiffs therein, by and through counsel John Rue & Associates, LLC and John D. Rue (collectively "JRA"), filed an "Application For Sanctions or IDEA Fee Shifting" against TLO for pursuing the motion to intervene and appeal. (Cert. Thurston, ¶5.)

4. On September 30, 2025, Judge Allen issued a Report and Recommendation in the *Nikolaeva Federal Case* on plaintiffs' application for

[2] Hereinafter "Cert. Thurston".

sanctions or IDEA fee shifting. The Report and Recommendation was adopted and entered as an Order by U.S. District Judge Susan D. Wigenton's on November 5, 2025. (Cert. Thurston, ¶6 and Exhibit A attached thereto.)

5. This Court entered an Order denying TLO's Motion to Intervene (ECF #109) and Motion for a Temporary Restraining Order and Preliminary Injunctive Relief (ECF #110) after briefing and oral argument held on August 24, 2026. (ECF #116.)

6. Plaintiff herein, by and through JRA, filed a "Supplemental Application For Attorneys' Fees" three (3) days after this Court's August 25, 2026 Order on the essentially same basis as the one filed in the *Nikolaeva Federal Case*. (ECF #117.)

## LEGAL ARGUMENT

Plaintiff, by and through JRA, has filed a "Supplemental Application For Attorneys' Fees", which is really a thinly-disguised motion for sanctions against TLO. JRA attempted a nearly identical litigation ploy on behalf of plaintiffs in the *Nikolaeva Federal Case*, but was unsuccessful. Just as this Court was guided by the ruling of Judge Allen denying TLO's motion to intervene in the *Nikolaeva Federal Case*, likewise should this Court apply the analysis of Judge Allen's denial of the motion for sanctions in that case and deny the current application by Plaintiff herein.

## I. Judge Allen's Denial of Sanctions Against TLO in the *Nikolaeva Federal Case* Informs the Basis to Deny Plaintiff's Application for Fees Herein

TLO faced a nearly identical "application for fees" in the *Nikolaeva Federal Case*. In denying plaintiffs' motion in that case, Judge Allen went through a careful analysis of the three bases upon which JRA sought sanctions, namely 28 U.S.C. §1927, the Court's inherent powers, and IDEA's prevailing parties provision. (*See* Cert. Thurston, ¶6, Exhibit A.) Judge Allen's conclusions of law were adopted and entered as an Order by U.S. District Judge Susan D. Wigenton. (*See* Cert. Thurston, ¶6, Exhibit A.)

Reviewing the standards for imposing fees under 28 U.S.C. §1927 and a Court's inherent authority, Judge Allen stated:

> An award of sanctions pursuant to Section 1927 is highly discretionary. *See, e.g.*, *Forde*, 790 F.3d at 347; *see also Olson v. Reynolds*, 484 Fed. Appx. 61, 64-65 (7th Cir. 2012); *Stephens v. Freeman-McCown*, 198 F.3d 247, 247(6th Cir. 1999). The same is true of an award of sanctions pursuant to this Court's inherent authority. *See Klein,* 185 F.3d at 109.

(*See* Cert. Thurston, ¶6, Exhibit A, p. 5.) Judge Allen found that sanctions against TLO for unsuccessfully pursuing a motion to intervene in the *Nikolaeva Federal Case* and an appeal were not warranted because (1) there was no showing that, while the "motion to intervene was not persuasive and was ultimately unsuccessful," Thurston's conduct was in bad faith; (2) that even if there was any evidence of bad faith, the Court would not exercise its discretion to impose

sanctions because "Thurston's conduct in filing a motion that was not successful and pursuing an appeal that was ultimately dismissed does not rise to the level of egregious conduct, even if dubious or self-motivated;" (3) while not conclusive in deciding the motion for sanctions, plaintiffs, JRA, or Rue never advised the Court that they intended to pursue sanctions under §1927; and (4) conduct in other cases had no bearing on whether sanctions would be appropriate in the case before the Court. (*See* Cert. Thurston, ¶6, Exhibit A, pp. 5-6.) Further, in a footnote, the Court also declined to award sanctions under its inherent authority because the necessary showing under §1927 was not met. (*See* Cert. Thurston, ¶6, Exhibit A, p. 6, *fn. 6*.)

Judge Allen went on to analyze whether an award of attorney's fees was appropriate under IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B). In denying this alternate theory of recovery, Judge Allen found that that theory lacked merit because TLO was not a defendant in the IDEA case. Judge Allen also rejected the applicability of the cases cited by plaintiffs (the same cases upon which the present application relies), stating that the cases are not IDEA cases and the parties therein "*successfully* intervened and took adversarial positions on the merits of the case" *citing Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 757 (1989) (Title VII case; intervention permitted)*; Planned*

*Parenthood v. AG*, 297 F.3d 253, 263 (3d Cir. 2002) (Section 1983 and 1988 case; intervention permitted). (*See* Cert. Thurston, ¶6, Exhibit A, pp. 6-7.)

