**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICAYLA AUGUSTYN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:20-cv-05218** |
| | ) | |
| | ) | |
| | ) | |
| **WALL TOWNSHIP BOARD OF** | ) | |
| **EDUCATION,** | ) | **Magistrate: J. Brendan Day** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**CERTIFICATION OF ROBERT C. THURSTON, ESQ.**

I, Robert C. Thurston, Esq., declare and certify as follows:

1. I am an attorney at law, admitted to practice law before this Court, and am counsel for proposed intervenor Thurston Law Offices LLC (“TLO”).

2. I make this declaration based on my own personal knowledge and am competent to testify to all of the facts contained herein if called upon to do so.

3. Thurston Law Offices LLC (“TLO”) filed a motion to intervene in the case captioned *Marina Nikolaeva, et al. v. Sparta Twp. Bd. of Educ., et al.*, U.S.D.C. D.NJ. Civil No. 2:21-cv-19977 (“*Nikolaeva Federal Case*”) to preserve fees and costs owed to it under the fee-shifting provision of the Individuals with Disabilities Education Act (“IDEA”). That motion was heard and denied by U.S. Magistrate Judge Jessica Allen (“Judge Allen”) in that case.

4. TLO attempted to appeal Judge Allen's decision to the U.S. Court of Appeals for the Third Circuit, but the appeal was denied on appellate jurisdiction grounds.

5. After obtaining an extension of time of the Administrative Termination Order ("ATO") in the *Nikolaeva Federal Case*, plaintiffs therein, by and through counsel John Rue & Associates, LLC and John D. Rue (collectively "JRA"), filed an "Application For Sanctions or IDEA Fee Shifting" against TLO for pursuing the motion to intervene and appeal.

6. On September 30, 2025, Judge Allen issued a Report and Recommendation in the *Nikolaeva Federal Case* on plaintiffs' application for sanctions or IDEA fee shifting. The Report and Recommendation was adopted and entered as an Order by U.S. District Judge Susan D. Wigenton's on November 5, 2025. (True and correct copies of Judge Allen's Report and Recommendation dated September 30, 2025 and Judge Wigenton's Order dated November 5, 2025 are attached hereto as Exhibit A.)

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 3, 2026

____________________________
Robert C. Thurston

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
973-645-2580

# REPORT AND RECOMMENDATION

September 30, 2025

**To: ALL COUNSEL VIA ECF**

**Re: Marina Nikolaeva, et al. v. Sparta Township Bd. of Education, et al.**
**Civil Action No. 21-19977 (SDW) (JSA)**

Dear Counsel:

Before the Court is Plaintiffs'[1] motion for sanctions against attorney Robert Thurston and the Law Offices of Robert Thurston LLC (collectively, "Thurston"), pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, or alternatively, for IDEA-based attorney's fees. (*See* ECF Nos. 161, 168). In turn, Thurston has filed opposition and a cross-motion to strike an exhibit annexed to Plaintiffs' motion. (*See* ECF Nos. 163, 165, 167).[2] Both motions were referred to the Undersigned by the Honorable Susan D. Wigenton, U.S.D.J. For the reasons set forth below, and for good cause shown, it is **RESPECTFULLY RECOMMENDED** that the motions be **DENIED**.

## I. RELEVANT BACKGROUND

Briefly, by way of background, this case stemmed from Plaintiffs' allegation that Defendant, the Sparta Township Board of Education ("BOE"), denied Plaintiff Andrew Danko services to which he was entitled pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. (the "IDEA"). (*See* ECF No. 1). On November 12, 2021, John Rue, Esq. ("Rue") of John Rue & Associates ("JRA"), filed the Complaint on Plaintiffs' behalf against the BOE and the New Jersey Department of Education ("NJDOE"). (ECF No. 1). Thurston filed a notice of appearance as co-counsel for Plaintiffs on December 21, 2021. (ECF No. 9). Thurston litigated the case on Plaintiffs' behalf through June 18, 2023. On or about June 19, 2023, Thurston was fired by JRA and withdrew as counsel, leaving Rue as counsel of record. (ECF No. 98; *see also* Certification of John Rue, Esq., ("Rue Cert.") ¶ 13, ECF No. 161-2; Certification of Robert

[1] Marina Nikolaeva and Andrew Danko.

[2] ECF Nos. 163 and 165 are duplicates. Thurston has asked that the Clerk terminate ECF No. 163. (*See* ECF No. 166).