This Court should apply the same analysis to the present application. There was no showing that the motion to intervene and motion for injunctive relief were filed in bad faith. TLO had the same motivation as in the *Nikolaeva Federal Case* to protect fees and costs owed to it. Likewise, the conduct in filing the motions does not rise to a level of 'egregious'. Indeed, this Court commented that TLO simply chose the wrong mechanism to accomplish its goal of preserving fees and invited TLO to file a petition for an attorney charging lien. (ECF #116.) Like in the *Nikolaeva Federal Case*, neither Plaintiff, JRA, nor Rue advised this Court prior to filing this application that it would seek fees or sanctions against TLO. Finally, any actions involving TLO outside this case do not bear on this Court's determination of whether sanctions are appropriate.

**II. The *Zipes* Case**

As with the prior motion for sanctions in the *Nikolaeva Federal Case*, Plaintiff's application relies in large part on the fee-shifting provision of the IDEA and the *Zipes* case referenced in Judge Allen's decision. Rather than providing a basis for Plaintiff to obtain attorney's fees from TLO, the *Zipes* case actually precludes such award against TLO. TLO is not a "wrongdoer[ ] [who should] make whole those whom they have injured," *Zipes,* 491 U.S. at 792, nor IDEA's

aim of a state or school district from violating special education laws. The context and holdings of the *Zipes* case are worth further discussion.

*A. The Zipes case involved a motion to intervene in a civil rights class action by a successor flight attendants union*

*Zipes* was a class action against TWA claiming that its policy of terminating flight attendants who became mothers constituted sex discrimination that violated Title VII of the Civil Rights Act of 1964. 491 U.S. at 755. The case was brought by the Air Line Stewards and Stewardesses Association (ALSSA). *Id.* at 755-56. Petitioner was the Independent Federal of Flight Attendants ("IFFA"), "which had replaced ALSSA as the collective-bargaining agent for TWA's flight attendants, sought permission to intervene in the lawsuit on behalf of incumbent flight attendants not affected by the challenged TWA policy and flight attendants hired since TWA's termination of respondents' employment," *id.* at 757, *i.e.* on the merits of the class action settlement.

The U.S. Supreme Court was reviewing the District Court's ruling that ALSSA's attorneys were entitled to fees under §706(k) of the Civil Rights Act of 1964 against intervenors IFFA who had not violated that Act or other federal laws. *Id.* at 755 and 758. Ultimately, the Court held that "district courts should similarly award Title VII attorney's fees against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." *Id.* at 761.

*B. The merits case at bar was brought under special education civil rights statutes*

The first parallel to the *Zipes* case is that the case at bar was filed as an appeal from a 2019 Order dismissing an administrative special education case. (*See* ECF #1.) Plaintiff herein cited several federal statutes on which she based her claims, namely IDEA, "the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Section 504"), 34 C.F.R. § 104 et seq., N.J.A.C. § 6A:14-1.1 *et seq.*, N.J.S.A. 18A:1-1 *et seq*." (ECF #1, ¶1.) These are all essentially civil rights cases for the education of a child with a disability.

The second parallel to *Zipes* is that, like IFFA, TLO was not a defendant or target of the claims raised in the Complaint, *i.e.* not a merits intervenor. (*Compare* ECF #1 and *Zipes*.) Indeed, TLO was counsel for Plaintiff for the period November 30, 2021 – June 19, 2023. (*See* ECF ##27 and 60.) Thus, as former counsel for Plaintiff and intervenor trying to protect its legal fees and costs incurred on behalf of Plaintiff, TLO is a "blameless intervenor . . . not essential to" the purpose "to vindicate the national policy against wrongful discrimination by encouraging victims to make the wrongdoers pay at law — assuring that the incentive to such suits will not be reduced by the prospect of attorney's fees that consume the recovery." *Id.* at 761. Unlike losing defendant school districts in IDEA cases

"who are held presumptively liable for attorney's fees, losing intervenors like [TLO] have not been found to have violated anyone's civil rights." *Id.* at 762.

TLO was not seeking to be a merits intervenor in this case. As the Court stated in *Zipes*:

> Our cases have emphasized the crucial connection between liability for violation of federal law and liability for attorney's fees under federal fee-shifting statutes. [Citing] *Kentucky* v. *Graham,* 473 U. S. 159 (1985) . . . at 165 ("[L]iability on the merits and responsibility for fees go hand in hand"); *id.,* at 168 ("[F]ee liability runs with merits liability"); *ibid.* ("Section 1988 simply does not create fee liability where merits liability is nonexistent"); *id.,* at 171 ("[F]ee and merits liability run together"). Cf. *Supreme Court of Virginia* v. *Consumers Union of United States, Inc.,* 446 U. S. 719, 738 (1980) (holding that § 1988 fees were not recoverable against defendants immune from merits liability). We have also distinguished between wrongdoers and the blameless in the related area of constraints upon district courts' discretion to fashion Title VII remedies. See, *e. g., Ford Motor Co.* v. *EEOC,* 458 U. S. 219, 239-240 (1982); *General Building Contractors Assn., Inc.* v. *Pennsylvania,* 458 U. S. 375, 399, 400 (1982).