C. Thurston, Esq., ¶¶ 8-10, ECF No. 111-2).

Fast forward to August 9, 2024. On that date, Thurston filed a motion to intervene in this case, pursuant to Federal Rule of Civil Procedure 24, seeking to protect his alleged interest in an attorney fee award that might be recovered. (*See* ECF No. 111). Plaintiffs opposed the motion. (ECF No. 117). Thurston filed a reply. (ECF No. 119).

On September 10, 2024, the Undersigned held oral argument, denying Thurston's motion to intervene. (ECF No. 124). The Court found that Thurston had not met the standard for intervention as of right or permissive intervention pursuant to Rule 24. (*See* ECF No. 125). However, the Court noted that Rue and Thurston were free to fight their collateral fight elsewhere:

> [T]he Thurston Law Firm can seek a breach of contract action or -- and/or an unjust enrichment action or anything related to any claims . . . arising out of the fee contract against the Rue Law Firm and/or Plaintiffs, if appropriate, in State Court.

(Transcript, dated September 10, 2024 ("Tr."), at 33:15-19; ECF No. 135) (cleaned up).

On September 22, 2024, Thurston appealed this Court's Order to the United States Court of Appeals for the Third Circuit. (*See* ECF No. 126). On December 5, 2024, the Third Circuit dismissed the appeal for lack of appellate jurisdiction and denied Thurston's motion to enjoin the District Court proceedings. (*See* ECF No. 139). On December 31, 2024, Thurston filed a Complaint against Rue, which is pending in this District and assigned to the Honorable Edward S. Kiel, U.S.D.J., and the Honorable Matthew J. Skahill, U.S.M.J.[3]

The parties settled Plaintiffs' IDEA claims on May 19, 2025, prompting the Court to issue an order administratively terminating the case for a 60-day period ("ATO"). (ECF No. 158). On July 17, 2025, one day before the sixty-day ATO period was set to expire, Plaintiffs sought an extension of the ATO deadline through September 16, 2025, so that payment could be made by the NJDOE and all claims could be dismissed at once. (*See* ECF No. 159). The extension request did not mention or reference any forthcoming motion for sanctions or fees. On July 18, 2025, the Undersigned granted Plaintiffs' request to extend the ATO deadline. (ECF No. 160). On July 21, 2025, three days after the extension request was granted, Plaintiffs filed, without notice, the current motion for sanctions or alternatively fees, which includes one hundred and forty-six (146) pages of briefing and exhibits. (*See* ECF No. 161). Thurston has filed opposition and a purported cross-motion to strike, pursuant to Rule 12(f). (ECF Nos. 165, 167). Plaintiffs filed opposition to Thurston's cross-motion and a reply in further support of their motion for sanctions or alternatively attorney's fees. (ECF No. 168).

Of note, following the completion of briefing, the parties did not seek a further extension of the September 16th ATO deadline. Rather, on September 17, 2025, the parties filed a Stipulation

[3] *Thurston Law Offices, LLC v. John D. Rue*, 24-11533 (ESK) (MJK) (the "*Thurston* case"). The Court takes judicial notice of this pending case and the contents of its filings. *See, e.g.*, *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

of Dismissal with prejudice as to Plaintiffs' claims only against the BOE ("Stipulation"). (ECF No. 172). The Stipulation curiously makes no reference to Plaintiffs' settled claims against the NJDOE. This omission, whether intentional or inadvertent, does not matter since Local Civil Rule 41.1(b) provides, in relevant part, that upon the failure of counsel to file a stipulation of dismissal, here as to Plaintiffs' claims against the NJDOE, the Court shall dismiss the entire action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* L. Civ. R. 41.1(b). Accordingly, this Court recommends that the District Judge dismiss the entire matter with prejudice and without costs.

The Court now turns to address the merits of the two pending motions.

## II. THE CURRENT MOTIONS

It is undisputed that Thurston and his firm were once co-counsel to Plaintiffs in this case via an "of counsel" relationship with JRA. (*See* Rue Cert., ¶¶ 7-11). That relationship has since dissolved, spawning accusations and collateral litigation between the two attorneys and firms. As the motion and cross-motion papers reveal, Rue and Thurston have cast civility aside and are embroiled in a bitter contractual dispute over attorney's fees.[4] The specific details of the parties' assorted contractual arrangements and the alleged breaches that are splayed throughout the papers are beyond the scope of the present motions.