*Ibid.* There is no connection between TLO's motions and liability on the merits for Plaintiff's special education claims against Defendant herein.

*C. TLO's motions were not filed in bad faith and were not frivolous, unreasonable, or without foundation*

As stated earlier, the standard for imposing prevailing parties attorney's fees against an unsuccessful intervenor is "<u>only where</u> the intervenors' action was frivolous, unreasonable, or without foundation." *Zipes,* 491 U.S. at 761. This Court did not find that TLO's motions to intervene and for injunctive relief were

either filed in bad faith or were frivolous, unreasonable, or without foundation as a prerequisite showing under *Zipes*. Indeed, the Court indicated that it understood the goal of TLO's actions, but that TLO had merely chosen the wrong mechanism to achieve that goal and in its Order invited TLO to file a petition for an attorney charging lien under the New Jersey statute. (*See* ECF #116.)

*D. Chilling effect on lawyers willing to take IDEA cases*

Finally, like the *Zipes* case, if attorney's fees were imposed against TLO herein (or any law firm seeking to protect its fees in a special education civil rights case), it would place a chilling effect on the legal community from taking such cases especially when the clients often cannot afford attorneys. The U.S. Supreme Court commented in *Zipes*: "An intervenor of the sort before us here is particularly welcome, since we have stressed the necessity of protecting, in Title VII litigation, 'the legitimate expectations of . . . employees innocent of any wrongdoing.'" 491 U.S. at 764 *citing Teamsters* v. *United States,* 431 U. S. 324, 372 (1977). Although intervention was the wrong vehicle, special education attorneys must not be discouraged from taking these cases fearing that they might ultimately have to pay attorney's fees to their former client.

This concept is especially true when viewed in light of the complexity of these cases and the legal skills necessary to prosecute them. The principles behind

the fee-shifting provisions in special education statutes are brilliantly articulated by U.S. District Judge Kessler in *Holbrook v. District of Columbia*:

> [U]nreasonable penny-pinching scrutiny such as [the school district] has engaged in here produces serious chilling effects on the availability of competent experienced attorneys to serve this clientele. This is extremely problematic for a number of reasons, not the least of which is that IDEA practice is highly specialized – - an attorney who does IDEA work must understand the intricacies and the realities of the practice in order to obtain effective relief for his or her client in terms of an appropriate, individualized, educational placement.
>
> [F]inally, IDEA lawyers are, in the vast majority of cases, small-firm or solo practitioners who have dedicated their professional lives to advancing the interest of disabled children, often at well-below market rates. Certainly, the [State Education Agency] should not discourage lawyers who do such important work by failing to pay them for their services in a timely fashion.

305 F. Supp. 2d 41, 48 (D.D.C. 2004) (emphasis added.) Special education lawyers, who "often at well-below market rates," *id.*, or may not charge at all, are still entitled to prevailing market rates for reimbursement of their fees. *See Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436, 1448 (3rd Cir. 1988) ("SPIRG").

## CONCLUSION

WHEREFORE, for the reasons stated herein and all of the supporting papers, Thurston Law Offices LLC respectfully requests that this Court deny Plaintiff's Supplemental Application for Attorney's Fees.

Dated: September 3, 2026

Respectfully submitted,

By: /s/ *Robert C. Thurston*

Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
54 Amelia Ct.
Williamstown, NJ 08094
856-335-5291
rthurston@schoolkidslawyer.com

*Attorneys for Thurston Law Offices LLC*

# CERTIFICATE OF SERVICE

I, Robert C. Thurston, certify that I served all parties and counsel of record the foregoing document by causing the same to be sent via the ECF system for eFilers and via email or regular mail for non-eFilers on September 3, 2026:

Gabrielle Pettineo
Daniel Roberts
Kenney, Gross, Kovats & Parton
The Courts of Red Bank
130 Maple Avenue, Building 8
Red Bank, New Jersey 07701
gapettineo@kenneygross.com
droberts@kenneygross.com

*Attorneys for Defendant Wall Township Board of Education*

Krista Haley Rue
John Douglas Rue
John Rue & Associates, LLC
5 Lake Drive
Woodland Lake
Randolph, NJ 07869
krue@johnruelaw.com
john@johnruelaw.com

*Attorneys for Plaintiff*

/s/ *Robert C. Thurston*
Robert C. Thurston