The crux of Plaintiffs' argument is that Thurston should be sanctioned because he improvidently attempted to intervene in this case to preserve a claim for attorney's fees allegedly due under a contract with JRA and/or Rue and then frivolously appealed this Court's order denying that motion to the Third Circuit. (*See* ECF No. 161-1 at 2). They also contend that Thurston's sanctionable conduct includes breaches of several contracts with Rue; the filing of a petition for re-hearing *en banc* with the Third Circuit; and filing the *Thurston* case against Mr. Rue personally. (*Id.; see also* ECF No. 168 at 2-4, 6). According to Plaintiffs, Thurston's conduct was undertaken in bad faith and vexatiously multiped the proceedings, warranting an award of sanctions. Plaintiffs also contend that they are entitled to an award of fees against Thurston under the IDEA as a prevailing party. (*See id.* at 18-20). In total, Plaintiffs seek an award of $42,539.25, which they contend is supported by a lodestar analysis. (*See id.* at 32). According to Plaintiffs, they seek only costs associated with the filing of the current motion, and would, if necessary, submit supplemental certifications after the Court rules. (*See* ECF No. 168 at 13).

In opposition, Thurston contends that Plaintiffs' motion is "riddled with procedural errors, factual exaggerations, and legal misstatements," and that the standard justifying an award of sanctions has not been met. (ECF No. 167 at 5). Thurston contends that Plaintiffs' motion is procedurally defective for two key reasons. First, it is brought against a non-existent entity and a non-party to the case, and second, that it was only brought after Plaintiffs deceptively extended the ATO deadline in this case. On the merits, Thurston contends that his conduct does not warrant sanctions, as the motion to intervene was founded in "well-intentioned zeal or, at worst, misunderstanding or bad judgment," and that IDEA attorney's fees are not available, as Plaintiffs

[4] Their papers both here and in the *Thurston* case are replete with accusations and insults unbecoming of officers of the Court. (*See, e.g.*, ECF No. 167 at 16-19; ECF No. 168 at 5-8; *Thurston Case,* ECF No. 23-1 at 1).

Case 3:21-cv-05298-JSDW-DEA Document 122-1 Filed 09/03/25 Page 4 of 14 PageID: 1688

were not "prevailing parties" against Thurston under the IDEA. (*Id.* at 5-7).

Thurston also filed a cross-motion seeking to strike Exhibit D to Plaintiffs' motion, which is an email exchange initiated by Thurston to Rue, seeking to settle their dispute, contending consideration of the Exhibit (or any references to it) is barred by Federal Rule of Evidence 608. (*See* ECF Nos. 163, 165). However, putting aside the merits of that contention, this Court finds that the cross-motion was improperly filed pursuant to Local Civil Rule 7.1(h).

Local Rule 7.1(h) requires a cross-motion be filed "together with that party's opposition papers," and be presented in a "combined brief in opposition to the original motion and in support of the cross-motion." *Id.* Further, no reply briefs are permitted on cross-motions. *Id.* Here, Thurston filed separate briefs in opposition to Plaintiffs' motion for sanctions and in support of his cross-motion. (*See* ECF No. 165, 167). And he impermissibly filed a reply brief on his putative cross-motion. (*See* ECF No. 169). Thus, it is recommended that the cross-motion be denied on these procedural bases alone. *See, e.g.*, *DUSA Pharmaceuticals, Inc. v. River's Edge Pharmaceuticals, LLC*, 2007 WL 748448, at *1 (D.N.J. Mar. 7, 2007).

Nevertheless, even if the Court considered the substance of Thurston's cross-motion, the Court would still respectfully recommend that it be denied. First, Rule 12(f) allows a court to strike "from a *pleading*" impertinent or improper materials, *see* Fed. R. Civ. P. 12(f) (emphasis added). Rule 12(f) does not generally apply to requests to strike briefs, motions, or exhibits attached thereto. *See In re Amarin Corp. PLC Securities Litig.*, 2021 WL 1171669, at *6 (D.N.J. Mar. 29, 2021) (collecting cases); *In re Schering Plough Corp.*, 2009 WL 1410961, at *2 (D.N.J. May 19, 2009). Second, the Third Circuit has explained that [t]he application of [Rule 408] is limited to evidence concerning settlement or compromise of a claim," and that "the facts of each case bear upon the trial court's exercise of discretion to apply the exclusion." *Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 526, 528 (3d Cir.1995). Whatever Thurston's intent behind drafting the email appearing as Exhibit D, it does not bear on the settlement of Plaintiffs' IDEA affirmative claim as opposed to a collateral dispute between counsel over attorney's fees. Thus, the Court respectfully recommends that Thurston's cross-motion be **DENIED**.

## III. LEGAL STANDARDS

### A. Section 1927

28 U.S.C. § 1927 provides: "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* To violate Section 1927, an attorney must be found to have: "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008).

"Sanctions may not be imposed under Section 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal."

*Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009). Sanctions under Section 1927 should only be awarded "in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). "Once a finding of bad faith has been made, the appropriateness of assessing attorney's fees against counsel under Section 1927 is a matter for the district court's discretion." *Id.*

### B. Inherent Authority

"It is well-established that courts have the power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency, and to deter abuse of the judicial process." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 505 (3d Cir. 1991) (citation omitted); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and caution." *In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (quoting *Chambers*, 501 U.S. at 44).

The Third Circuit has "delineated the analytical progression a court must take in imposing sanctions under its inherent powers." *Computer Power Inc. v. Myers Nu/Art Electrical Prods. Inc.*, 2002 WL 84057, at *2 (D.N.J. Jan. 18, 2022) (citing *Republic of Philippines v. Westinghouse Electric Corporation*, 43 F.3d 65 (3d Cir.1994)). "First, the court must explain why the conduct in question warrants a sanction." *Id.* "Second, the court then must consider the range of available sanctions and explain why it has chosen any specific sanction from the range of identified alternatives." *Id.* "[A] court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995); *see also Klein v. Stahl GMBH & Co. Maschinefabrik,* 185 F.3d 98, 109 (3d Cir. 1999) ("When the Rules or pertinent statutes are up to the task, they should be used. When they are not, a trial court may turn to its inherent sanctioning power, but should exercise that power with caution.") (internal quotes and footnotes omitted).

## IV. ANALYSIS

An award of sanctions pursuant to Section 1927 is highly discretionary. *See, e.g.*, *Forde*, 790 F.3d at 347; *see also Olson v. Reynolds*, 484 Fed. Appx. 61, 64-65 (7th Cir. 2012); *Stephens v. Freeman-McCown*, 198 F.3d 247, 247(6th Cir. 1999). The same is true of an award of sanctions pursuant to this Court's inherent authority. *See Klein,* 185 F.3d at 109. Here, Plaintiffs rely heavily on Thurston's unsuccessful motion to intervene and subsequent appeal as a basis for sanctions. However, this Court does not find that sanctions are warranted in this case for several reasons.

**First**, Section 1927 requires Thurston's conduct to have been in bad faith. *See Grider,* 580 F.3d at 142. No such showing has been made. While Thurston's motion to intervene was not persuasive and was ultimately unsuccessful, it does not transform the motion into a bad faith application that sought to unreasonably multiply or vexatiously expand the proceedings. There is no binding authority that precluded Thurston's intervention motion, even if some district courts have refused this type of relief. *See, e.g.*, *Joy B. v. Freehold Reg'l School District*, 2021 WL 3773651 (D.N.J. Aug. 25, 2021). Likewise, the Court does not find that Thurston's unsuccessful appeal to the Third Circuit was pursued in bad faith. Although the appeal was dismissed, this

Court does not find that counsel's attempt to secure appellate review was done in bad faith.

**Second**, even if there was some indica of bad faith, the Court would exercise its discretion not to award sanctions pursuant to Section 1927. The imposition of Section 1927 sanctions is reserved for behavior "of an egregious nature . . . that is violative of recognized standards in the conduct of litigation." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 193 F.3d 781, 795 (3d Cir. 1999). Thurston's conduct in filing a motion that was not successful and pursuing an appeal that was ultimately dismissed does not rise to the level of egregious conduct, even if dubious or self-motivated.

**Third**, the Court can consider the history of the case in deciding whether to award sanctions. *See id.* Here, Plaintiffs did not pursue sanctions at the time Thurston filed the intervention motion. Rather, they waited for this Court to decide the motion, the appeal to be taken and resolved, and the case to settle before seeking sanctions. The delay is not meaningfully explained. Moreover, before filing the instant motion, Plaintiffs, Rue, or JRA failed to advise the Court in advance of their intention to pursue Section 1927 sanctions. Indeed, they did even not disclose this intention when the parties sought an extension of the ATO deadline in July of this year. While none of these events standing alone may conclusively decide the issue, the relevant procedural history of the case, taken as a whole, strongly suggests that sanctions are not warranted in this case.

**Fourth**, Plaintiffs' reference to Thurston's conduct involving Rue, JRA, and other cases does not bear on whether sanctions are appropriate in *this* case. (ECF No. 161-1 at 14-16; ECF No. 168 at 2-4, 6). In fact, Thurston's filing of a separate action to pursue any contractual or fee issues with JRA is precisely *what Plaintiffs suggested he should do* when they opposed the motion to intervene. (*See* ECF No. 118 at 4, 8). In other words, Plaintiffs cannot have it both ways—i.e., claiming that Thurston should not be permitted to intervene because he could file a separate case, but then arguing that filing a separate case is part of a pattern of Thurston's sanctionable conduct. (*See* ECF No. 168 at 6). Advancing such a sword and shield argument is improper. Further, in denying Thurston's intervention motion, this Court noted he had alternate remedies, such as filing a separate case in state court. *See, e.g.*, *Balestriere v. West Orange*, 2025 WL 1747130, at *3 (D.N.J. Mar. 27, 2025).[5] In short, the Court does not find Thurston's litigation conduct to be sanctionable.[6]

Finally, Plaintiffs' alternative request for attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3)(B), lacks merit. (*See* ECF No. 161-1 at 18). The IDEA provides district courts with the discretion to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). However, Thurston is not a defendant in the case. And Plaintiffs cite no supporting authority to warrant an award of attorney's

---

[5] The Court acknowledges that the *Thurston* case is filed against Rue individually and not JRA, but the propriety of that decision is not for this Court to consider.

[6] As the Court declines to recommend an award of sanctions pursuant to Section 1927, it likewise declines to recommend an award of sanctions pursuant to its inherent authority. As Section 1927 is available but does not support an award of sanctions, Plaintiffs cannot make the showing necessary for the Court to resort to its inherent authority. *See, e.g.*, *Martin*, 63 F.3d at 1265.

fees based on the circumstances present here—that is, fees against an unsuccessful intervenor and former counsel in an IDEA case brought against a school district or the state's Department of Education. Indeed, the authority Plaintiffs cite is wholly inapplicable, as those cases are not IDEA cases, and, in fact, involved parties that *successfully* intervened and took adversarial positions on the merits of the case. *See Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 757 (1989) (Title VII case; intervention permitted)*; Planned Parenthood v. AG*, 297 F.3d 253, 263 (3d Cir. 2002) (Section 1983 and 1988 case; intervention permitted). Accordingly, the alternative request for attorney's fees should be denied.

## V. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiffs' motion for sanctions, or alternatively attorney's fees, be **DENIED**. Likewise, it is respectfully recommended that Thurston's cross-motion to strike be **DENIED**.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Further, it is **ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion and Cross-Motion pending at Docket Entry Numbers 161, 163, & 165 and activate this Report and Recommendation for the District Court's review.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

Dated: September 30, 2025

cc: Hon. Susan D. Wigenton, U.S.D.J.

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARINA NIKOLAEVA and ANDREW DANKO,<br><br>Plaintiffs,<br><br>v.<br><br>SPARTA TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, and KEVIN DEHMER, Commissioner of Education, in her official capacity,<br><br>Defendants. | Civil Action No. 21-19977 (SDW) (JSA)<br><br>**ORDER**<br><br>November 5, 2025 |

**WIGENTON**, District Judge.

Before this Court is Magistrate Judge Jessica S. Allen's ("Judge Allen") Report and Recommendation (D.E. 175 ("R&R")), dated September 30, 2025, which recommends that this Court deny Plaintiffs' Motion for Sanctions against attorney Robert Thurston and the Law Offices of Robert Thurston LLC (collectively, "Thurston") (D.E. 161, 168), and Thurston's Cross-Motion to strike an exhibit annexed to Plaintiffs' motion (D.E. 163, 165, 167.) No objections to the R&R were filed. This Court has reviewed the reasons set forth by Judge Allen in her R&R and the record in this matter. Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that Judge Allen's R&R is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED.**

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Jessica S. Allen, U.S.M.J.